LITTLETON, JOYCE, UGHETTA, PARK & KELLY LLP
Wendy B. Shepps (WS-1207)
*Attorneys for Defendant Cohen & Slamowitz, LLP*
39 Broadway, 34th Floor
New York, New York 10006
(212) 404-5777

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

ERIKA SUQUILANDA,                                          :                                    :

                 Plaintiff,                           :

                             :

          - against -                               :

                             : **10-CV-05868 PKC**

                             :

COHEN & SLAMOWITZ, LLP, ENCORE CAPITAL   :
GROUP, INC., MRC RECEIVABLES CORPORATION and   :
MIDLAND CREDIT MANAGEMENT, INC.,           :
                 Defendant(s).                     :

-------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT COHEN & SLAMOWITZ, LLP'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER RULES 12(b)(6) and 12(c)

## TABLE OF AUTHORITIES

**Cases**                                                                                           **Page**

*Associated General Contractors of California, Inc. v. California State Council of Carpenters,*
459 U.S. 519, 526, 103 S. Ct. 897, 902 (1983)..............................................................................5

*Bell Atlantic Corp. v. Twombly* 127 S. Ct. 1955 at 1966 (2007) ...................................................6, 7

*Cohen v. Litt*, 906 F. Supp. 957, 961 (S.D.N.Y. 1995)....................................................................5

*Cohen v. Koenig*, 25 F.3d 1168, 1171-72 (2d Cir. 1994) ................................................................5

*Conley v. Gibson.* 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)...................................................5

*Davey v. Jones,* No. 1:06-CV-4206(DC), 2007 WL 1378428, at 2 (S.D.N.Y. May 11, 2007).......7

*Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010)......................................................9

*Fort Wayne Telsat v. Entertainment & Sports Programming Network*, 753 F. Supp. 109, 111
(S.D.N.Y. 1990)..............................................................................................................................5

*Gorman v. Consol. Edison Corp.,* 488 F.3d 586, 591–92 (2d Cir. 2007)........................................7

*Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir.2007) .........................................8

*Guttierez v. Givens,* 989 F. Supp 1033, 1038 (S.D. Cal. 1997)......................................................5

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.* 896 F. 2d 1542, 1555 (9th Cir. 1990)........6

*In re Bristol-Myers Squibb Sec. Litig.,* 312 F. Supp. 2d 549, 555 (S.D.N.Y. 2004) .......................6

*In re Colonial Mortg. Bankers Corp.,* 324 F.3d 12, 16 (1st Cir. 2003)............................................6

*In re NYSE Specialists Sec. Litig.,* 503 F.3d 89, 95 (2d Cir. 2007) ................................................7

*Kaufman & Broad-South Bay v. Unisys Corp.,* 822 F. Supp. 1468, 1472 (ND CA 1993)...............6

*Knievel v. ESPN* 393 F.3d 1068, 1076-1077 (9th Cir. 2005)..........................................................6

*Matusovsky v. Merrill Lynch,* 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002)......................................6

*McLain v. Gordon,* 2010 U.S. Dist. LEXIS 86794
(W.D. Washington, August 24, 2010) ........................................................................................9, 12

*Otor, S.A. v. Credit Lyonnais, S.A.*, No. 1:04-CV-6978(RO), 2006 WL 2613775, at 2
(S.D.N.Y. Sept. 11, 2006) ................................................................................................7

*Paulemon v. Tobin* 30 F.3d 307, 308-309 (2nd Cir. 1994) ...............................................6

*Rapoport v. Asia Elecs. Holding Co.*, 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000) ...........6

*Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008)......................................7

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ..........................6

*Starosta v. MBNA America Bank, N.A.*, 2007 U.S. App. LEXIS 16821
(11th Cir. July 12, 2007) .................................................................................................10

*Todd v. Capital One Financial Corp.*, 2007 U.S. Dist. LEXIS 82485 (W.D. Kentucky
November 5, 2007) ..........................................................................................................10

*Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115
(2d Cir. 2008)....................................................................................................................7

**Statutes**                                                                                          **Page**

15 U.S.C.
      §1692(e)(10) ....................................................................................3, 7, 8, 10
      §1692(e)(14) ................................................................................3, 7, 8, 10, 11
      §1692(e)(2)(A) ..................................................................................3, 7, 8, 11
      §1692(f)........................................................................................3, 7, 8, 10, 11

