UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
ERIKA SUQUILANDA,
                                                    :
       Plaintiff,
                                                    :
     - against -                                  :
                                                    :
COHEN & SLAMOWITZ, LLP and
ENCORE CAPITAL GROUP, INC. and                      :
MRC RECEIVABLES CORPORATION and
MIDLAND CREDIT MANAGEMENT, INC.,                    :

       Defendants.                             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No. 10 Civ. 5868 (PKC)
ECF Case

**PLAINTIFF'S RESPONSE
IN OPPOSITION TO COHEN
& SLAMOWITZ, LLP'S
MOTION TO DISMISS
PLAINTIFF'S AMENDED
COMPLAINT**

Dennis R. Kurz
NY Bar No. 4570453
WEISBERG & MEYERS, LLC
80 Broad Street, 5th Floor
New York, NY 10004
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com
*Attorneys for Plaintiff*

I

# TABLE OF CONTENTS

TABLE OF CONTENTS ..........................................................................................II

TABLE OF AUTHORITIES ............................................................................... IV

I.      INTRODUCTION ..........................................................................................1

II.     STATEMENT OF RELEVANT FACTS ....................................................1

    A.    Nature of Action. ...................................................................................1

    B.    The Parties. ............................................................................................2

    C.    Debt Collection Correspondence. ........................................................2

III.    STANDARD ...................................................................................................4

IV.    THE FDCPA BROADLY PROHIBITS UNFAIR OR UNCONSCIONABLE COLLECTION METHODS, CONDUCT WHICH HARASSES, OPPRESSES OR ABUSES ANY DEBTOR, AND ANY FALSE, DECEPTIVE OR MISLEADING STATEMENTS, IN CONNECTION WITH THE COLLECTION OF A DEBT. .................5

V.     THE FDCPA MUST BE LIBERALLY CONSTRUED IN FAVOR OF CONSUMER-DEBTORS ...............................................................................6

VI.    PLAINTIFF IS A CONSUMER, THE SUBJECT OBLIGATION IS A DEBT, AND C&S IS A DEBT COLLECTOR, AS DEFINED BY THE FDCPA ...........7

    A.    Plaintiff Is A "Consumer" As Defined By The FDCPA. ...............................7

    B.    C&S Is A "Debt Collector" As Defined By The FDCPA. .............................7

    C.    Plaintiff's Alleged Obligation Is A "Debt" As Defined By The FDCPA. ......................8

VII.   PLAINTIFF PROPERLY PLEADED A CAUSE OF ACTION AGAINST C&S FOR VIOLATION OF THE FDCPA AT SECTION 1692e. ....................................8

    A.    C&S Violated The FDCPA At Section 1692e(10). ....................................9

        1.    C&S Falsely Represented "Midland Credit" As Plaintiff's Creditor. .........................9

        2.    A False Representation That A Debt Is Owed To A Creditor, When In Fact It Is Not, Amounts To A Misrepresentation Barred By The FDCPA. ..........10

        3.    C&S's April 1, 2010 Letter Must Be Evaluated In Accordance With The Least Sophisticated Consumer Standard. ..................12

        4.    C&S's April 1, 2010 Letter Must Be Construed Against The Backdrop Of The Ordinary Connotations And Implications Of Representations Made. ...............13

        5.    Literal Truths, Partial Truths, And Ambiguous Statements May Violate The Prohibition Of Misleading Statements Outlined By Section 1692e. ...................13

        6.    C&S's April 1, 2010 Letter Constitutes A Violation Of Section 1692e Even If C&S Did Not Intend The Falsity Of Its Representations. ...................14

    B.    C&S Violated The FDCPA At Section 1692e(14). ...................................14

1.   "Cohen & Slamowitz, LLP", The Name Under Which C&S Is Licensed To Do Business And Collect Debts, Is The Only Name Under Which It May Legally Attempt To Collect Debts In The State Of New York.................................................15

2.   C&S Does Not Use The Name "The Law Offices Of Cohen & Slamowitz, LLP" Even When Acting As A Law Firm. ...................................................................15

3.   C&S's Representation Of Itself As "The Law Offices Of Cohen & Slamowitz, LLP" Not Only False, But Deceptive And Misleading. ......................................16

   C.   C&S Violated The FDCPA At Section 1692e(2)(a)....................................17

**VIII.  PLAINTIFF PROPERLY PLEADED A CAUSE OF ACTION AGAINST C&S FOR VIOLATION OF THE FDCPA AT SECTION 1692f.** ................................17

**IX.   CONCLUSION**...........................................................................................22

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Law Offices of Stuckert & Yates,* 926 F. Supp. 521 (E.D. Pa. 1996) ............................19

*Avila v. Rubin,* 84 F. 3d 222, (7th Cir.1996) ...............................................................17, 19

*Baker v. G.C. Services Corp.*, 677 F. 2d 775 (9th Cir. 1982)...........................................................7

*Blarek v. Encore Receivable Mgmt., Inc*., 2007 WL 984096 (E.D. Wis. Mar.27, 2007) ............11

*Brown v. Law Offices of Butterfield, Joachim,* 2004 WL 1175819 (E.D. Pa. May 27, 2004) ......14

