LITTLETON, JOYCE, UGHETTA, PARK & KELLY LLP
Wendy B. Shepps (WS-1207)
*Attorneys for Defendant Cohen & Slamowitz, LLP*
39 Broadway, 34th Floor
New York, New York 10006
(212) 404-5777

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ERIKA SUQUILANDA,
                Plaintiff,

      - against -

                                  **10-CV-05868 PKC**

COHEN & SLAMOWITZ, LLP, ENCORE CAPITAL
GROUP, INC., MRC RECEIVABLES CORPORATION and
MIDLAND CREDIT MANAGEMENT, INC.,
                Defendant(s).
-------------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT COHEN & SLAMOWITZ, LLP'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
<u>FOR FAILURE TO STATE A CLAIM UNDER RULES 12(b)(6) and 12(c)</u>**

# **TABLE OF AUTHORITIES**

**Cases**                                           **Page**

*Blarek v. Encore Receivables Management, Inc.*, 2007 U.S. Dist. LEXIS 22549
(E.D. Wisc. 2007) ...................................................................................................3

*Burchalewski v. Wolpoff & Abramson, LLP*, 2008 U.S. Dist. LEXIS 73625
(W.D. N.Y. 2008) ...................................................................................................3

*Chalik v. Westport Recovery Corp.*, 677 F.Supp.2d 1322, 1330 (S.D. Fla. 2009).........................6

*Clomon v. Jackson*, 988 F. 2d 1314 (2d Cir. 1993) .......................................................................6

*Cox v. Hilco Receivables, LLC*, 2010 U.S. Dist. LEXIS 124605 (N.D. Texas 2010) ...............3, 6

*Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010).....................................................4

*Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d. 643, 667 (S.D.N.Y. 2006) .........................6

*Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360 (2d Cir. 2005).......................................6

*Hepsen v. Christensen and Assoc.*, 2009 U.S. Dist. LEXIS 92717 (M.D. Fla. 2009).....................3

*McLain v. Gordon*, 2010 U.S. Dist. LEXIS 86794
(W.D. Washington, August 24, 2010) .................................................................4, 8

*Moore v. National Account Systems, Inc.*, 1991 U.S. Dist. LEXIS 18137, (D. Conn. 1991).........5

*Rawling v. Creditor's Discount & Audit Co.*, Civil No. N-89-601 (JAC), slip op. at 4
(D. Conn. October 25, 1991) ..................................................................................5

*Starosta v. MBNA America Bank, N.A.*, 2007 U.S. App. LEXIS 16821
(11th Cir. July 12, 2007).........................................................................................6

*Todd v. Capital One Financial Corp.*, 2007 U.S. Dist. LEXIS 82485 (W.D. Kentucky
November 5, 2007) ..............................................................................................5, 6

**Statutes**                                                                                           **Page**

15 U.S.C.
- §1692(e)(10) ............................................................................................2, 3, 4
- §1692(e)(14) ............................................................................................2, 5, 6, 7
- §1692(e)(2)(A) .........................................................................................2, 7
- §1692(f) ....................................................................................................2, 6, 7

Federal Rules of Civil Procedure
- Rule 12(b)(6) ............................................................................................2, 3, 7, 8
- Rule 12(c) .................................................................................................2, 3, 8

## PRELIMINARY STATEMENT

Defendant COHEN & SLAMOWITZ, LLP ("Cohen & Slamowitz"), respectfully submits this Reply Memorandum of Law in further support of its motion to dismiss plaintiff's Amended Complaint, dated November 4, 2010, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as the Complaint fails to state a claim upon which relief can be granted; in the alternative, defendant seeks judgment on the pleadings pursuant to FRCP 12(c).

## REPLY ARGUMENT

With the exception of a few paragraphs, plaintiff's opposition papers could have been submitted in opposition to any motion to dismiss any FDCPA case. Plaintiff's opposition papers fail to address any of the arguments or case law cited in defendant's moving papers. As is set forth in detail herein, the case law cited in plaintiff's opposition papers is irrelevant and, it is respectfully submitted, should be disregarded by this Court in ruling upon defendant's motion to dismiss. The case law cited in defendant's moving papers is directly on point and supports the dismissal of the instant action against defendant Cohen & Slamowitz.

