*Systems, Inc.*, 424 F.Supp.2d. 643, 667 (S.D.N.Y. 2006). As in *Cox*, plaintiff's Complaint in the instant action is "devoid of any specific allegations" as to how the Cohen & Slamowitz letter "amounts to the use of unfair or unconscionable means of collecting a debt". *Id.* Plaintiff's allegation of the use of the law firm letterhead is asserted throughout the complaint. Plaintiff fails to assert any alleged misconduct by Cohen & Slamowitz in support of her claim of violation of §1692f beyond the allegations set forth in the remainder of the Complaint.

Accordingly, based on the arguments set forth herein and in the moving papers with respect to the claimed violation of 15 U.S.C. §1692e(14) Cohen & Slamowitz respectfully submits that the plaintiff's Amended Complaint seeking damages based upon a violation of 15 U.S.C. §1692f should be dismissed in its entirety as a matter of law.

### 15 U.S.C. §1692e(2)(A)

Plaintiff alleges that Cohen & Slamowitz violated 15 U.S.C. §1692e(2)(A) by "falsely representing the character, amount or legal status of Plaintiff's alleged debt". (Exhibit "A", 137). It is alleged that plaintiff was provided with two conflicting statements of the amount of the alleged debt. (Exhibit "A", ¶138). No further information or allegations are set forth with respect to this allegation as set forth in Count IV of the Amended Complaint. (Exhibit "A", ¶138). It is respectfully requested that reference in plaintiff's opposition papers to matters outside the pleadings be excluded in ruling upon the instant motion to dismiss. FRCP 12b(6)

Plaintiff also alleges that Cohen & Slamowitz made a misleading settlement offer. (Exhibit "A", ¶ 140) The correspondence dated April 1, 2010 received by the plaintiff from Cohen & Slamowitz offered to settle the debt owed for the sum of $770.24 if that amount was paid before April 27, 2010. (Exhibit "A", ¶73) The letter also provided that "this offer to settle

is void if you are refinancing or selling your house or if we have restrained your bank account". (Exhibit "A", ¶73) On the date plaintiff contacted Cohen & Slamowitz, her bank account had already been restrained, thus voiding the settlement offer.

A settlement offer was extended to the plaintiff, but she did not meet the condition precedent to accept that offer as her bank account had already been restrained. The settlement offer was not available to the plaintiff at the time she contacted Cohen & Slamowitz. *McLain v. Gordon*, 2010 U.S. Dist. LEXIS 86794 (W.D. Washington, August 24, 2010). Plaintiff failed to address this argument in her opposition papers.

Accordingly, Cohen & Slamowitz respectfully submits that the plaintiff's Amended Complaint should be dismissed in its entirety as a matter of law.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court dismiss plaintiff's Amended Complaint as against defendant Cohen & Slamowitz, LLP in its entirety and for such other and further relief that this Court deems just and proper.

Dated: New York, New York
       December 17, 2010

                                      Respectfully submitted,

*[signature]*

WENDY B. SHEPPS (WS1207)
LITTLETON JOYCE UGHETTA PARK & KELLY LLP
Attorneys for Defendant
COHEN & SLAMOWTIZ, LLP
39 Broadway, 34th Floor
New York, New York 10006
Tel:   (212) 404-5777
Fax:   (212) 232-0088