UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :

ERIKA SUQUILANDA,

                      :

        Plaintiff,

                      :      No. 10 Civ. 5868 (PKC)
                                 ECF Case

        - against -

                      :

COHEN & SLAMOWITZ, LLP and                  **PLAINTIFF'S RESPONSE IN**
ENCORE CAPITAL GROUP, INC. and             **OPPOSITION TO MOTION TO**
MRC RECEIVABLES CORPORATION and     :    **DISMISS AND FOR SANCTIONS**
MIDLAND CREDIT MANAGEMENT, INC.,       **FILED BY ENCORE CAPITAL**
                      :    **GROUP, INC., MRC RECEIVABLES**
        Defendants.              :    **CORPORATION, AND MIDLAND**
                                   **CREDIT MANAGEMENT, INC.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Dennis R. Kurz
NY Bar No. 4570453
WEISBERG & MEYERS, LLC
80 Broad Street, 5th Floor
New York, NY 10004
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com
*Attorneys for Plaintiff*

I

**TABLE OF CONTENTS**

**TABLE OF CONTENTS** ................................................................................................... **II**

**TABLE OF AUTHORITIES** ...........................................................................................**III**

**I.      INTRODUCTION** .................................................................................................1

**II.     STATEMENT OF RELEVANT FACTS** ............................................................2

    A.      Nature of Action ..............................................................................................2

    B.      The Parties ........................................................................................................2

    C.      Defendants Encore, MRC, And MCM Are "Debt Collectors" As Defined By The FDCPA And Each Participate In And Exercise Significant Control Over The   Debt Collection Process. ..........................................................................................................3

        1.      Encore Is A "Debt Collector" As Defined By The FDCPA And Participates In And Exercises Significant Control Over The Collections Process. .......................................3

        2.      MCM Is A "Debt Collector" As Defined By The FDCPA And Participates In And Exercises Significant Control Over The Collections Process. ...............................................5

        3.      MRC Is A "Debt Collector" As Defined By The FDCPA And Participates In And Exercises Significant Control Over The Collections Process. ...............................................5

    D.      Debt Collection Correspondence ...................................................................6

**III.    STANDARD** ..........................................................................................................6

**IV.    AS DEBT COLLECTORS PARTICIPATING IN, AND EXERCISING SIGNIFICANT   CONTROL OVER THE COLLECTIONS PROCESS, ENCORE, MRC, AND MCM ARE   LIABLE FOR THE FDCPA VIOLATIONS STATED IN PLAINTIFF'S AMENDED  COMPLAINT**................................................................................7

**V.      AS DEBT COLLECTORS, ENCORE, MRC, AND MCM ARE LIABLE FOR THE  COLLECTION PRACTICES OF COHEN & SLAMOWITZ, LLP, THE DEBT-COLLECTOR THEY ENGAGED TO COLLECT THEIR DEBTS** .................................10

**VI.    DEFENDANTS' MOTION FOR SANCTIONS VIOLATES RULE 11** ....................12

    A.      Counsel For Defendants Violated Rule 11 By Moving For Sanctions Upon Only 17 Days' Notice .......................................................................................................13

    B.      Counsel For Defendants Violated Rule 11 By Filing a Combined Rule 12(b)(6) Motion To Dismiss and Rule 11 Motion For Sanctions............................................14

    C.      Counsel For Defendants Violated Rule 11 By Failing To Serve A Copy Of Defendants' Motion For Sanctions Upon Counsel For Plaintiff At Any Time Prior  To Filing.14

    D.      Substantively, Defendants' Motion For Sanctions Is Itself Frivolous. ..........................14

**VII.   CONCLUSION**................................................................................................16

## TABLE OF AUTHORITIES

**Cases**

*Acheampongtieku v. Allied Interstate, Inc.,* 2005 WL 2036153 (S.D.N.Y. 2005) .......................11

*Burns v. Bank of Am.*, 655 F. Supp. 2d 240, (S.D.N.Y. 2008) ....................................................10

*Caldwell v. Caesar*, No. 98-1857, 2002 U.S. Dist. LEXIS 16897 (D.D.C. Sept. 6, 2002)...........15

*Caribbean Wholesales & Serv. Corp. v. U.S. JVC Corp.*,
    101 F. Supp. 2d 236 (S.D.N.Y. 2000).................................................................................15

*Forbes v. NAMS Intern., Inc.*, 2007 WL 1814656 (N.D.N.Y. 2007)...........................................15

*General Elec. Co. v. Speicher*, 877 F.2d 531 (7th Cir. 1989) .....................................................16

*Global Network Communications, Inc. v. City of New York*,
    458 F. 3d 150 (2d Cir. 2006) ................................................................................................7

*Herkert v. MRC Receivables Corp.,* 655 F. Supp. 2d 870, 880-81 (N.D. Ill. 2009)................4, 11

