```
┌─────────────────────────┐
│ USDC SDNY               │
│ DOCUMENT                │
│ ELECTRONICALLY FILED    │
│ DOC #: _____  │
│ DATE FILED: /-5-12      │
└─────────────────────────┘
```

# WEISBERG & MEYERS, LLC
## ATTORNEYS FOR CONSUMERS
(PLEASE DIRECT MAIL TO OUR CORPORATE OFFICE IN PHOENIX)
5025 NORTH CENTRAL AVE, #602
PHOENIX, ARIZONA 85012
WWW.ATTORNEYSFORCONSUMERS.COM
TOLL FREE NATIONWIDE 1-888-595-9111

**MEMO ENDORSED**

**TEXAS OFFICE**
TWO ALLEN CENTER
1200 SMITH STREET, 16TH FLOOR
HOUSTON, TX 77004

EXTENSION: 412
E-MAIL: DKURZ@ATTORNEYSFORCONSUMERS.COM

**NEW YORK OFFICE**
80 BROAD
5TH FLOOR
NEW YORK, NY 10004

WRITER LICENSED IN:
NEW YORK; TEXAS
GEORGIA, NEW JERSEY AND
WASHINGTON

[Handwritten annotation: On October 7, 2011, I already extended discovery in this case. I will grant one FINAL extension of fact discovery to March 16, 2012. All expert discovery to be completed by May 4, 2012. Conference adjourned from Feb. 10, 2012 to April 13 at 3PM. SO ORDERED. /s/ PKC USDJ 1-4-12]

December 23, 2011

VIA FACSIMILE TO: (212) 805-7949

The Honorable P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York NY 10007-1312

RE: *Erika Suquilanda v. Cohen & Slamowitz, LLP, et al*
Case No. 1:10-cv-05868-PKC

Dear Judge Castel:

      Pursuant to Paragraphs 1(C) and 2(A)(1) of the Court's Individual Practices, and Local Civil Rule 37.2, Plaintiff Erika Suquilanda, by and through her undersigned counsel of record, hereby requests an informal conference with the Court. In light of the previous stay of discovery, the numerous parties to this action, and the intervening holidays, the parties have agreed to move the Court to extend the date for completion of all fact discovery for a period of sixty (60) days.

      The Civil Case Management Plan and Scheduling Order originally set a March 1, 2010, date for the completion of all fact discovery, and stayed discovery as to Defendants Encore Capital Group, Inc., MRC Receivables Corporation and Midland Credit Management, Inc. (*See* Docket # 17). On January 1, 2011, the Court granted the application to stay discovery as to Defendant Cohen & Slamowitz, LLP, pending the Court's ruling on the Defendants' motions to dismiss. (*See* Docket # 36). On September 8, 2011, the Court ruled on the motions to dismiss, granting and denying them in part. (*See* Docket # 38). On October 7, 2011, the Court issued a Revised Case Management Plan and Scheduling Order which extended the date for the completion of all fact discovery to January 20, 2012.

      The previous discovery stay combined with the intervening holidays provides good cause for an extension of the discovery period in this multiparty case. For example, Plaintiff anticipates deposing each Defendant by and through its corporate representative designated pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Plaintiff also anticipates deposing a separate officer or managing agent for at least two Defendants (one for Cohen & Slamowitz, LLP, and one or more for the Encore Defendants). Depending on the nature and substance of the prospective testimony, additional written discovery requests including

interrogatories pursuant to Local Civil Rule 33.3(c), and specific document requests may be necessary. However, based on the correspondence between all counsel of record, it seems unlikely that depositions of any party can be scheduled earlier than the first week of January, 2012. Accordingly, absent the Court's granting the extension requested, Plaintiff will be unable to propound any post-deposition discovery requests. Should any Defendant notice the deposition of Plaintiff, the same issue would arise.

Additionally, the Encore Defendants have served responses to Plaintiff's first set of written discovery request. After reviewing these responses Counsel for Plaintiff believes that Rule 37 motion practice may be necessary to obtain certain information to which Counsel for Plaintiff thinks Plaintiff is entitled. However, should certain information be made available through the subject depositions, any prospective discovery dispute may become more limited in scope, or may be resolved by the agreement of the Parties. The requested extension is designed to provide counsel with sufficient time following the depositions to re-evaluate discovery matters and prepare any motions that, at that time, still seem necessary.

Counsel for Plaintiff respectfully submits that Counsel for all Defendants have agreed to the sixty (60) day discovery extension requested, and that all parties and the Court would benefit as a result of the Court granting it. On the other hand, the parties may be prejudiced if the Court does not grant the extension. Accordingly, Counsel for Plaintiff respectfully submits that good cause exists for the Court to extend the date for completion of all fact discovery for a period of sixty (60) days.

Respectfully submitted,

/s Dennis R. Kurz
Dennis R. Kurz

**Phone:** 888 595 9111
**Fax:** 18668423303

# FAX

**To:** 12128057949  **From:** Dennis Kurz
**Re:**  **Date:** 12/30/2011


Dennis Kurz
Weisberg & Meyers
888 595 9111 ext 412
866 565 1327 facsimile

WMLaw.AttorneysForConsumers.com

*Licensed in New York, New Jersey, Texas, Washington & Georgia

General Disclaimer: The information contained in this electronic communication is to be considered confidential and intended only for the use of the recipient named above. The information is or may be legally privileged and expresses the opinion of the writer only. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender listed above, delete the original message and any copy of it from your computer system.

Statement Required by U.S. Treasury Department:
The U.S. Treasury Department requires us to advise you that this written advice is not intended or written by our firm to be used, and cannot be used by any taxpayer, for the purpose of avoiding any penalties that may be imposed under the Internal Revenue Code. Written advice from our firm relating to Federal tax matters may not, without our express written consent, be used in promoting, marketing or recommending any entity, investment plan or arrangement to any taxpayer, other than the recipient of the written advice.

80 Broad Street 5th Floor, New York, NY 10004