Federal Rules of Civil Procedure
      Rule 12(b)(6)...........................................................................................2, 5, 6 , 7, 8
      Rule 12(c).................................................................................................................2, 8

## PRELIMINARY STATEMENT

Defendant COHEN & SLAMOWITZ, LLP ("Cohen & Slamowitz"), respectfully submits this memorandum of law in support of its motion to dismiss plaintiff's Amended Complaint, dated November 4, 2010, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as the Complaint fails to state a claim upon which relief can be granted; in the alternative, defendant seeks judgment on the pleadings pursuant to FRCP 12(c).

## STATEMENT OF FACTS

Cohen & Slamowitz respectfully submits this Memorandum of Law, along with the accompanying Declaration of Wendy B. Shepps, dated November 22, 2010, and the Amended Summons and Complaint annexed thereto as Exhibit "A", in support of its motion to dismiss the action of plaintiff Erika Suquilanda, served and filed herein, in its entirety, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, for a judgment on the pleadings pursuant to Rule 12(c).

This matter stems from plaintiff's default on payment of a debt owed to Citibank Associates. According to the allegations set forth in the Complaint, the debt was purchased by co-defendants MRC Receivables Corporation and/or Midland Credit Management, Inc. Cohen & Slamowitz was referred the matter in an attempt to collect upon the debt owed. (See generally, Amended Complaint, Exhibit "A")

By correspondence dated April 1, 2010, plaintiff was sent a letter on the letterhead of Cohen & Slamowitz, offering to settle the debt with a "savings of 50% off". A copy of the letter dated April 1, 2010, is duplicated in the Complaint at ¶73. The letter also provided that the

settlement offer was "void if you are refinancing or selling your home or if we have restrained your bank account". (Exhibit "A", ¶73)  It is alleged that plaintiff contacted Cohen & Slamowitz to discuss settlement of her debt.  (Exhibit "A", ¶139)  Plaintiff's bank account, however, had already been restrained prior to the time she contacted Cohen & Slamowitz.  (Exhibit "A")  Correspondence from Cohen & Slamowitz, dated April 29, 2010, advised plaintiff that the account had been settled in full.  (Exhibit "I" to the Plaintiff's Amended Complaint)

The Fair Debt Collection Practices Act (FDCPA) regulates the collection of consumer debts, defined as those debts incurred primarily for personal, family, or household purposes. Plaintiff seeks damages from the respective defendants for violation of the FDCPA, 15 U.S.C.S. § 1692, specifically for violation of sections 1692e(10), (14), 1692e(2)(A) and 1692f.

Plaintiff alleges that the April 1, 2010 letter she received from Cohen & Slamowitz violated 15 U.S.C. 1692e(10) by misrepresenting that the creditor was "Midland Credit".  The letter dated April 29, 2010, subsequently received by plaintiff from Cohen & Slamowitz confirming settlement of the debt, identified the creditor as MRC Receivables Corp.  Plaintiff alleges that the reference to two different creditors, Midland and MRC, was materially deceptive and misleading and in violation of the FDCPA.

The account number, original creditor, Cohen & Slamowitz file number, and the Index Number referenced on both letters is identical.  It is not alleged by plaintiff that she had more than one debt for this amount, from the original creditor, which could have potentially caused her confusion. The naming of "Midland Credit" as the creditor, while allegedly incorrect, would not confuse the least sophisticated consumer, was not material and, therefore, is not actionable.

Plaintiff also alleges that Cohen & Slamowitz made a misleading settlement offer.  The April 1, 2010 letter received by plaintiff from Cohen & Slamowitz offered to settle the case. Prior to the deadline, plaintiff allegedly contacted Cohen & Slamowitz to discuss settlement, but was advised that the offer was void.  While a settlement offer was extended to the plaintiff, she did not meet the condition precedent to accept that offer as her bank account had already been restrained.  The settlement offer was no longer available to the plaintiff at the time she contacted Cohen & Slamowitz, pursuant to the correspondence dated April 1, 2010, the settlement offer was void because plaintiff's bank account had already been "restrained".  (Exhibit "A", ¶73)