*Burchalewski v. Wolpoff & Abramson, LLP,* 2008 WL 4238933 (W.D. N.Y. 2008)......................13

*Clark v. Capital Credit & Collection Services, Inc*., 460 F. 3d 1162 (9th Cir. 2006) ...................7

*Clomon v Jackson,* 988 F2d 1314 (2d Cir. 1993) ...................................................... 7, 9, 13, 17

*Cox v. Hilco Receivables, L.L.C*., 2010 WL 4781304 (N.D. Tex. 2010).....................................12

*Edwards v. McCormick*, 136 F. Supp. 2d 795 (S.D. Ohio 2001) .................................................19

*FCC v. Standard Educ. Soc'y,* 302 U.S. 112 (1937)....................................................................14

*Fonte v. Bd. of Managers of Cont'l Towers Condo*., 848 F.2d 24 (2d Cir. 1988) .........................5

*Foresberg v. Fidelity Nat. Credit Services, Ltd.,* 2004 WL 3510771 (S.D. Cal. 2004)...............14

*Gearing v. Check Brokerage Corp.,* 233 F.3d 469 (7th Cir.2000) ...............................................15

*Global Network Communications, Inc. v. City of New York,* 458 F. 3d 150 (2d Cir. 2006)...........5

*Harrison v. NBD, Inc.,* 968 F. Supp. 837 (E.D. N.Y. 1997) .........................................................7

*Heintz v. Jenkins*, 514 U.S. 291 (1995)..........................................................................................7

*Hepsen v. J.C. Christensen and Associates, Inc*., 2009 WL 3064865 (M.D. Fla. 2009) ........11, 12

*Jeter v. Credit Bureau, Inc*., 760 F. 2d 1168 (11th Cir. 1985) ....................................................10

*Johnson v. Riddle,* 305 F. 3d 1107 (10th Cir. 2002) .....................................................................7

*Masuda v. Thomas Richards & Co.,* 759 F. Supp. 1456 (C.D. Cal. 1991) ..................................19

*McCartney v. First City Bank*, 970 F. 2d 45 (5th Cir. 1992).........................................................7

*Miller v. Payco-General American Credits, Inc.,* 943 F. 2d 482 (4th Cir.1991)..........................14

*Miller v. Upton, Cohen & Slamowitz*, 687 F. Supp. 2d 86, 95 (E.D.N.Y. 2009) .........................19

*Moore v. National Account Systems, Inc.,* 1991 WL 313896 (D. Conn. 1991) ...........................16

*Orenbuch v. N. Shore Health Sys., Inc.*, 250 F. Supp. 2d 145 (E.D. N.Y. 2003) .......................16

*Plummer v. Gordon,* 193 F. Supp. 2d 460 (D. Conn.2002) ............................................................7

*Rechert v. Nat'l Credit Sys., Inc.,* 531 F.3d 1002 (9th Cir. 2008)................................................15

*Ross v. Commercial Fin. Servs.,* 31 F. Supp. 2d 1077 (N.D. Ill. 1999) .......................................7

*Russell v. Equifax A.R.S.,* 74 F. 3d 30 (2d Cir. 1996) ..................................................................15

*Security Pac. Nat'l Bank v. Resolution Tr. Corp*., 63 F. 3d 900 (9th Cir.1995)..........................15

*McMillan v. Collection Professionals Inc*., 455 F. 3d 754 (7th Cir. 2006)............................14, 19

*Simeon Management Corp. v. FTC*., 579 F. 2d 1137 (9th Cir. 1998)...........................................15

*Sprinkle v. SB&C Ltd*., 472 F. Supp. 2d 1235 (W.D. Wash. 2006) ..............................................7

*Swanson v. Southern Oregon Credit Service, Inc*., 869 F. 2d 1222 (9th Cir. 1988)....................13

*United States v. National Financial Services, Inc*., 98 F. 3d 131 (4th Cir. 1996) .......................14

*Uyeda v. J.A. Cambece Law Office, P.C*., 2005 WL 1168421 (N.D. Cal. 2005) .........................14

**Statutes**

15 U.S.C §1601.............................................................................................................................7

15 U.S.C §1692a(3) ......................................................................................................................7

15 U.S.C §1692a(5) ......................................................................................................................9

15 U.S.C §1692a(6) ......................................................................................................................8

15 U.S.C. § 1692(a) ......................................................................................................................6

15 U.S.C. § 1692(b) ......................................................................................................................6

15 U.S.C. § 1692(e) ...................................................................................................6
15 U.S.C. § 1692d .......................................................................................................6
15 U.S.C. § 1692e .....................................................................................................13
15 U.S.C. § 1692e(10) ..............................................................................................10
15 U.S.C. § 1692e(14) ..............................................................................................16
15 U.S.C. § 1692f ........................................................................................................7
15 U.S.C. §1692e .......................................................................................................9
15 U.S.C. §1692k ........................................................................................................6