Plaintiff claims that Defendant Cohen & Slamowitz violated several provisions of the FDCPA, 15 U.S.C. § 1692. Plaintiff specifically alleges violation of 15 U.S.C. §§1692e(10), (14), e(2)(A) and 1692f.

Based upon the arguments and supporting case law set forth herein and in the moving papers, it is respectfully submitted that plaintiff has failed to state a cause of action for violation of the FDCPA 15 U.S.C. §1692 and her Amended Complaint should be dismissed in its entirety

as against defendant Cohen & Slamowitz as a matter of law pursuant to FRCP 12(b)(6) or in the alternative FRCP 12(c) for judgment on the pleadings.

### 15 U.S.C. §1692e(10)

Plaintiff alleges that the April 1, 2010 letter she received from Cohen & Slamowitz violated 15 U.S.C. §1692e(10) by misrepresenting that the creditor was "Midland Credit". (Exhibit "A", ¶113). In opposing defendant's motion to dismiss, plaintiff cites to various cases in which the original creditor is improperly identified or the current creditor could not properly pursue the claim. (*See*, *Cox v. Hilco Receivables, LLC*, 2010 U.S. Dist. LEXIS 124605 (N.D. Texas 2010) (collection letter seeking to recover a debt owed to Hilco was in violation of FDCPA as Hilco lacked a license to hold the debt); *Hepsen v. Christensen and Assoc.*, 2009 U.S. Dist. LEXIS 92717 (M.D. Fla. 2009) (debt collector incorrectly referenced its client Resurgent as the creditor in its dunning letter, when the actual creditor was LVNV); *Burchalewski v. Wolpoff & Abramson, LLP*, 2008 U.S. Dist. LEXIS 73625 (W.D. N.Y. 2008) (defendant commenced suit on behalf of May Department Stores which no longer existed; the debt had been acquired by Federated); *Blarek v. Encore Receivables Management, Inc.*, 2007 U.S. Dist. LEXIS 22549 (E.D. Wisc. 2007) (debt collector named a bank which no longer existed as the time the collection letter was sent).[1] The cases cited in plaintiff's opposition papers are irrelevant to the allegations in the instant action.

---

[1] In opposing defendant's motion to dismiss, plaintiff cites to the Amended Complaint and admissions purportedly made on behalf of Cohen & Slamowitz. While, it is conceded that for the purpose of ruling upon the instant motion to dismiss, the Court must accept factual allegations in the Complaint as true, no such actual admissions were made by or on behalf of Cohen & Slamowitz as plaintiff purports by referencing the Complaint in her opposition to defendant's motion to dismiss.

There is no dispute in the instant action, that the April 1, 2010 correspondence received by plaintiff identified the correct original creditor, Citibank/Associates and plaintiff's correct account number with Citibank. Accordingly, the case law cited in plaintiff's opposition papers is irrelevant and should be disregarded by this Court in ruling upon defendant's motion to dismiss.

Further, as plaintiff alleges in the instant action at ¶9 of her Amended Complaint, "MRC Receivables Corporation and Midland Credit Management, Inc. are under common control and ownership. Both are owned and controlled by Encore." (Complaint ¶9). They are related companies.

As the Court in *McLain* held in dismissing the claim against the defendant debt collector, the naming of "Midland Credit" as the creditor, "while false, was not material and, therefore, not actionable". *McLain v. Gordon*, 2010 U.S. Dist. LEXIS 86794 (W.D. Washington, August 24, 2010). The Court also concluded "that such an error would not likely confuse the least sophisticated consumer". *See also, Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010).