*Hernandez v. Midland Credit Mgmt.*, Inc, 2007 WL 2874059 (N.D. Ill. 2007) ..........................12

*Hernandez v. Midland Credit Mgmt., Inc*., 2007 WL 2874059 (N.D. Ill. 2007)...........................4

*In re Pennie & Edmonds LLP*, 323 F.3d 86  (2d Cir. 2003) ........................................................14

*Kinel v. Sherman Acquisition II LP*, 2006 WL 5157678 (S.D.N.Y. 2006)...........................7, 8, 9

*Lawrence v. Richman Group of CT LLC*, 620 F.3d 153 (2d Cir. 2010) ...............................13, 14

*Pollice v. National Tax Funding, L.P.*, 225 F. 3d 379 (3d Cir. 2000) ........................................11

*Riccard v. Prudential Ins. Co*., 307 F.3d 1277, 1294 (11th Cir. 2002).......................................15

*Wickstrom v. Ebert*, 101 F.R.D. 26 (E.D. Wis. 1984)................................................................10

**Rules**

Fed. R. Civ. P. 11...............................................................................................................13, 15

**Other Authorities**

1993 Advisory Committee Notes.......................................................................................15

Encore Current Report on Form 10K, for 2001................................................................4, 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                                      :

ERIKA SUQUILANDA,

                                        :

        Plaintiff,

                                        :      **No. 10 Civ. 5868 (PKC)**
                                               ECF Case
      - against -

                                        :

COHEN & SLAMOWITZ, LLP and
ENCORE CAPITAL GROUP, INC. and         :
MRC RECEIVABLES CORPORATION and
MIDLAND CREDIT MANAGEMENT, INC.,   :

        Defendants.               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS AND FOR SANCTIONS FILED BY ENCORE CAPITAL GROUP, INC., MRC RECEIVABLES CORPORATION, AND MIDLAND CREDIT MANAGEMENT, INC.**

Plaintiff, Erika Suquilanda ("Plaintiff"), respectfully submits her response in opposition to Defendants',[1] Encore Capital Group, Inc., MRC Receivables Corporation, and Midland Credit Management, Inc., motion to dismiss.

## I.    INTRODUCTION.

    Encore, MRC, and MCM request sanctions, in addition to dismissal of Plaintiff's Amended Complaint, based on alleged frivolity. (Document 21-5 at 1). Defendants' two principal arguments are fatally flawed because these arguments: (1) ignore well-pleaded allegations rather than take them as true; and (2) overlook recent federal district court cases in which Defendants asserted the arguments at bar, and saw them soundly rejected.

    Defendants first argue that "[e]ven taking all of the allegations in the Complaint as true, neither Encore nor MCM nor MRC performed any of the prohibited acts." (Document 21-5 at 8). This argument is defeated by the face of Plaintiff's Amended Complaint. As alleged: "Defendants Encore,

---

[1] Defendants, Encore Capital Group, Inc., MRC Receivables Corporation, and Midland Credit Management, Inc., are referred to *infra* as "Encore", "MRC", and "MCM" individually, and "Defendants" collectively.

MRC, MCM, and C&S act jointly and in concert to collect consumer debts incurred primarily for personal, family or household purposes." (Document 18 ¶ 19). "The letters Defendants mail, or cause to be mailed, are produced by Defendants' concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases." (Document 18 at ¶ 78).

Defendants next argue that "no liability can be imposed upon Encore or MCM for merely being a parent and sister corporation of MRC . . ." (Document 21-5 at 9). This argument similarly ignores the specific allegations of each Defendant's involvement in, and exercise of significant control over, the collection process. It further confuses Defendants' liability, as debt collectors under the FDCPA, with principles of corporate law not relevant to determining Defendants' FDCPA liability which — in this case — arises independently

## II.    STATEMENT OF RELEVANT FACTS.

### A.    Nature of Action.

On November 8, 2010 Plaintiff filed her first amended class action complaint against Cohen & Slamowitz, LLP, Encore Capital Group, Inc. ("Encore"), MRC Receivables Corporation ("MRC"), and Midland Credit Management, Inc. ("MCM"), alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Document 18).

### B.    The Parties.

Encore is a publicly traded Delaware corporation which at all relevant times was engaged in the business of purchasing and collecting delinquent debts originally owed to third parties. (Document 18 at ¶¶ 6-7). MRC is Delaware corporation engaged in the business of taking title to and collecting delinquent debts originally owed to third parties that are purchased by Encore. (Document 18 at ¶¶ 6-7). MCM is a Kansas corporation engaged in the business of collecting delinquent debts originally owed to third parties that are purchased by Encore. (Document 18 at ¶ 13-14). Cohen & Slamowitz, LLP

("C&S"), is a New York limited liability partnership is in the business of collecting delinquent debts originally owed to third parties that are purchased by Encore. (Document 18 at ¶¶ 16-17).