Additionally, plaintiff alleges that Cohen & Slamowitz violated the FDCPA by utilizing a letterhead on the correspondence sent to the plaintiff which included the words "Law Firm of" above the name of the firm Cohen & Slamowitz, LLP.  Cohen & Slamowitz is a law firm.  Thus, the use of the words "Law Offices" in its letterhead does nothing more than correctly identify the firm.  Assuming, as alleged by plaintiff, that Cohen & Slamowitz's registered name is not Law Offices of Cohen & Slamowitz, LLP, the use of the words 'Law Offices' "is not false, deceptive, or misleading".  Even the least sophisticated consumer could not be misled or deceived by the inclusion of the words "Law Offices of" on Cohen & Slamowitz's letterhead when the letter was actually from a law firm.

Accordingly, it is respectfully submitted that plaintiff's action herein, for violation of the FDCPA, should be dismissed as a matter of law as against Cohen & Slamowitz in its entirety.

## STANDARD OF REVIEW

In judging the legal sufficiency of a complaint against a Rule 12(b)(6) challenge, the Court must accept all factual allegations in the complaint as true. *See Cohen v. Koenig*, 25 F.3d 1168, 1171-72 (2d Cir. 1994). The Court, however, need not accept the complaint's legal conclusions and unwarranted factual conclusions. *See Cohen v. Litt*, 906 F. Supp. 957, 961 (S.D.N.Y. 1995). To withstand a motion to dismiss, a complaint "must contain either direct or inferential allegations representing all the material elements necessary to sustain a recovery under some viable legal theory." *Fort Wayne Telsat v. Entertainment & Sports Programming Network*, 753 F. Supp. 109, 111 (S.D.N.Y. 1990)(citations omitted). Here, all of the causes of action alleged in plaintiff's complaint fail to meet the standards set forth above and, therefore, should be dismissed.

## A.     Applicable Legal Standards:

FRCP 12(b)(6) provides a procedural mechanism for a defendant to move to dismiss a complaint for failure to state a claim upon which relief can be granted, where plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Conley v. Gibson*. 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). In deciding whether to grant such a motion, the court should not assume the plaintiff can prove facts which it has failed to allege. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897, 902 (1983).

The Court need not accept plaintiff's conclusory allegations as true; rather, the Court must "examine whether conclusory allegations follow from the description of facts as alleged by plaintiff." *Guttierez v. Givens*, 989 F. Supp 1033, 1038 (S.D. Cal. 1997), *citations omitted*.

Similarly, the Court is "not required to accept as true allegations that are merely ... unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *citations omitted.*

Documents and materials submitted with the complaint may be considered as part of the complaint for purposes of an FRCP 12(b)(6) motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.* 896 F. 2d 1542, 1555 (9th Cir. 1990); *Paulemon v. Tobin* 30 F.3d 307, 308-309 (2nd Cir. 1994); *Kaufman & Broad-South Bay v. Unisys Corp.*, 822 F. Supp. 1468, 1472 (ND CA 1993); *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003).

Plaintiff's attachment of various documents to the complaint and their subsequent incorporation by reference permit the court to look beyond the pleadings without converting the FRCP 12(b)(6) motion into a motion for summary judgment. *Knievel v. ESPN* 393 F.3d 1068, 1076-1077 (9th Cir. 2005).

"The court need not accept as true an allegation that is contradicted by documents on which the complaint relies." *In re Bristol-Myers Squibb Sec. Litig.*, 312 F. Supp. 2d 549, 555 (S.D.N.Y. 2004); *see also Rapoport v. Asia Elecs. Holding Co.*, 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000) ("If these documents contradict the allegations of the amended complaint, the documents control."); *Matusovsky v. Merrill Lynch*, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002) ("If a plaintiff's allegations are contradicted by [a document attached to the complaint as an exhibit], those allegations are insufficient to defeat a [Rule 12(b)(6)] motion to dismiss.").