**Other Authorities**

FTC Official Staff Commentary § 807 .....................................................................10
S. Rep. No. 382, 95th Cong .....................................................................................10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| ERIKA SUQUILANDA, | : |  |
| Plaintiff, | : |  |
| - against - | : | No. 10 Civ. 5868 (PKC) |
|  |  | ECF Case |
| COHEN & SLAMOWITZ, LLP and | : | **PLAINTIFF'S RESPONSE** |
| ENCORE CAPITAL GROUP, INC. and | : | **IN OPPOSITION TO COHEN** |
| MRC RECEIVABLES CORPORATION and | : | **& SLAMOWITZ, LLP'S** |
| MIDLAND CREDIT MANAGEMENT, INC., | : | **MOTION TO DISMISS** |
|  |  | **PLAINTIFF'S AMENDED** |
| Defendants. | : | **COMPLAINT** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff, Erika Suquilanda ("Plaintiff"), hereby submits her response in opposition to Coehn & Slamowitz, LLP's motion to dismiss Plaintiff's amended complaint.  In support thereof, Plaintiff states as follows:

I.    **INTRODUCTION.**

Plaintiff has stated claims against Cohen & Slamowitz, LLP for violating multiple provisions of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  At length, in her twenty-seven page First Amended Class Action Complaint, the specific facts are set forth.  In detail, Plaintiff states how the  law, as applied to the facts, gives rise to each legal claim.  The law, based on the facts alleged, supports Plaintiff's claims.  Cohen & Slamowitz, LLP's motion should be denied.

II.   **STATEMENT OF RELEVANT FACTS.**

A.    **Nature of Action**.

On November 8, 2010 Plaintiff filed her first amended class action complaint against

Cohen & Slamowitz, LLP, Encore Capital Group, Inc. ("Encore"), MRC Receivables Corporation ("MRC"), and Midland Credit Management, Inc. ("MCM"), alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. (Document 18).

**B.      The Parties.**

Encore  is a publicly traded Delaware corporation which at all relevant times was engaged in the business of purchasing and collecting delinquent debts originally owed to third parties.  (Document 18 at ¶¶ 6-7).  MRC is Delaware corporation engaged in the business of taking title to and collection delinquent debts originally owed to third parties that are purchased by Encore.  (Document 18 at ¶¶ 6-7).  MCM is a Kansas corporation engaged in the business of collecting delinquent debts originally owed to third parties that are purchased by Encore. (Document 18 at ¶ 13-14).  Cohen & Slamowitz, LLP ("C&S"),  is a New York limited liability partnership is in the business of collecting delinquent debts originally owed to third parties that are purchased by Encore. (Document 18 at ¶¶ 16-17).

**C.      Debt Collection Correspondence.**

On or about April 1, 2010, C&S printed and mailed, or caused to be printed and mailed, a letter to Plaintiff in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due an original creditor other than Defendants, and which Defendants acquired after such obligation or alleged obligation was charged-off or was in default.  (Document 18 at ¶ 72).  The April 1, 2010 letter is set forth below for ease of reference. It reads:

P.O. BOX 9012
WOODBURY, NY 11797-9012          15003

NDRC1624440HC_J.TAX_104728.TXT

**Law Offices of
Cohen & Slamowitz, LLP**

(516) 686-8950
(866) 542-8950
Fax (516) 908-7993

April 01, 2010

51*23444-01****AUTO**5-DIGIT 10459
Erika Suquilanda
1084 E 165th St Apt 1B
Bronx, NY 10459-2531

TAX SEASON SPECIAL DISCOUNT

Original Creditor: Citibank/Associates
Creditor: Midland Credit
Account: 5419310594916642
C&S File No. C152448
Index No: 61353/05
Balance Due As Of April 01, 2010: $1,540.48

Dear Erika Suquilanda:

Tax season is here, and hopefully you will be receiving a big refund check. Our firm is pleased to offer you a **savings of 50% off** on the outstanding balance owed on this account. Your balance due is currently $1,540.48; however, our client will accept the reduced sum of **$770.24** if you pay this amount on or before April 27, 2010.  Upon receipt and clearance of your payment, your account will be deemed settled in full by our client.

Payments should be forwarded directly to this office with the payment stub below. Our office accepts Western Union, Monygram, Mastercard, Visa, Discover Card and checks via telephone, or visit our website at WWW.CSLAWLLP.COM to make a payment online.

We urge you to take advantage of this special opportunity to settle your account for pennies on the dollar. Kindly note that this offer to settle is void if you are refinancing or selling your house or if we have restrained your bank account.

Very Truly Yours,

Cohen & Slamowitz, LLP

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Please detach and return this portion with your payment

| Credit Card Used For Payment |
| --- |
| ☐ Visa    ☐ MasterCard    ☐ Discover |

| Card Number | | Amount |
| --- | --- | --- |
| Signature | | Exp. Date |

Original Creditor: Citibank/Associates
Creditor: Midland Credit
Account: 5419310594916642
C&S File No. C152448
Index No: 61353/05

Erika Suquilanda
1084 E 165th St Apt 1B
Bronx, NY 10459-2531

COHEN & SLAMOWITZ, LLP
P.O. BOX 9001
WOODBURY, NY 14797-9001

TAX SEASON SPECIAL DISCOUNT

**DUE DATE:** April 27, 2010

**CURRENT BALANCE:** $1,540.48
**TAX TIME SAVINGS:** $770.24
**REDUCED BALANCE:** $770.24
(if paid by due date)

AMOUNT ENCLOSED $_____.____

(Document 18 at ¶ 73).