Plaintiff failed to distinguish the case law on this issue cited in defendant's moving papers, *McLain v. Gordon*, in which the identical allegations were asserted by plaintiff's counsel, Weisberg & Meyers, LLC. (Weisberg & Meyers is also representing the plaintiff in the instant action.)

Accordingly, Cohen & Slamowitz respectfully submits that the plaintiff's Amended Complaint seeking damages based upon a violation of 15 U.S.C. §1692e(10) should be dismissed in its entirety as a matter of law.

## **15 U.S.C. §1692e(14)**

Plaintiff alleges that the April 1, 2010 letter she received from Cohen & Slamowitz violated 15 U.S.C. §1692(14) by the inclusion of the words "Law Offices" above Cohen & Slamowitz, LLP on the letterhead. (Exhibit "A", ¶106)

Again, plaintiff has chosen to ignore the case law cited in the moving papers in favor of citing irrelevant, distinguishable and non-binding case law.

The case of *Moore v. National Account Systems, Inc.*, 1991 U.S. Dist. LEXIS 18137, (D. Conn. 1991), cited in plaintiff's opposition papers, involves application of Connecticut's licensing law. The Court in *Moore* referenced a "recent decision in *Rawling v. Creditor's Discount & Audit Co.*, Civil No. N-89-601 (JAC), slip op. at 4 (D. Conn. October 25, 1991), which held that a debt collector's *bona fide* use of a trade name does not violate §1692e(14). If licensed to conduct business in Connecticut, then the decision seems to indicate that the entity must utilize its licensed name.

The subject letter was sent by New York based Cohen & Slamowitz, to the plaintiff who resides in New York. Accordingly, the *Moore* decision, involving the Connecticut licensing statute is irrelevant to the analysis of the instant motion to dismiss.

There is nothing misleading about a debt collector using the name by which it is known to the public. The home page of the Cohen & Slamowitz website also utilizes the name Law Offices of Cohen & Slamowitz. Cohen & Slamowitz is a law firm. The use of the words "Law Offices" in its letterhead or on the internet, does nothing more than correctly identify the firm. The use of the words 'Law Offices' "is not false, deceptive, or misleading". *Todd v. Capital One*

*Financial Corp.*, 2007 U.S. Dist. LEXIS 82485 (W.D. Kentucky November 5, 2007), citing *Starosta v. MBNA America Bank, N.A.*, 2007 U.S. App. LEXIS 16821 (11th Cir. July 12, 2007).

"Even the least sophisticated consumer could not be misled or deceived by the inclusion" of the words Law Offices in Cohen & Slamowitz's letterhead "when the letter was indeed from a law firm". *Todd v. Capital One Financial Corp.*, 2007 U.S. Dist. LEXIS 82485 (W.D. Kentucky November 5, 2007).

The subject letter is not signed by an attorney, accordingly, plaintiff's reference to *Clomon v. Jackson*, 988 F. 2d 1314 (2d Cir. 1993) and *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360 (2d Cir. 2005) is irrelevant and, it is respectfully submitted, should be disregarded by this Court in ruling upon defendant's motion to dismiss.

Accordingly, Cohen & Slamowitz respectfully submits that the plaintiff's Amended Complaint seeking damages based upon a violation of 15 U.S.C. §1692e(14) should be dismissed in its entirety as a matter of law.

## 15 U.S.C. § 1692(f)

Plaintiff argues that Cohen & Slamowitz violated 15 U.S.C. §1692f by using a "false name to reinforce the fact that C&S is technically a law firm even though not acting as one in any meaningful sense with respect to the April 1, 2010 letter". (Exhibit "A", ¶133)

"A claim of violation of §1692f is deficient if it does not identify any misconduct beyond that which plaintiff asserts violates other provisions of the FDCPA". *See, Cox v. Hilco Receivables, LLC*, 2010 U.S. Dist. LEXIS 124605 (N.D. Tex. 2010), citing *Chalik v. Westport Recovery Corp.*, 677 F.Supp.2d 1322, 1330 (S.D. Fla. 2009), citing *Foti v. NCO Financial*

- 6 -