**C.   Defendants Encore, MRC, And MCM Are "Debt Collectors" As Defined By The FDCPA And Each Participate In And Exercise Significant Control Over The Debt Collection Process.**

"Defendants Encore, MRC, MCM, and C&S act jointly and in concert to collect consumer debts incurred primarily for personal, family or household purposes."  (Document 18 at ¶ 19).  "Encore secures funds from investors and lenders for the purpose of purchasing portfolios of charged-off consumer receivables to which MRC takes title.  MRC places charged-off accounts with MCM for collection pursuant to a Servicing Agreement.  MCM acts as a debt collector for debts purchased by MRC.  MCM places charged-off accounts with C&S for collection pursuant to a Collection Agreement." (Document 18 at ¶ 20).

"The letters Defendants mail, or cause to be mailed, are produced by Defendants' concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases."  (Document 18 at ¶ 78).

**1.   Encore Is A "Debt Collector" As Defined By The FDCPA And Participates In And Exercises Significant Control Over The Collections Process.**

"Encore purchases portfolios of defaulted consumer receivables and manages their collection through its subsidiary entities.  (Document 18 at ¶ 23).  "Encore manages and exercises control over each aspect of the collection process including legal outsourcing."  (Document 18 at ¶ 60; Exhibit "A" (Encore Presentation, William Blair 4th Annual Emerging Growth Stock Conference, October 5, 2010)).

"Pursuant to certain written Collection Agreements between MCM and various law firms ("Firms"), Encore generally outsources those accounts where it appears the debtor is able, but is unwilling to pay." (Document 18 at ¶ 43).  "Encore's outsourced legal collections channel is comprised of more than 75 vendor relationships, delivers over $250 million in annual collections, and is supported

3

by approximately 50 team members." (Document 18 at ¶ 42).

"The legal outsourcing process is managed by Encore's Legal Outsourcing Department." (Document 18 at ¶ 44). *See e.g. Herket v. MRC Receivables Corp*., 655 F. Supp. 2d 870, 880 (N.D. Ill. 2009) (Encore Capital Group, Inc. is a debt collector) *Hernandez v. Midland Credit Mgmt., Inc*., No. 04 C 7844, 2007 WL 2874059, at *14-16 (N.D. Ill. Sept. 25, 2007) (finding Encore to be a debt collector under the FDCPA). (Document 18 at ¶¶ 8, 12, 15, 18).

"Encore employs a "dynamic collections approach" under which it re-analyzes all of its accounts once each quarter with refreshed external data, which it supplements with information gleaned from its own collection efforts. Encore modifies its collection method for each account if warranted." (Document 18 at ¶ 35). "Encore's proprietary consumer level collectability analysis is the primary determinant of whether an account is actively worked post-purchase. Throughout Encore's ownership period, it continuously refines this analysis to determine the most effective collection strategy to pursue for each account." (Document 18 at ¶ 36).

"Once receivables are ready to be worked, members of the Information Technology Department work directly with the head of Operations to discuss the specifics of the recent acquisition. These discussions are useful because they allow the Information Technology Department to tailor Encore's proprietary account management system to reflect any special characteristics of the portfolio and Encore's collection strategy." (Document 18 at ¶ 37; Exhibit "C' (Encore Current Report on Form 10K, for 2001)).

"Through MCM, Encore advances certain out-of-pocket court costs such as filing fees. Encore capitalizes these costs in its consolidated financial statements. Encore pays a fee to the respective attorneys based on an established fee schedule, as further defined in the Collection Agreements executed by the collection channel law firms and MCM on Encore's behalf." (Document 18 at ¶ 44; Exhibit "C"

(Encore Form 10K, for 2001)).  "The Collection Agreements provide for MCM's exercise of material control over each aspect of the Firms' collection efforts."  (Document 18 at ¶ 51).  "This process is managed by Encore's Legal Outsourcing Department."  (Document 18 at ¶ 44).

### 2. MCM Is A "Debt Collector" As Defined By The FDCPA And Participates In And Exercises Significant Control Over The Collections Process.

"Encore's or MCM's Director of Legal Outsourcing and Manager of Legal Outsourcing monitor and control the day-to-day operations of the Firms collecting MRC's accounts on behalf of MCM pursuant to the Collection Agreements." (Document 18 at ¶ 63).  "MCM issues user IDs and passwords to the Firms for the purpose of providing access to MCM's website and computer collections software and its information databases.  The law firms must maintain or acquire technology and resources sufficient to communicate and transmit and receive data with MCM in connection with the accounts placed with the firm."  (Document 18 at ¶ 56).  "The law firms used by Encore, MRC, and MCM must also utilize MCM's Daily Invoicing Report, as part of its confirmation process relating to the successful upload of activity and payments, to confirm that those amounts the Firm believes were transmitted to MCM were received by MCM as part of each daily upload."  (Document 18 at ¶ 55).  "MCM has created a 'Legal Outsourcing Firm Training Manual,' which it has provided to various law firms collecting debts pursuant to the Collection Agreements.  *See e.g. Midland Funding, LLC v. Mansfield*, No. 3:09-cv-00358-L (D. Ariz.) at Document No. 60-2, pages 41-44 (Legal Outsourcing Firm Training Manual)."  (Document 18 at ¶ 59).