Ultimately, Plaintiff must show that its allegations "possess enough heft" to establish an entitlement to relief and, thereby, are sufficient to allow the costly process of litigation to continue. *Bell Atlantic Corp. v. Twombly* 127 S. Ct. 1955 at 1966 (2007).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). In considering a Rule 12(b)(6) motion to dismiss, the Court "'must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party.'" *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008) (quoting *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 591–92 (2d Cir. 2007)). However, the court may disregard a plaintiff's "legal conclusions, deductions or opinions couched as factual allegations." *See, e.g., In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (citation omitted). The Court is also not required to credit conclusory statements unsupported by factual allegations. *See, e.g., Otor, S.A. v. Credit Lyonnais, S.A.*, No. 1:04-CV-6978(RO), 2006 WL 2613775, at 2 (S.D.N.Y. Sept. 11, 2006); *see also Davey v. Jones*, No. 1:06-CV-4206(DC), 2007 WL 1378428, at 2 (S.D.N.Y. May 11, 2007) (citation omitted) ("[B]ald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations, and will not suffice to defeat a motion to dismiss.").

## ARGUMENT

Plaintiff claims that Defendant Cohen & Slamowitz violated several provisions of the FDCPA, 15 U.S.C. § 1692.  Plaintiff specifically alleges violation of 15 U.S.C. §§1692e(10), (14), e(2)(A) and 1692f.

Section 1692e prohibits the use by a debt collector of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e(10) bars

the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; Section 1692e(14) bars "the use of any business, company or organization name other than the true name of the debt collector's business, company or organization"; and Section 1692 e(2)(A) provides that it is a violation to make a "false representation of the character, amount of legal status of any debt".

Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." "The collection of any amount, unless such amount is expressly authorized by the agreement creating the debt or permitted by law" is a violation of § 1692f(1). Whether conduct violates §§ 1692e or 1692f requires an objective analysis that takes into account whether "the least sophisticated debtor would likely be misled by a communication." *See Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir.2007). 15 U.S.C. §1692(e)

Based upon the arguments and supporting case law set forth herein, it is respectfully submitted that plaintiff has failed to state a cause of action for violation of the FDCPA 15 U.S.C. 1692 and her Amended Complaint should be dismissed in its entirety as against defendant Cohen & Slamowitz as a matter of law pursuant to FRCP 12(b)(6) or in the alternative FRCP 12(c) for judgment on the pleadings.

## 15 U.S.C. §1692e(10)

Plaintiff alleges that the April 1, 2010 letter she received from Cohen & Slamowitz violated 15 U.S.C. 1692e(10) by misrepresenting that the creditor was "Midland Credit". (Exhibit "A", ¶113). A letter dated April 29, 2010, which was subsequently received by plaintiff

from Cohen & Slamowitz confirming settlement of the debt identified the creditor as MRC Receivables Corp. (Exhibit "A", ¶119).

In the matter of *McLain v. Gordon*, the identical allegations were asserted by plaintiff's counsel, Weisberg & Meyers, LLC. *McLain v. Gordon*, 2010 U.S. Dist. LEXIS 86794 (W.D. Washington, August 24, 2010). (Weisberg & Meyers is also representing the plaintiff in the instant action.) In *McLain*, plaintiff alleged that he was served with a Summons and Complaint which named MRC Receivables Corp. as the creditor. The parties agreed to a settlement and plaintiff received a written confirmation of the agreement. The written confirmation provided that the debt was owed to Midland Credit Management, Inc. *Id*.

In both the *McLain* action and the instant action, plaintiff's counsel argued that the "least sophisticated consumer" would have no way of determining which entity was the correct creditor.

Plaintiff in the instant action concedes that "The account information detailed by the April 1, 2010, letter matches exactly with that contained in the April 29, 2010 letter; except for the name of the creditor. The account number, original creditor, Cohen & Slamowitz File Number., and the Index Number referenced on both letters are identical. (Exhibit "A" ¶120). It is not alleged by plaintiff that she had more than one debt for this amount, from this original creditor which could have potentially caused her confusion.

As the Court in *McLain* held in dismissing the claim against the defendant debt collector, the naming of "Midland Credit" as the creditor, "while false, was not material and, therefore, not actionable". *Id*. The Court also concluded "that such an error would not likely confuse the least sophisticated consumer". *See also, Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010).

Accordingly, Cohen & Slamowitz respectfully submits that the plaintiff's Amended Complaint seeking damages based upon a violation of 15 U.S.C. §1692e(10) should be dismissed in its entirety as a matter of law.