### III.   STANDARD.

When considering a motion to dismiss brought under Rule 12(b)(6), a court must accept factual allegations in the complaint as true, and must draw all inferences in favor of the non-moving party.  A complaint may not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Global Network Communications, Inc. v. City of New York*, 458 F. 3d 150, 154 (2d Cir. 2006) (internal citation and quotation omitted).

When addressing a Rule 12(b)(6) motion, the court may not consider evidence proffered by the moving party or its opponent.  Rather, the court is limited to reviewing the four corners of the complaint.[1]  If matters outside the pleadings are presented to, and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.  In such a case, all parties shall be given a reasonable opportunity to present all material pertinent.

As indicated by the word "shall," the conversion of a Rule 12(b)(6) motion into one for summary judgment under Rule 56, where a court considers matters outside the pleadings, is strictly enforced and mandatory.  *Id.* at 154.  Factual allegations contained in legal briefs or memoranda are treated as matters outside the pleading for purposes of Rule 12(b).  *Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F. 2d 24, 25 (2d Cir. 1988).

---

[1] In deciding a motion under Rules 12(b)(6) or 12(c), "[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation but rather to establish the fact of such litigation and related filings."  *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir.

**IV.  THE FDCPA BROADLY PROHIBITS UNFAIR OR UNCONSCIONABLE COLLECTION METHODS, CONDUCT WHICH HARASSES, OPPRESSES OR ABUSES ANY DEBTOR, AND ANY FALSE, DECEPTIVE OR MISLEADING STATEMENTS, IN CONNECTION WITH THE COLLECTION OF A DEBT.**

The FDCPA is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties.  *See* 15 U.S.C. § 1692 *et seq*.  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights.  15 U.S.C. § 1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics, both generally and in a specific list of disapproved practices.

In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. § 1692(a).  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers.  15 U.S.C. § 1692(b).  The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).

Accordingly, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action.  The substantive heart of the FDCPA lies in three broad prohibitions.  First, a "debt collector may not engage in any conduct

the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  Simply, designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt.  *Heintz v. Jenkins*, 514 U.S. 291 (1995); *McCartney v. First City Bank*, 970 F. 2d 45 (5th Cir. 1992); *Baker v. G.C. Services Corp.*, 677 F. 2d 775 (9th Cir. 1982).

## V.     THE FDCPA MUST BE LIBERALLY CONSTRUED IN FAVOR OF CONSUMER-DEBTORS.

The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor.  *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006).  The remedial nature of the FDCPA requires that courts interpret it liberally.  *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006).  "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer."  *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002); *see e.g. Plummer v. Gordon,* 193 F. Supp. 2d 460, 463 (D. Conn.2002); *Ross v. Commercial Fin. Servs.,* 31 F. Supp. 2d 1077, 1079 (N.D. Ill. 1999); *Harrison v. NBD, Inc.,* 968 F. Supp. 837 (E.D. N.Y. 1997).

## VI.   PLAINTIFF IS A CONSUMER, THE SUBJECT OBLIGATION IS A DEBT, AND C&S IS A DEBT COLLECTOR, AS DEFINED BY THE FDCPA.

### A.   Plaintiff Is A "Consumer" As Defined By The FDCPA.

"Consumer" is defined by the FDCPA as "any natural person obligated or alleged to be obligated to repay a debt." 15 U.S.C §1692a(3). In the instant matter, C&S attempted to collect from Plaintiff a debt allegedly owed a third party creditor. (Document 18 at ¶¶68-75). Plaintiff incurred the debt alleged due a third party creditor primarily for personal, family, or household services. (Document 1 at ¶70). Plaintiff is therefore a person obligated, or alleged to be obligated, to repay a debt, and as such constitutes a "consumer" as defined by the FDCPA.

### B.   C&S Is A "Debt Collector" As Defined By The FDCPA.

"Debt collectors" are defined by the FDCPA as "any person who uses any instrumentality of interstate commerce in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C §1692a(6). For reason that instrumentalities of interstate commerce include telephone and the mails, virtually all commercial collection activities fall within the realm of the FDCPA. The United States Supreme Court stated that "[t]he Act's definition of the term 'debt collector' includes a person 'who regularly collects or attempts to collect, directly or indirectly, debt owed [to] … another.'" *Heintz v. Jenkins*, 514 U.S. at 293.

C&S is in the business of collecting delinquent debts originally owed to third parties that are purchased by Encore, titled in the names of MRC or other Encore subsidiaries, and placed with MCM for collection. (Document 18 at ¶17). C&S uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or

asserted to be owed or due another.  (Document 18 at ¶69).  C&S printed and mailed, or caused to be printed and mailed, a letter a letter to Plaintiff in and effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due an original creditor other than Defendants and which Defendants acquired after such obligation or alleged obligation was charged-off or was in default.  (Document 18 at ¶72).