### 3. MRC Is A "Debt Collector" As Defined By The FDCPA And Participates In And Exercises Significant Control Over The Collections Process.

"MRC is engaged in the business of taking title to and collecting delinquent debts originally owed to third parties."  (Document 18 at ¶ 11).  "MRC is "debt collector" as defined by 15 U.S.C. § 1692a(6)."  (Document 18 at ¶ 12). "Pursuant to a Servicing Agreement by and among MRC

Receivables Corporation, MCM, and CFSC Capital Corp. VIII, a Delaware corporation, MCM is responsible for managing and servicing the collection of the debts owned by Encore's debt-owning entities such as MRC, NCC-2 Corp., or Midland Funding, LLC." (Document 18 at ¶ 37; Exhibit "D" (Servicing Agreement)). "The Servicing Agreement grants MCM significant power and authority to conduct and manage the collection of the accounts to which MRC holds title, including, without limitation, the commencement of legal proceedings in MRC's name to collect accounts." (Document 18 at ¶ 40; Exhibit "D" at Section 2.5); (Document 21-5 at 3 ¶ 3) (same).

"To the extent that MCM, MRC, or Encore provided false creditor information to Cohen & Slamowitz, LLP, such information was provided with gross negligence, and/or reckless disregard for its accuracy. (Document 18 at ¶ 124). To the extent that MCM, MRC, or Encore provided false creditor information to Cohen & Slamowitz, LLP, such conduct independently violates 15 U.S.C. 1692e(14). (Document 18 at ¶ 125).

### D.    Debt Collection Correspondence.

"On or about April 1, 2010, Defendants printed and mailed, or caused to be printed and mailed, a letter to Plaintiff in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due an original creditor other than Defendants, and which Defendants acquired after such obligation or alleged obligation was charged-off or was in default." (Document 18 at ¶ 72-73). "The letters Defendants mail, or cause to be mailed, are produced by Defendants' concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases." (Document 18 at ¶ 78).

## III.    STANDARD.

When considering a motion to dismiss brought under Rule 12(b)(6), a court must accept factual allegations in the complaint as true, and must draw all inferences in favor of the non-moving party. A

complaint may not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Global Network Communications, Inc. v. City of New York*, 458 F. 3d 150, 154 (2d Cir. 2006) (internal citation and quotation omitted).

**IV.   AS DEBT COLLECTORS PARTICIPATING IN, AND EXERCISING SIGNIFICANT CONTROL OVER THE COLLECTIONS PROCESS, ENCORE, MRC, AND MCM ARE LIABLE FOR THE FDCPA VIOLATIONS STATED IN PLAINTIFF'S AMENDED COMPLAINT.**

The premise that Plaintiff has not alleged Defendants' active participation in collecting a debt from Plaintiff is false. (*See supra* at section II.C, subsections 1-3). Even if it were true, which it is not, "Courts have expressly held that purchasers of defaulted debt are covered by the FDCPA, without regard to their level of collection activity." *Kinel v. Sherman Acquisition II LP*, 05 CIV. 3456(RC)THK, 2006 WL 5157678 (S.D.N.Y. Feb. 28, 2006) (report and recommendation adopted sub nom. *Kinel v. Sherman Acquisition II, LP*, 05 CIV. 3456(KMW), 2007 WL 2049566 (S.D.N.Y. July 13, 2007)) (*citing Pollice v. Nat'l Tax Funding, L.P.,* 225 F.3d 379, 403-04 (3d Cir. 2000)). "The FDCPA is a strict liability statute. Accordingly, the consumer need not show intentional conduct by the debt collector." *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 219 (N.D.N.Y. 2010).[2]

In the instant action, Defendant Cohen & Slamowitz, LLP, has admitted that it is a debt collector as defined by the FDCPA. (See Document 11 at ¶ 13). Accordingly, there is no dispute with respect to the ability to hold Cohen & Slamowitz, LLP, liable for violations of the FDCPA. With respect to Encore, MRC, and MCM, they too are debt collectors within the meaning of the FDCPA. (*See supra* at II.C, subsections 1-3).

---

[2] Denying motion to dismiss where Defendant Cohen & Slamowitz, LLP, argued that the plaintiff's claims would impose a duty on debt collectors which would stretch the FDCPA beyond its intended reach.) (*citing Bentley v. Great Lakes Collection Bureau, Inc*., 6 F.3d 60, 63 (2d Cir.1993).