## 15 U.S.C. §1692e(14) and 1692(f)

Plaintiff alleges that the April 1, 2010 letter she received from Cohen & Slamowitz violated 15 U.S.C. §1692(14). She alleges that the inclusion of the words "Law Offices" above Cohen & Slamowitz, LLP on the letterhead, was "materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense, when it did not". (Exhibit "A", ¶106)

Cohen & Slamowitz is, however, a law firm. Thus, the use of the words "Law Offices" in its letterhead does nothing more than correctly identify the firm. Assuming, as alleged by plaintiff, that Cohen & Slamowitz's registered name is not Law Offices of Cohen & Slamowitz, LLP, the use of the words 'Law Offices' "is not false, deceptive, or misleading". *Todd v. Capital One Financial Corp.*, 2007 U.S. Dist. LEXIS 82485 (W.D. Kentucky November 5, 2007), citing *Starosta v. MBNA America Bank, N.A.*, 2007 U.S. App. LEXIS 16821 (11th Cir. July 12, 2007).

"Even the least sophisticated consumer could not be misled or deceived by the inclusion" of the words Law Offices in Cohen & Slamowitz's letterhead "when the letter was indeed from a law firm". *Todd v. Capital One Financial Corp.*, 2007 U.S. Dist. LEXIS 82485 (W.D. Kentucky November 5, 2007)

Accordingly, Cohen & Slamowitz respectfully submits that the plaintiff's Amended Complaint seeking damages based upon a violation of 15 U.S.C. §1692e(14) should be dismissed in its entirety as a matter of law.

Plaintiff similarly argues that Cohen & Slamowitz violated 15 U.S.C. §1692f by using a "false name to reinforce the fact that C&S is technically a law firm even though not acting as one in any meaningful sense with respect to the April 1, 2010 letter". (Exhibit "A", ¶133)  Based on the arguments set forth herein with respect to the claimed violation of 15 U.S.C. §1692e(14) Cohen & Slamowitz respectfully submits that the plaintiff's Amended Complaint seeking damages based upon a violation of 15 U.S.C. §1692f should be dismissed in its entirety as a matter of law.

## 15 U.S.C. §1692e(2)(A)

Plaintiff alleges that Cohen & Slamowitz violated 15 U.S.C. §1692e(2)(A) by "falsely representing the character, amount or legal status of Plaintiff's alleged debt". (Exhibit "A", 137). It is alleged that plaintiff was provided with two conflicting statements of the amount of the alleged debt. (Exhibit "A", ¶138).  No further information or allegations are set forth with respect to this allegation as set forth in Count IV of the Amended Complaint. (Exhibit "A", ¶138)

Plaintiff also alleges that Cohen & Slamowitz made a misleading settlement offer. (Exhibit "A", ¶ 140)  The correspondence dated April 1, 2010 received by the plaintiff from Cohen & Slamowitz offered to settle the debt owed for the sum of $770.24 if that amount was paid before April 27, 2010. (Exhibit "A", ¶73)  The letter also provided that "this offer to settle

- 11 -

is void if you are refinancing or selling your house or if we have restrained your bank account".
(Exhibit "A", ¶73)  On the date plaintiff contacted Cohen & Slamowitz, her bank account had
already been restrained, thus voiding the settlement offer.

A settlement offer was extended to the plaintiff, but she did not meet the condition
precedent to accept that offer as her bank account had already been restrained.  The settlement
offer was not available to the plaintiff at the time she contacted Cohen & Slamowitz.  *McLain v.
Gordon*, 2010 U.S. Dist. LEXIS 86794 (W.D. Washington, August 24, 2010).

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court dismiss plaintiff's
Amended Complaint as against defendant Cohen & Slamowitz, LLP in its entirety and for such
other and further relief that this Court deems just and proper.

Dated: New York, New York
       November 22, 2010

Respectfully submitted,

WENDY B. SHEPPS  (WS1207)
LITTLETON JOYCE UGHETTA PARK & KELLY LLP
Attorneys for Defendant
COHEN & SLAMOWTIZ, LLP
39 Broadway, 34th Floor
New York, New York 10006
Tel:    (212) 404-5777
Fax:    (212) 232-0088