Accordingly, and because C&S attempted to collect a debt allegedly owed another by utilizing instrumentalities of interstate commerce, *i.e.* telephone calls and mailings, C&S, for purposes of this matter, is a "debt collector" as defined by the FDCPA.

### C.    Plaintiff's Alleged Obligation Is A "Debt" As Defined By The FDCPA.

"Debt" is defined by the FDCPA as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  15 U.S.C §1692a(5). In the instant matter, the subject debt that Defendant attempted to collect from Plaintiff was that of an alleged amount owed a third party creditor, which was utilized for purchasing personal, family, or household goods and services.  (Document 18 at ¶¶68-71).

## VII.   PLAINTIFF PROPERLY PLEADED A CAUSE OF ACTION AGAINST C&S FOR VIOLATION OF THE FDCPA AT SECTION 1692e.

The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. §1692e.  The sixteen subsections of section 1692e provide a non-exhaustive list of practices that fall within such prohibited conduct.

A debt collection practice may violate the FDCPA even if it does not fall within specific conduct enumerated by the FDCPA.  *Clomon v. Jackson,* 988 F. 2d at 1318.  Congress,

recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a general standard affording courts the ability to proscribe conduct not specifically addressed in section 1692e.  One Senate Report reads:

> [T]his bill prohibits in general terms any harassing unfair or deceptive collection practice.  This will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed.

S. Rep. No. 382, 95th Cong. at 4; *see also* FTC Official Staff Commentary § 807.

Section 1692e borrows the legal concept of deception from the Federal Trade Commission Act ("FTC Act").  15 U.S.C. § 45; *Jeter v. Credit Bureau, Inc.*, 760 F. 2d 1168 (11th Cir. 1985).  Because the FDCPA expressly recognized the inadequacy of existing laws – including the FTC Act – to protect consumers, the idea of deception encompassed by section 1692e was intended to be more protective of consumers than the law in place at the time the FDCPA was enacted.  *See Id.*

### A.    C&S Violated The FDCPA At Section 1692e(10).

The FDCPA provides at section 1692e(10):

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *    *    *
> The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer

15 U.S.C. § 1692e(10).

### 1.    C&S Falsely Represented "Midland Credit" As Plaintiff's Creditor.

On or about April 1, 2010, C&S printed and mailed, or caused to be printed and mailed, a letter to Plaintiff in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due an original creditor other than Defendants, and which

Defendants acquired after such obligation or alleged obligation was charged-off or was in default.  (Document 18 at ¶ 72).

The April 1, 2010 letter falsely represents "Midland Credit" as Plaintiff's creditor. (Document 18 at ¶ 113).  "Midland Credit" was not at any time relevant Plaintiff's creditor. (Document 18 at ¶ 118).  In fact, MRC Receivables Corporation – as opposed to Midland Credit Management, Inc. – admits that it purchased the debt owed by Plaintiff.  (Document 18 at ¶ 113). At no point did legal title to Plaintiff's debt transfer from MRC Receivables Corporation to Midland Credit Management, Inc.  (Document 18 at ¶ 117).

By falsely representing its debt collector client, "Midland Credit," as Plaintiff's creditor, C&S violated the FDCPA at section 1692e(10).  *See Hepsen v. J.C. Christensen and Associates, Inc.*, 2009 WL 3064865 (M.D. Fla. 2009) ("By using the name of its client in the demand letter, rather than LVNV as the creditor on Hepsen's account, Christensen violated § 1692e(10).").

### 2.    A False Representation That A Debt Is Owed To A Creditor, When In Fact It Is Not, Amounts To A Misrepresentation Barred By The FDCPA.

Falsely representing the name of a creditor constitutes an actionable violation under section 1692e(10).  The United States District Court for the Easter District of Wisconsin recently held:

> A clearly false representation of the creditor's name may constitute a 'false representation to collect or attempt to collect any debt or to obtain information concerning a consumer' under section 1692e(10).  Imposing liability based on a statement incorrectly identifying the name of a creditor comports with the purposes of the FDCPA.

*Blarek v. Encore Receivable Mgmt., Inc.*, No. 06-C-0420, 2007 WL 984096, at *15 (E.D. Wis. Mar.27, 2007).[2]

---

[2] The *Blarek* Court would later certify the plaintiff's FDCPA claims for class treatment pursuant to Rule 23(b)(3). *Blarek v. Encore Receivable Management, Inc.*, 244 F.R.D. 525 (E.D. Wis. August 08, 2007).

Subsequently, the United States District Court for the Southern District of Florida opined:

> Although liability for a false statement may not lie if to impose liability would create absurd consequences, the case at hand does not fit into this exception.  Imposing liability for stating the incorrect name of the creditor would not lead to patently absurd consequences or thwart the purposes of the FDCPA.
>
> Indeed, stating the name of the creditor to whom the debt is owed is one of the requirements of a validation letter.  As stated above, 15 U.S.C. § 1692g(a) expressly requires the debt collector to state the name of the creditor to whom the debt is owed.  Thus, unlike the situation in *Robbins*, to impose liability based on a statement incorrectly identifying the name of the creditor would not contravene the purposes of the statute.  A clearly false representation of the creditor's name could constitute a "false representation . . . to collect or attempt to collect any debt or to obtain information concerning a consumer" under § 1692e, and imposing liability therefore would comport with the purposes of the FDCPA.