Plaintiff alleged that "Encore is engaged in the business of purchasing and collecting delinquent debts originally owed to third parties[,] . . . [that] MRC is engaged in the business of taking title to and collecting delinquent debts originally owed to third parties. . . . [and that] MCM is engaged in the business of collecting delinquent debts originally owed to third parties that are purchased by Encore and titled in the names of MRC or other Encore subsidiaries." (Document 18 at ¶¶ 7, 11, 14). (*See also* Document 18 at ¶ 23 ("Encore purchases deeply discounted charged-off consumer receivable portfolios . . . and manages their collection through its subsidiary entities")); (Document 18 at ¶ 71 ("Defendants acquired Plaintiff's obligation . . . when it was charged off or in default.").

Plaintiff maintains that Encore, MRC, and MCM worked in conjunction with one another, and with Cohen & Slamowitz, LLP, in facilitating each Defendants' role and efforts to collect a consumer debt from Plaintiff. (*See infra* at II.C, subparagraphs 1-3).

As explained by this Court in *Kinel v. Sherman Acquisition II LP*, Plaintiff has adequately alleged that these four Defendants qualify as debt collectors liable under the FDCPA for the violations of law alleged in the Amended Complaint:

> Kinel has alleged in the Amended Complaint that Sherman Acquisition LP ("SA"), Sherman Acquisition II LP ("SA II"), Sherman Financial Group LLC ("SFG"), and Alegis Group LP ("AGLP") are debt collectors under the FDCPA. Kinel maintains that SA, SA II, and SFG are in the business of buying defaulted debts for a fraction of their face value, and then enforcing the debts against consumers. Kinel contends that AGLP worked in conjunction with SA and/or SA II in facilitating those entities' efforts to collect the Debt. Kinel also alleges that the Debt was in default and disputed by Kinel at the time it was bought from Household by the Sherman Defendants. Because at this stage in the action, the Amended Complaint must be construed in favor of Kinel, the Court finds that he has adequately alleged that these four Sherman Defendants-SA, SA II, SFG, and AGLP-qualify as debt collectors for purposes of the FDCPA. *See Munoz v. Pipestone,* 397 F.Supp.2d 1129, 1133 (D.Minn.2005) (holding that debt purchaser who never communicated with consumer qualified as debt collector under the FDCPA where debt purchaser had agreement with

8

collection agency that it would collect the purchased debt, and the purchaser's principal business was debt collection); *Little v. World Fin. Network, Inc.,* No. 89 Civ. 346 (TFGD), 1990 WL 516554, at *4 (D.Conn. July 26, 1990) (concluding that defendant, who collected defaulted debt for sister company was a debt collector subject to FDCPA, because defendant's main purpose was debt collection); *cf. Durkin v. Equifax Check Servs., Inc.,* No. 00 Civ. 4832, 2002 WL 31426397, at *3 (N.D.Ill. Oct. 28, 2002) (denying summary judgment on the basis that defendant, which had purchased defaulted debts from a third party, fell squarely within the assignee exception, and therefore was not a creditor under the FDCPA).

Thus, the Court concludes that the Amended Complaint has set forth facts sufficient to allege the debt collector status of Sherman entities SA, SA II, SFG, and AGLP, and that these companies' actions or inactions as to the Debt bring them within the scope of the FDCPA. *Cf. Carson v. Long Island Jewish Med. Ctr.,* 378 F.Supp.2d 128, 132-33 (E.D.N.Y.2005) (denying defendant-hospital's motion to dismiss and construing FDCPA complaint in plaintiff's favor as to hospital's classification as debt collector); *Chapman,* 2005 WL 818880, at *5 (holding that the plaintiff's allegations, that defendants were in the business of collecting debts, were sufficient to survive motion to dismiss FDCPA claims); *Foster v. Sherman Acquisition, LP,* No. 04 Civ. 1072, 2005 WL 588995, at *8 (N.D.Ill. Mar. 8, 2005) (denying Sherman Acquisition's motion to dismiss claim brought under the FDCPA where complaint alleged that Sherman Acquisition contracted with servicing companies to collect plaintiffs' debts and approved the servicing companies' collection letters); *Malm v. Household Bank, N.A.,* No. 03 Civ. 4340, 2004 WL 1559370, at *4 (D.Minn. July 7, 2004) (upholding FDCPA claim against SFG where it contracted with collection agency to recover on account that was acquired after default); *compare Dolan,* 2005 WL 1971006, at *3 (dismissing FDCPA counts against defendants where plaintiff failed to allege defendants acted as debt collectors).

05 CIV. 3456(RC)THK, 2006 WL 5157678 (S.D.N.Y. Feb. 28, 2006) *report and recommendation adopted sub nom. Kinel v. Sherman Acquisition II, LP*, 05 CIV. 3456(KMW), 2007 WL 2049566 (S.D.N.Y. July 13, 2007).