*Hepsen v. J.C. Christensen and Associates, Inc*. 2009 WL 3064865, *5-6 (M.D. Fla. 2009).

In like fashion, and not more than three (3) weeks ago, the United States District Court for the Northern District of Texas announced:

> Defendants do not dispute that the April 8, 2009 letter from Central to Cox represents that the deficiency due on the Contract is owed to Hilco.  Nor do Defendants challenge Cox's assertion that . . . Cox's debt is not owed to Hilco.
>
> *   *   *
>
> By its express terms, § 1692e(2), which prohibits the false representation of the character, amount, or legal status of any debt, bars such a representation. Improperly identifying oneself as the owner of a debt is certainly a misrepresentation of that debt's legal status. *See Evans v. Midland Funding LLC*, 574 F.Supp.2d 808, 814 (S.D. Ohio 2008) (denying judgment on the pleadings for the defendant on a claim that an attempt to collect a nonexistent debt violated § 1692e(2) and (10)). Along the same lines, a letter falsely stating that Hilco is owed Cox's debt, sent in order to collect on that debt, clearly qualifies as the use of a false representation or deceptive means to collect or attempt to collect any debt in violation of § 1692e(10). *See id.*

*Cox v. Hilco Receivables, L.L.C*., 2010 WL 4781304, *5 (N.D. Tex. 2010).

As well, the United States District Court for the Western District of New York denied a defendant's Rule 12(b)(6) motion to dismiss a claim quite similar to Plaintiff's, noting that the plaintiff has stated a claim for misrepresentation of the creditor's name under section 1692e(10). *Burchalewski v. Wolpoff & Abramson, LLP,* 2008 WL 4238933 at *1 (W.D. N.Y. 2008) ("Plaintiff alleges that Wolpoff violated the FDCPA by suing Plaintiff on behalf of the May Department Stores Company, despite the fact that Federated had acquired the debt from May. . . . Construing the facts in Plaintiff's favor, this may constitute a violation of 15 U.S.C. § 1692e which prohibits the use of a 'misleading representation or means in connection with the collection of any debt.'").

### 3.   C&S's April 1, 2010 Letter Must Be Evaluated In Accordance With The Least Sophisticated Consumer Standard.

The least sophisticated consumer standard applies to an allegation that a debt collector violated section 1692e.

> Otherwise, a debt collector could couch threatened action in language that misleads some debtors as to what the debt collector could legally do. Allowing such "misleading" threats would run counter to the plain language of section 1692e. ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."). . . . Therefore, we evaluate the threatened conduct in the second notice under the least sophisticated debtor standard. Although this standard is objective, the standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor.

*Swanson v. Southern Oregon Credit Service, Inc.*, 869 F. 2d 1222, 1227 (9th Cir. 1988).

"[T]he FDCPA protects all consumers, the gullible as well as the shrewd . . . the ignorant, the unthinking and the credulous."  *Clomon v. Jackson,* 988 F.2d 1314, 1318-19 (2d Cir.1993).

> The fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced. There is no duty resting upon a

12

citizen to suspect the honesty of those with whom he transacts business. Laws are made to protect the trusting as well as the suspicious.

*Id*. (*quoting FCC v. Standard Educ. Soc'y,* 302 U.S. 112, 116 (1937)).

**4.  C&S's April 1, 2010 Letter Must Be Construed Against The Backdrop Of The Ordinary Connotations And Implications Of Representations Made.**

The test for deception under section 1692e is the "the capacity of the statement to mislead; evidence of actual deception is unnecessary." *United States v. National Financial Services, Inc.*, 98 F. 3d 131 (4th Cir. 1996) (refusing "adopt a hyper-literal approach which ignores the ordinary connotations and implications of language as it is used in the real world"). "There are numerous and ingenious ways of circumventing [the FDCPA] under a cover of technical compliance. [The defendant] has devised one such way, and we think that to uphold it would strip the statute of its meaning." *Miller v. Payco-General American Credits, Inc.,* 943 F. 2d 482 (4th Cir.1991). "[E]ven equivocal language can constitute an impermissible threat under the § 1692e." *Uyeda v. J.A. Cambece Law Office, P.C.,* 2005 WL 1168421, at *4 (N.D. Cal. 2005); *see also Brown v. Law Offices of Butterfield, Joachim,* 2004 WL 1175819 (E.D. Pa. May 27, 2004) (rejecting the defendant's "qualified language" defense, and granting summary judgment for the consumer-debtor).