9

Rather than address the FDCPA precedent that addresses Defendants' arguments, Defendants analogize this action to an E.D. of Wisconsin civil rights case arising out of a criminal prosecution which was decided in 1984. *Wickstrom v. Ebert*, 101 F.R.D. 26, 28 (E.D. Wis. 1984).

More than an interesting choice, Defendants' reliance on *Wickstrom* for the proposition that "a party cannot 'maintain an action against another simply by serving him or her with a summons and Complaint, when that Complaint includes no allegations against and incorporates no request for relief from the individual being served'" is misplaced.

The issue addressed by the portion of the *Wickstrom* case from which Defendants' quote — whether service of process was proper where those served were not named as defendants in the complaint — was decided under Rule 4. *Wickstrom,* 101 F.R.D. at 28.   ("Wisconsin Attorney General Bronson LaFollette, although not designated as one of the named defendants in this action, was served with process on January 26, 1984, and that Chief Deputy Clerk of Court for the Eastern District of Wisconsin, Patrick G. DeWane, and a Deputy Clerk of Court, Betty Michaelsen, were both served on January 25, 1984, although neither is named as a party defendant nor charged with any violations of plaintiffs' constitutional rights in the body of the complaint.").

In contrast to *Wickstrom*, Plaintiff has properly named and served Defendants, who have each appeared to litigate the merits of this case.   And Plaintiff has alleged that each Defendant played a significant role in violating Plaintiff's rights under the FDCPA.  (*See supra* at sections II. C., subsections 1-4).

**V.    AS DEBT COLLECTORS, ENCORE, MRC, AND MCM ARE LIABLE FOR THE COLLECTION PRACTICES OF COHEN & SLAMOWITZ, LLP, THE DEBT-COLLECTOR THEY ENGAGED TO COLLECT THEIR DEBTS.**

Although "a creditor that is not itself a debt collector is not vicariously liable for the actions of a debt collector it has engaged to collect its debts[,]" *Burns v. Bank of Am.*, 655 F. Supp. 2d 240, 255

10

(S.D.N.Y. 2008) aff'd, 360 Fed. Appx. 255 (2d Cir. 2010) — an entity which is a "debt collector" as defined by the FDCPA is vicariously liable for the actions of debt collectors it has engaged to collect its debts.  *Acheampongtieku v. Allied Interstate, Inc.,* 04 CIV. 8397 (HB), 2005 WL 2036153 (S.D.N.Y. Aug. 24, 2005) (*citing Pollice*: "holding that "an entity that is itself a 'debt collector' — and hence subject to the FDCPA — should bear the burden of monitoring the activities of those it enlists to collect debts on its behalf.").  *See also e.g.*, *Pollice v. National Tax Funding, L.P.*, 225 F. 3d 379, 404 (3d Cir. 2000) ("[A]n entity which itself meets the definition of 'debt collector' may be held vicariously liable for unlawful collection activities carried out by another on its behalf.").  As discussed *supra* at section II.C, subsections 1-4, and revisited at section IV., each Defendant is a debt collector as defined by the FDCPA.

Encore engaged MRC, MCM, and Cohen & Slamowitz, LLP, to collect a portfolio of deeply discounted consumer debt, including Plaintiff's account, which Encore secured funds to purchase. (Document 18 at ¶ 20, 22).  MRC engaged MCM and Cohen & Slamowitz, LLP, by placing the charged-off accounts with MCM for collection pursuant to a Servicing Agreement under which MCM became authorized to enter into Collection Agreements on MRC and Encore's behalf.  (Document 18 at ¶ 38; Exhibit "D") (Servicing Agreement relating to the Secured Financing Facility, dated as of December 20, 2000 (incorporated by reference to Exhibit 10.8 to Encore's Current Report on Form 8-K filed on August 22, 2003)).  MCM engaged Cohen & Slamowitz, pursuant to the Servicing Agreement between MRC and MCM, by entering into a Collection Agreement with Cohen & Slamowitz, LLP, on behalf of MRC and Encore.  (Document 18 at ¶ 116).