**5.  Literal Truths, Partial Truths, And Ambiguous Statements May Violate The Prohibition Of Misleading Statements Outlined By Section 1692e.**

Literally true statements, partial truths, and ambiguous statements are deceptive if the statement is subject to an interpretation or contains an implication with the capacity to deceive. *See McMillan v. Collection Professionals Inc.,* 455 F. 3d 754, 758 (7th Cir. 2006) ("in some cases 'the literal truth may convey a misleading impression that violates § 1692e'"); *Foresberg v. Fidelity Nat. Credit Services, Ltd.,* 2004 WL 3510771, *5 (S.D. Cal. 2004) ("Even '[l]iterally

true statements, partial truths, and ambiguous statements are deceptive if the statement is subject to an interpretation or contains an implication with the capacity to deceive. Good Faith is not a defense'."); *Rosa v. Gaynor,* 784 F. Supp. 1, *12 (D. Conn. 1989) ("'[A] statement which is literally true may, nonetheless, be unlawfully deceptive.'"). The failure to disclose information is deceptive if necessary qualifications are not made, material information is omitted, or the disclosures made are too inconspicuous. *See Simeon Management Corp. v. FTC.*, 579 F. 2d 1137 (9th Cir. 1998).

### 6. C&S's April 1, 2010 Letter Constitutes A Violation Of Section 1692e Even If C&S Did Not Intend The Falsity Of Its Representations.

The FDCPA is a strict liability statute that "makes debt collectors liable for violations that are not knowing or intentional." *Reichert v. Nat'l Credit Sys., Inc.,* 531 F.3d 1002, 1005 (9th Cir. 2008). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996).

Section 1692e applies "even when a false representation was unintentional." *Clark v. Capital Credit & Collection Services, Inc*., 460 F. 3d at 1175-1176 (quoting *Gearing v. Check Brokerage Corp.,* 233 F.3d 469, 472 (7th Cir.2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA). Requiring a violation of section 1692e to be knowing or intentional needlessly renders superfluous section 1692k(c). *Security Pac. Nat'l Bank v. Resolution Tr. Corp.,* 63 F. 3d 900, 904 (9th Cir.1995).

### B. C&S Violated The FDCPA At Section 1692e(14).

The FDCPA provides at section 1692e(14):

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*       \*       \*

The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

15 U.S.C. § 1692e(14).

> 1.   **"Cohen & Slamowitz, LLP", The Name Under Which C&S Is Licensed To Do Business And Collect Debts, Is The Only Name Under Which It May Legally Attempt To Collect Debts In The State Of New York.**

The name under which a debt collector is licensed to do business is the debt collector's "true name" for purposes of the FDCPA.  *Moore v. National Account Systems, Inc.*, 1991 WL 313896, \*1, (D. Conn. 1991) (holding that the name under which a debt collector is licensed to do business is the debt collector's "true name" for purposes of the FDCPA), *accord Orenbuch v. N. Shore Health Sys., Inc.*, 250 F. Supp. 2d 145, 152 (E.D. N.Y. 2003).

C&S is registered by the New York State Department of State, Division of Corporations, under the name "Cohen & Slamowitz, LLP."  (Document 18 at ¶102).  No fictitious names are registered.   (Document 18 at ¶102).  C&S is registered and licensed as a debt collection agency by the New York City Department of Consumer Affairs under the name "Cohen & Slamowitz, LLP" (License #1160860).  (Document 18 at ¶103).  C&S's true name is "Cohen & Slamowitz, LLP" – its name is not "Law Offices Cohen & Slamowitz, LLP."  (Document 18 at ¶105).

> 2.   **C&S Does Not Use The Name "The Law Offices Of Cohen & Slamowitz, LLP" Even When Acting As A Law Firm.**

Plaintiff respectfully requests that judicial notice be taken of the fact that Cohen & Slamowitz, LLP uses its  true legal name[3] when acting as law firm in the meaningful sense;

---

[3] *See e.g. Midland Funding LLC d/b/a Midland Funding of Delaware LLC, v. Hess*., Sup Ct, Westchester  County, Dec. 31, 2008, No. 2009-0502, 2009 WL 6786856.  *See also Midland Funding LLC  d/b/a in New York Midland*

including by entering appearances in the County and Supreme Courts of New York State. In contrast, Cohen & Slamowitz, LLP, prominently uses the false name "Law Offices of Cohen & Slamowitz, LLP" in the communications that it directs at the consumers from whom it seeks to collect alleged debts.

### 3.     C&S's Representation Of Itself As "Law Offices Of Cohen & Slamowitz, LLP" Is Not Only False, But Deceptive And Misleading.

C&S's April 1, 2010, letter identifies Cohen & Slamowitz, LLP, as "Law Offices of Cohen & Slamowitz, LLP." (Document 18 at ¶ 104). Although C&S may technically be a law firm, it was not acting in the capacity of a law firm with respect to the April 1, 2010, letter. (Document 18 at ¶106). "MCM retained Cohen & Slamowitz for the purpose of collection the plaintiff's debt." (Document 21-5 at 3). The inclusion of "Law Offices" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense, when it did not. (Document 18 at ¶ 106).

The Seventh Circuit, articulating a lawyer's ability to "strike fear in the heart of the consumer" and "to get the debtor's knees knocking," explained: "An unsophisticated consumer, getting a letter from an 'attorney,' knows the price of poker has just gone up." *Avila v. Rubin*, 84 F. 3d 222, 229 (7th Cir.1996). Similarly, the Third Circuit noted in *Crossley v. Lieberman*: "Abuses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice." 868 F. 2d 566, 570 (3d Cir.1989).