In *Herkert v. MRC Receivables Corp.,* in rejecting it, the Northern District of Illinois explained the fallacy of Defendants' argument:

> To the extent Defendants are arguing that Encore cannot be considered a
> debt collector here because it was not directly involved in the collection

11

activities at issue, this argument is also unavailing. "The inquiry as to whether a person is a debt collector is not case specific, but rather depends on whether that person 'regularly' collects debts." *Schutz,* 465 F.Supp.2d at 875. Courts in this District have specifically concluded that Encore is regularly involved in debt collection activities. *See Miller v. Midland Credit Mgmt., Inc.,* 621 F.Supp.2d 621, 634-35 (N.D. Ill. 2009) (finding Encore to be a debt collector under the FDCPA); *Hernandez v. Midland Credit Mgmt., Inc.,* No. 04 C 7844, 2007 WL 2874059, at *14-16 (N.D.Ill. Sept. 25, 2007) (same). As these courts observed, Encore's own filings with the Securities and Exchange Commission indicate that it is in the business of collecting debts. For instance, Encore states that it "has been in the collection business for over 55 years and started purchasing portfolios for [its] own account approximately 18 years ago." Encore describes itself as a "leading consumer debt management company" and a "purchaser and manager of charged-off consumer receivables portfolios," and goes on to describe what it calls "our collection strategies," which include the use of "our own collection workforce." (*Id.*) Based on the record, this Court is satisfied that Encore regularly engages in debt collection activities, and therefore rejects Defendants' argument.

For all these reasons, the Court concludes that Plaintiffs are entitled to summary judgment in their favor on the issue of Defendants' liability under the FDCPA. The appropriate measure of damages remains to be determined at a later stage.

655 F. Supp. 2d 870, 880-81 (N.D. Ill. 2009). *See also Hernandez v. Midland Credit Mgmt.*, Inc., 04 C 7844, 2007 WL 2874059 (N.D. Ill. Sept. 25, 2007) (independently of one another, (1) "evidence that Encore itself is involved in debt collection activities," subjects it to liability without piercing corporate veil; and (2) because "Encore describes itself in SEC filings as a 'purchaser and manager of charged-off consumer receivables portfolios,' . . . Encore falls under this definition of a debt collector as well.").

## VI.   DEFENDANTS' MOTION FOR SANCTIONS VIOLATES RULE 11.

Pursuant to Rule 11, Defendants "request that an award of their attorneys' fees incurred in defending this action be made as the sanction for the frivolous conduct." (Document 21-5 at ¶ 1). Fed. R. Civ. P. 11. Rule 11(c)(2) establishes the procedural requirements with which a party moving for sanctions must comply:

>    (2) *Motion for Sanctions.*   A motion for sanctions must be made
>    separately from any other motion and must describe the specific conduct
>    that allegedly violates Rule 11(b). The motion must be served under Rule
>    5, but it must not be filed or be presented to the court if the challenged
>    paper, claim, defense, contention, or denial is withdrawn or appropriately
>    corrected within 21 days after service or within another time the court sets.
>    If warranted, the court may award to the prevailing party the reasonable
>    expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11.   *See Lawrence v. Richman Group of CT LLC*, 620 F.3d 153, 156 (2d Cir. 2010)

(discussing Rule 11(c)(2) conditions to filing motion for sanctions).

Counsel for Defendants grossly violated Rule 11(c)(2) in nearly every conceivable manner.

### A.   Counsel For Defendants Violated Rule 11 By Moving For Sanctions Upon Only 17 Days' Notice.

In violation of Rule 11, Counsel for Defendant provided only seventeen days' notice to Counsel

for Plaintiff.  The "Affirmation of Thomas A. Leghorn" was filed as an exhibit to, and in support of,

Defendants' motion for Rule 11 sanctions.  Mr. Leghorn declared under penalty of perjury as follows:

>    5.      Defendants, Encore Capital Group, MRC Receivable Corporation
>    and Midland Credit Management, Inc., letter pursuant to Rule 11 dated
>    November 19, 2010 is annexed hereto as Exhibit "C".
>
>    6.      The Rule 11 letter requested that plaintiff voluntarily discontinue
>    the above captioned matter with prejudice, because there are no
>    allegations in the Complaint that MRC Receivables Corporation, Midland
>    Credit Management or Encore Capital Group took any affirmative action
>    in regard to plaintiff which violated Plaintiff's rights under the Fair Debt
>    Collection Practices Act.
>
>    7.      Pursuant to the Rule 11 letter, plaintiff had ten days in which to
>    discontinue the action.
>
>    8.      **Seventeen days have passed and we received no response to our
>    request.**
>
>    9.      Encore Capital Group, Inc, MRC Receivables Corporation and
>    Midland Credit Management, Inc. accompanying Memorandum of Law in
>    Support of the Motion to Dismiss sets forth the basis under Rule 12(b)(6)
>    for dismissal based on failure to state a cause of action, and for sanctions
>    pursuant to Rule 11.

(Document 21-1 at ¶¶ 5-9) (emphasis added).

**B.     Counsel For Defendants Violated Rule 11 By Filing a Combined Rule 12(b)(6) Motion To Dismiss and Rule 11 Motion For Sanctions.**

"Consistent with [the Rule 11(c)] requirements, a party moving for Rule 11 sanctions must do so in a filing 'made separately from any other motion.'" *Lawrence*, 620 F.3d 153 at 156 (*citing* Fed. R. Civ. P. 11(c)(2)).   Rather than file the required separate motion, Defendants filed a combine motion to dismiss and motion for sanctions.  (*See* Document 21-5).