"In *Miller* and *Clomon,* [the Second Circuit] established that a letter sent on law firm letterhead, *standing alone,* does represent a level of attorney involvement to the debtor receiving

---

*Funding of Delaware LLC, , v. Ray et al,* Sup Ct, Westchester  County, May 18, 2009, No. 09-11834, 2009 WL 6826799.

the letter." *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 364 (2d Cir. 2005) (emphasis in original).

If C&S desires to take advantage of the additional leverage provided by the use of a law firm's name in connection with purely debt-collection related activities, it is free to do so under the law of the Second Circuit – so long as its letters, through the use of disclaimers or otherwise, do not give the least sophisticated consumer the impression that they are from an attorney or law firm in the practical sense. *See Clomon v Jackson*, 988 F2d 1314, 1320 (2d Cir. 1993).

**C.    C&S Violated The FDCPA At Section 1692e(2)(a).**

Cohen & Slamowitz, LLP, violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.  (Document 18 at ¶ 104).  C&S provided Plaintiff with two conflicting statements of the amount of the alleged debt.  (Document 18 at ¶ 104).  It was represented to Plaintiff's bank that Plaintiff owed $1,127.80.  At approximately the same time, Cohen & Slamowitz sent a letter to Plaintiff alleging that she owed a total of $1,540.48.  Both cannot be true.  (Document 18 at ¶ 74-75).

C&S represented a debt-settlement offer to Plaintiff that Plaintiff was told she could accept at any time prior to April 27, 2010.  Before the offer period had lapsed, Plaintiff called C&S and was informed that the offer was void.  The period had not lapsed.  (Document 18 at ¶ 139).  C&S's offer was misleading in that C&S took action during the offer period that was wholly inconsistent with the nature of the offer as a settlement of Plaintiff's alleged debt. (Document 18 at ¶ 140).

**VIII.  PLAINTIFF PROPERLY PLEADED A CAUSE OF ACTION AGAINST C&S FOR VIOLATION OF THE FDCPA AT SECTION 1692f.**

The FDCPA at section 1692f provides in part: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  The FDCPA defines neither the

term "unconscionable," nor "unfair." The FDCPA does, however, broadly enumerate several practices considered contrary to its stated purpose, forbidding such action both generally and in a specific list of disapproved practices. Particular to "unfair or unconscionable means" the FDCPA lists eight specific violations "without limiting the general application" of the statute. 15. U.S.C. § 1692f. As the section 1692f of the FDCPA explicitly states, the listing of the eight specific violations was not intended to limit the applicability of the general prohibition of "unfair or unconscionable" behavior. *See McMillan v. Collection Professionals Inc.*, 455 F. 3d 754 (7th Cir. 2006).

Section 1692f "serves a backstop function, catching those "unfair practices" which somehow manage to slip by sections 1692d & 1692e." *Edwards v. McCormick*, 136 F. Supp. 2d 795 (S.D. Ohio 2001). Section 1692f "allows the court to sanction improper conduct that the FDCPA fails to address specifically." *Adams v. Law Offices of Stuckert & Yates,* 926 F. Supp. 521, 528 (E.D. Pa. 1996) (citing *Masuda v. Thomas Richards & Co.,* 759 F. Supp. 1456, 1461 n. 10 (C.D. Cal. 1991)).

C&S engaged in the collection of consumer debts under a technically false name. Rather than utilize the name under which it is registered to do business and collect debts in New York State, C&S used an unregistered fictitious name which, "*standing alone*," does represent a level of attorney involvement to the debtor receiving the letter." *See Greco*, 412 F.3d at 364 (2d Cir. 2005) (emphasis in original).

"An unsophisticated consumer, getting a letter from an 'attorney,' knows the price of poker has just gone up. And that clearly is the reason why the ... [collection process] escalates from the collection agency, which might not strike fear in the consumer, to the attorney, who is

better positioned to get the debtor's knees knocking." *Miller v. Upton, Cohen & Slamowitz*, 687 F. Supp. 2d 86, 95 (E.D.N.Y. 2009) (*citing Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir.1996)).

It is unfair to the least sophisticated consumer for Cohen & Slamowitz, LLP to use of the false name "Law Offices of Cohen & Slamowitz, LLP".  It is unconscionable in that C&S uses its false name to collect debts, and its true name to practice law.

## IX.   CONCLUSION.

As set forth in her First Amended Class Action Complaint, and explained herein, Plaintiff has properly stated claims upon which relief can be granted.  Accordingly, Plaintiff respectfully requests that this court deny Cohen & Slamowitz, LLP's Motion to Dismiss.  In the alternative, Plaintiff requests that this court grant Plaintiff leave to amend her complaint.

Dated: December 10, 2010, and respectfully submitted,

> s/ Dennis R. Kurz
> Dennis R. Kurz
> NY Bar No. 4570453
> WEISBERG & MEYERS, LLC
> 80 Broad Street, 5th Floor
> New York, NY 10004
> (888) 595-9111 ext. 412
> (866) 842-3303 (fax)
> dkurz@attorneysforconsumers.com
> *Attorneys for Plaintiff*