**C.     Counsel For Defendants Violated Rule 11 By Failing To Serve A Copy Of Defendants' Motion For Sanctions Upon Counsel For Plaintiff At Any Time Prior To Filing.**

"Where a sanction is initiated by a party's motion, [Rule 11(c)] requires initial service of the motion but delays filing or presentation of the motion to the court for 21 days; filing of the motion is permitted 21 days after service only if the challenged submission is not 'withdrawn or appropriately corrected.'  11(c)(1)(A)."  *In re Pennie & Edmonds LLP*, 323 F.3d 86, 89 (2d Cir. 2003).   Counsel for Defendant at no time earlier than the time of filing served or otherwise provided Counsel for Plaintiff with Defendants' combined motion to dismiss and motion for sanctions.   (*See* Exhibit "A" (Declaration of Dennis R. Kurz)).

**D.     Substantively, Defendants' Motion For Sanctions Is Itself Frivolous.**

The purported basis for Defendants' motion for sanctions is that "[t]here are no allegations in the [amended] complaint that MRC Receivables Corporation or Encore took any affirmative action in regard to your client, Ms. Suquilanda and thus, there can be no liability under the Fair Debt Collection Practices Act."  (Document 27-3 at 1 ¶¶ 1-2).  The position communicated by this statement misses the mark in fact and in law.

As cited *infra*, specific allegations of each Defendant's involvement in, and exercise of control over, the collections process concerning Ms. Suquilanda appear on the face of Plaintiff's Amended Complaint.  Further, Defendants' FDCPA liability is not contingent upon "affirmative action."  (*See supra* at section IV.).

It cannot be reasonably argued that, at the time of Defendants' motion, Defendants were without ample notice of the Amended Complaint's allegations.  And with no more reason can it be argued that Defendants were without notice of the federal district court decisions imposing upon them liability in spite of their we-took-no-action arguments.  At least one such opinion issued as recently as last year.

Any reasonable inquiry into the facts alleged and the existing and well-developed body of FDCPA case law would reveal the valid legal bases of Plaintiff claims.  It follows that in determining whether to moving for Rule 11 sanctions, Counsel for Defendant either (1) failed to conduct a reasonable inquiry before publicly accusing Counsel for Plaintiff of "frivolous conduct," or (2) Counsel for Defendant chose to ignore the unfavorable results of that inquiry. (*See* Document 21-5 at 1).

"While violation of the duties owed to the court, including under Rule 11, is not a matter to be taken lightly, Rule 11 does not grant an unfettered license to litigants to threaten sanctions at every stage of an action."  *Forbes v. NAMS Intern., Inc.*, 3:07CV0039 TJM/DEP, 2007 WL 1814656 (N.D.N.Y. June 21, 2007).

The 1993 Advisory Committee Notes reaffirm that the requirements of Rule 11 apply to motions for sanctions under Rule 11.  *See also Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002) (affirming sanctions against plaintiffs for filing a frivolous motion for sanctions); *Caldwell v. Caesar*, No. 98-1857, 2002 U.S. Dist. LEXIS 16897 (D.D.C. Sept. 6, 2002).  The notes observe that cross-motions for sanctions will rarely be needed, as courts have power, even without a motion, to award a party fees when forced to defend against a frivolous sanctions motion.  1993 Advisory

15

Committee Notes; *see* Rule 11(c).  *See also Caribbean Wholesales & Serv. Corp. v. U.S. JVC Corp.*, 101 F. Supp. 2d 236, 246 (S.D.N.Y. 2000) (applying Rule 11(c)(1)(A) and awarding attorney fees to party forced to defend against frivolous sanctions motion); (*citing General Elec. Co. v. Speicher*, 877 F.2d 531, 538 (7th Cir. 1989) ("characterizing motion for sanctions for filing a frivolous appeal as 'itself frivolous and sanctionable,' because '[f]ar from appealing frivolously, [the] appeal has overwhelming merit.'").

## VII.   CONCLUSION.

As stated in her First Amended Class Action Complaint, and explained herein, Plaintiff has properly stated claims against all Defendants upon which relief can be granted.  Therefore, Plaintiff respectfully requests that this Court deny the combined motions to dismiss and for sanctions, filed by Defendants Encore Capital Group, Inc., MRC Receivables Corporation, and Midland Credit Management, Inc.  In the alternative, Plaintiff requests that this court grant Plaintiff leave to amend her complaint.

Dated: December 20, 2010, and respectfully submitted,

s/ Dennis R. Kurz
Dennis R. Kurz
NY Bar No. 4570453
WEISBERG & MEYERS, LLC
80 Broad Street, 5th Floor
New York, NY 10004
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com
*Attorneys for Plaintiff*