LITTLETON, JOYCE, UGHETTA, PARK & KELLY LLP
Wendy B. Shepps (WS-1207)
*Attorneys for Defendant Cohen & Slamowitz, LLP*
39 Broadway, 34th Floor
New York, New York 10006
(212) 404-5777

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ERIKA SUQUILANDA,                                         :
                                                           :
                Plaintiff,                   :
                                                           :
        - against -                       :
                                                           :  **10-CV-05868 PKC**
                                                           :
COHEN & SLAMOWITZ, LLP, ENCORE CAPITAL      :
GROUP, INC., MRC RECEIVABLES CORPORATION and :
MIDLAND CREDIT MANAGEMENT, INC.,            :
                                                           :
                Defendant(s).                :
-------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
COHEN & SLAMOWITZ, LLP'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO
<u>RULE 12(h)(3) and US CONSTITUTION ARTICLE III</u>**

# TABLE OF AUTHORITIES

**Cases**   **Page**

*Abrams v. Interco Inc.*, 719 F.2d 23 (2d Cir 1983) ............................................................6, 7, 10

*Ambalu v. Rosenblatt*, 194 F.R.D. 451, 452 (E.D.N.Y. 2000) ..........................................6, 8, 9, 10

*Bd. of Sch. Comm'rs of City of Indianapolis v. Jacobs*, 420 U.S. 128, 129-30, 95 S. Ct. 848, 43 L. Ed. 2d 74 (1975) ..................................................................................................................11

*Cook v. Colgate Univ.*, 992 F.2d 17 (2d Cir. 1993) .......................................................................6

*Edge v. C. Tech Collections, Inc.*, 203 F.R.D. 85 (E.D.N.Y. 2001) ..............................................10

*Flick v. American Financial Resources, Inc.*, 2012 U.S. Dist. LEXIS 51 (E.D.N.Y. 2012) ..........6

*Fox v. Board of Trustees of the State of University of New York*, 42 F. 3d 135 (2d Cir. 1994) .................................................................................................................................5

*Greystone Bank v. Tavares*, 2010 WL 3325203 (E.D.N.Y. 2010) ................................................5

*Grief v. Wilson Elser Moskowitz Edelman & Dicker, LLP*, 258 F. Supp.2d 157 (E.D.N.Y. 2003) ...............................................................................................................................10

*Harper v. Better Business Servs., Inc.*, 961 F.2d 1561, 1562 (11th Cir. 1992) ..............................5

*Holstein v. City of Chicago*, 29 F.3d at 1145 (7th Cir. 1994) ..................................................10, 11

*In re Kurtzman*, 194 F.3d 54 (2d Cir. 1999) ..................................................................................6

*Kane v. U-Haul Int'l, Inc.*, 2005 U.S. Dist. LEXIS 24190 (D.N.J. 2005) ....................................10

*Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990) ................................................................................................................................................10

*McCauley v. Trans Union, LLC*, 402 F. 3d 340 (2d Cir. 2005) ....................................................10

*Murphy v. Equifax Check Services, Inc.*, 35 F.Supp 2d 200 (D. Conn. 1999) .........................7, 10

*Peter v. G.C. Services, L.P.*, 310 F.3d 344 (5th Cir. 2002) ............................................................6

*Rand v. Monsanto Co.*, 926 F. 2d 596 (7th Cir. 1991) ................................................................10

*Teng v. Metropolitan Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D.N.Y. 1994) .............................5

*The Automobile Ins. Co. of Hartford, Connecticut v. Electrolux Home Products, Inc.*, 2011 U.S. Dist. LEXIS 83974 (W.D.N.Y. 2011) ..........................................................................................10

*Turek v. General Mills, Inc.*, No. 10-3267, 2011 U.S. App. LEXIS 20959, 2011 WL 4905732, at 1 (7th Cir. Oct. 17, 2011) ............................................................................................................11

*United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781 (2002) ...............................................5

*United States v. Juvenile Male*, 131 S. Ct. 2860 (2011) ..............................................................10

*Weiss v. Fein, Such, Kahn & Shepard, P.C.*, 2002 WL 449653 (S.D.N.Y. 2002) .........................7

*Wright v. Fin. Serv. of Norwalk, Inc.*, 22 F.3d 647, 650-51 (6th Cir. 1994) ....................................6


**Statutes**                                                                                                                                     **Page**

15 U.S.C. §1692(e)(10)................................................................................................................3, 5

Federal Rules of Civil Procedure
     Rule 12(h)(3)..................................................................................................................2, 3, 5

**PRELIMINARY STATEMENT**

Defendant COHEN & SLAMOWITZ, LLP ("Cohen & Slamowitz"), respectfully submits this memorandum of law in support of its motion to dismiss plaintiff's Amended Complaint, dated November 4, 2010, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure and United States Constitution Article III §2, based upon lack of subject matter jurisdiction.

An Offer of Judgment was served on plaintiff on behalf of defendant Cohen & Slamowitz in November of 2010 prior to plaintiff having amended her complaint to assert class allegations. The offer included an agreement to allow judgment to be entered in favor of the plaintiff in the total amount of $1,500 plus plaintiff's costs, disbursements and reasonable attorney's fees. The amount offered in the Offer of Judgment represents a significant amount in excess of the statutory maximum which the plaintiff is entitled to in this action in which plaintiff alleges violation of the Fair Debt Collection Practices Act.

It is respectfully submitted that the sole issue to be decided in the instant motion is whether the Offer of Judgment, for an amount in excess of the full amount plaintiff could receive in this action, moots plaintiff's case against Cohen & Slamowitz based upon lack of jurisdiction. If the action between the plaintiff and Cohen & Slamowitz is moot, there is no "case" or "controversy" as required by Article III of the United States Constitution and the Court is thereby deprived of subject matter jurisdiction. Without subject matter jurisdiction, it is respectfully submitted that the instant action must be dismissed.

## STATEMENT OF FACTS

Cohen & Slamowitz respectfully submits this Memorandum of Law, along with the accompanying Declaration of Wendy B. Shepps, dated January 20, 2012, the Amended Summons and Complaint annexed thereto as Exhibit "A" and the Offer of Judgment annexed thereto as Exhibit "B", in support of its motion to dismiss the action of plaintiff Erika Suquilanda, served and filed herein, in its entirety, with prejudice, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure and the United States Constitution Article III §2, based upon lack of subject matter jurisdiction.

This matter stems from plaintiff's default on payment of a debt owed to Citibank Associates. According to the allegations set forth in the Complaint, the debt was purchased by co-defendants MRC Receivables Corporation and/or Midland Credit Management, Inc. Cohen & Slamowitz was referred the matter in an attempt to collect upon the debt owed. (See generally, Amended Complaint, Exhibit "A")

Plaintiff's Amended Complaint as against defendant Cohen & Slamowitz is limited to claims of alleged violation of the Fair Debt Collection Practices Act (FDCPA). The FDCPA regulates the collection of consumer debts, defined as those debts incurred primarily for personal, family, or household purposes. Plaintiff seeks damages from Cohen & Slamowitz for violation of the FDCPA, 15 U.S.C.S. § 1692, specifically for violation of sections 1692e(10), (14), 1692e(2)(A) and 1692f. (Exhibit "A")

Plaintiff commenced this action as a typical individual plaintiff case, by service of a Summons and Complaint on or about August 2, 2010. Over the course of the following three months, Wendy Shepps, Esq. on behalf of defendant Cohen & Slamowitz and Dennis Kurz, Esq.

- 3 -

on behalf of plaintiff engaged in lengthy and frequent settlement discussions. The last conversation between the attorneys in the end of October ended with an agreement by Mr. Kurz that he would contact Ms. Shepps and provide a much reduced final settlement demand. Inexplicably, Mr. Kurz never called and in fact stopped communicating at all with Ms. Shepps. When no response was received to defense counsel's calls to plaintiff's counsel regarding settlement an Offer of Judgment was served.

On November 4, 2010, an Offer of Judgment was served on plaintiff on behalf of Cohen & Slamowitz which offered to allow judgment to be entered in favor of the plaintiff in the total amount of $1,500 plus plaintiff's costs, disbursements and reasonable attorney's fees. (Exhibit "B") The Offer of Judgment was served when the complaint only asserted a claim on behalf of the individual plaintiff Suquilanda.

After the Offer of Judgment had been served and plaintiff was advised of same, in Court on November 5, 2010, plaintiff was granted leave to serve an Amended Complaint asserting class allegations. Well over a year has passed since the Offer of Judgment was served and since the Amended Complaint was filed and plaintiff has not conducted any discovery to support certification of a class. The instant motion to dismiss is being filed before plaintiff has moved to certify the action as a class.

As the plaintiff has been offered more than her maximum recoverable damages under the FDCPA, she no longer has an ongoing controversy with Cohen & Slamowitz and there is nothing additional she can gain by further pursuing the instant action as against Cohen & Slamowitz. As a result, jurisdiction of the claims cannot be sustained as this Court lacks subject matter jurisdiction over this controversy.

Accordingly, it is respectfully submitted that plaintiff's action herein, for violation of the FDCPA, should be dismissed as a matter of law as against Cohen & Slamowitz in its entirety.

## STANDARD FOR REVIEW

An allegation that a Court lacks subject matter jurisdiction is a defense that is never waived or forfeited.  *U.S. v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781 (2002).  Accordingly, a Court must dismiss an action if it "determines <u>at any time</u> that it lacks subject matter jurisdiction."  Fed. R. Civ. P. 12(h)(3) (emphasis added).  See also, *Fox v. Board of Trustees of the State of University of New York*, 42 F. 3d 135 (2d Cir. 1994)  ("Defects in subject matter jurisdiction cannot be waived and may be raised at any time during the proceedings.").

"There are two distinct types of subject matter jurisdiction challenges, facial and factual. A facial challenge attacks the sufficiency of the jurisdictional facts alleged, while a factual challenge challenges the facts themselves."  *Greystone Bank v. Tavares*, 2010 WL 3325203 (E.D.N.Y. 2010) (internal quotations omitted).  The challenge to jurisdiction in this case is based on the facts themselves.

## ARGUMENT

Plaintiff claims that Defendant Cohen & Slamowitz violated several provisions of the FDCPA, 15 U.S.C. § 1692.  Under the FDCPA, a Plaintiff can recover no more than $1,000.00 in statutory damages per action, regardless of the number of violations proven.  *Teng v. Metropolitan Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D.N.Y. 1994) ("It has been held that the maximum additional damages of $1,000 is to be awarded for each case, and not for each violation or improper communication."); *Harper v. Better Business Servs., Inc.*, 961 F.2d 1561,

1562 (11th Cir. 1992); *see also Wright v. Fin. Serv. of Norwalk, Inc.*, 22 F.3d 647, 650-51 (6th Cir. 1994) (en banc) and *Peter v. G.C. Services, L.P.*, 310 F.3d 344 (5th Cir. 2002).

In November of 2010, an Offer of Judgment in the amount of $1,500 offering to enter judgment against Cohen & Slamowitz was served on the plaintiff. It is respectfully submitted that the service of such Offer of Judgment moots plaintiff's action and therefore deprives this Court of jurisdiction.

"A claim becomes moot when 'the parties lack a legally cognizable interest in the outcome. The required legally cognizable interest has . . . been described as a requirement that a plaintiff have a 'personal stake' in the litigation. Without such a personal stake, a court lacks subject matter jurisdiction and the case must be dismissed." *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 452 (E.D.N.Y. 2000) (granting motion to dismiss based on a Rule 68 Offer of Judgment which was for the maximum recovery of statutory damages in an FDCPA purported class action lawsuit). "[A] case becomes moot…when it is impossible for the court to grant any effectual relief whatever to the prevailing party.*" In re Kurtzman*, 194 F.3d 54 (2d Cir. 1999); see also, *Cook v. Colgate Univ.*, 992 F.2d 17 (2d Cir. 1993) (holding that a case becomes moot "when it becomes impossible for the courts, through the exercise of their remedial powers, to do anything to redress the injury"). See also, *Flick v. American Financial Resources, Inc.*, 2012 U.S. Dist. LEXIS 51 (E.D.N.Y. 2012).

When a defendant has offered the maximum recovery available to a plaintiff, or in the instant action, in excess of the maximum recovery, the Second Circuit has held that the case becomes moot and "there is no justification for taking the time of the court and the defendant in the pursuit of minuscule individual claims which defendant has more than satisfied." *Abrams v.*

*Interco Inc.*, 719 F.2d 23 (2d Cir 1983) (the only interest surviving was "not that of the plaintiffs but of their attorneys"). "The Court in *Abrams* noted that, in substance, what the defendant did by its offer was no different than if it had submitted to a default judgment on the individual plaintiffs' claims." *Murphy v. Equifax Check Services, Inc.*, 35 F.Supp 2d 200 (D. Conn. 1999), citing *Abrams*, *Id* at 32. ("The Second Circuit has recognized that when a defendant tenders all that a plaintiff could recover if his or her claim were fully litigated, a justiciable case or controversy no longer exists and the case should be dismissed for lack of subject matter jurisdiction). *See also*, *Weiss v. Fein, Such, Kahn & Shepard, P.C.*, 2002 WL 449653 (S.D.N.Y. 2002).

The Offer of Judgment on behalf of Cohen & Slamowitz for $1,500, plus costs, disbursements and reasonable attorneys' fees is an amount in excess of the maximum statutory damages sought by the Plaintiff. As the plaintiff has been offered more than her maximum recoverable damages under the FDCPA, she no longer has an ongoing controversy with Cohen & Slamowitz and there is nothing additional she can gain by further pursuing the instant action as against Cohen & Slamowitz. As a result, jurisdiction of the claims cannot be sustained as this Court lacks subject matter jurisdiction over this controversy.

The Offer of Judgment was served before plaintiff amended her complaint to assert a class action and the instant motion is being filed before plaintiff has moved to certify the action as a class. The Offer of Judgment served on the plaintiff in the instant action does not fall under the class of cases where the defendants were attempting to "pick off" the lead plaintiff and the plaintiff did not have the opportunity to conduct discovery before defendant's motion to dismiss was filed.

As in the Eastern District of New York case of *Ambalu*, this case has been languishing for well over a year and a half. Plaintiff's original complaint is dated August 2, 2010. At that time, Cohen & Slamowitz and MRC Receivables Corporation were the only named defendants. Lengthy and frequent settlement discussions were ongoing as between Wendy Shepps, Esq. on behalf of defendant Cohen & Slamowitz and Dennis Kurz, Esq. on behalf of plaintiff from late August 2010 until the end of October 2010.

The last conversation between the attorneys in the end of October ended with an agreement by Mr. Kurz that he would contact Ms. Shepps and provide a much reduced final settlement demand. Inexplicably, Mr. Kurz never called and in fact stopped communicating with Ms. Shepps at all. When no response was received to defense counsel's calls to plaintiff's counsel regarding settlement an Offer of Judgment was served.

On November 4, 2010, an Offer of Judgment was served on plaintiff on behalf of Cohen & Slamowitz which offered to allow judgment to be entered in favor of the plaintiff in the total amount of $1,500 plus plaintiff's costs, disbursements and reasonable attorney's fees. (Exhibit "B") The Offer of Judgment was served when the complaint only asserted a claim on behalf of the individual plaintiff Suquilanda.

After the Offer of Judgment had been served and plaintiff was advised of same, in Court on November 5, 2010, plaintiff was granted leave to serve an Amended Complaint asserting class allegations.

Thus, the Offer of Judgment was not served on plaintiff before her counsel had an opportunity, three months, to assess the claim. Only an individual claim was asserted at the time

- 8 -

the Offer of Judgment was served, accordingly defendant was not attempting to "pick off" a lead plaintiff in a class action suit.

Following service of the Amended Complaint, both defendants were granted permission to file motions to dismiss. A decision on the respective defendants' motions to dismiss was rendered on September 7, 2011. Plaintiff again delayed in pursuing any discovery from Cohen & Slamowitz. Almost two months passed before plaintiff's counsel served any discovery demands addressed to defendant Cohen & Slamowitz. (Plaintiff's discovery demands addressed to Cohen & Slamowitz are dated October 24, 2011).

Well over a year has passed since the Offer of Judgment and the Amended Complaint were served and plaintiff has not conducted any discovery to support certification of a class. Although plaintiff has been given the opportunity to conduct discovery regarding class certification, as well as an extension of discovery at Plaintiff's request, Plaintiff has provided no evidence that Defendant Cohen & Slamowitz has ever sent more than one letter arguably in violation of the FDCPA, and that one to this Plaintiff. *See Weiss v. Fein, Such, Kahn & Shepard, P.C.*, 2002 U.S. Dist. LEXIS 4783 (S.D.N.Y. 2002) Due to the extended period of time which has transpired since this action was commenced and the Offer of Judgment was served, this case "takes on more of the status of an individual action rather than a class action". See generally, *Ambalu v. Rosenblatt*, 194 F.R.D. 451 (E.D.N.Y. 2000).

Rule 68 applies in the instant action, as the Offer of Judgment for an amount in excess of the maximum amount plaintiff could recover at trial, was served prior to service of a complaint

asserting a class claim.[1]  *Abrams v. Interco, Inc.*, 719 F.2d 23 (2d Cir. 1983) (action dismissed based on lack of subject matter jurisdiction based upon Offer of Judgment for maximum recovery); *Rand v. Monsanto Co.*, 926 F. 2d 596 (7th Cir. 1991); *Grief v. Wilson Elser Moskowitz Edelman & Dicker, LLP*, 258 F. Supp.2d 157 (E.D.N.Y. 2003) (once a plaintiff has been offered all she "could hope to recover" through the litigation, the plaintiff no longer has a legally cognizable stake in the action, and the case must be dismissed for lack of subject matter jurisdiction); *Ambalu v. Rosenblatt*, 194 F.R.D. 451 (E.D.N.Y. 2000); *Edge v. C. Tech Collections, Inc.*, 203 F.R.D. 85 (E.D.N.Y. 2001).

The instant motion to dismiss is being filed before plaintiff has moved to certify the action as a class.  To allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court "when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III". *See United States v. Juvenile Male*, 131 S. Ct. 2860 (2011); *Lewis v. Cont'l Bank Corp*., 494 U.S. 472, 477-78, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990); *Holstein v. City of Chicago*, 29 F.3d 1145 (7th Cir. 1994).

That the Amended Complaint served after the Offer of Judgment was served, identifies the suit as a class action is not enough by itself to keep the case in federal court. Even when a

---

[1] The District Court in *The Automobile Ins. Co. of Hartford, Connecticut v. Electrolux Home Products, Inc.*, 2011 U.S. Dist. LEXIS 83974 (W.D.N.Y. 2011),  held that regardless of whether the offer of judgment was a Rule 68 Offer or not, a "full settlement offer" by a defendant necessitates the dismissal of an action for lack of jurisdiction.  Citing, *Kane v. U-Haul Int'l, Inc.*, 2005 U.S. Dist. LEXIS 24190 (D.N.J. 2005).  See also, *McCauley v. Trans Union, LLC*, 402 F. 3d 340 (2d Cir. 2005) (rejecting an FRCP 68 offer but directing entry of default judgment for full damages); *Murphy v. Equifax Check Servc., Inc.*, 25 F. Supp. 2d 200 (D. Conn. 1999) (plaintiff was offered the maximum amount of damages which she was entitled to recover under the FDCPA, plus reasonable attorney's fees and costs.  "Were this case to proceed to trial, plaintiff could lose, but she could not win more than what is now being offered to her by defendant.  Thus, continuing the instant case serves no legitimate purpose whatsoever.").

"complaint clearly and in great detail describes the suit as a class action suit," if the plaintiff does not seek class certification, then "dismissal of the plaintiff's claim terminates the suit." *Turek v. General Mills, Inc.*, No. 10-3267, 2011 U.S. App. LEXIS 20959, 2011 WL 4905732, at 1 (7th Cir. Oct. 17, 2011); *see Bd. of Sch. Comm'rs of City of Indianapolis v. Jacobs*, 420 U.S. 128, 129-30, 95 S. Ct. 848, 43 L. Ed. 2d 74 (1975).

As a result, no justiciable controversy remains and jurisdiction of the claims cannot be sustained and this Court must dismiss this case for lack of subject matter jurisdiction.

**i. Plaintiff's Refusal to Accept the Offer Is Irrelevant**

"Once the Defendant offers to satisfy the Plaintiff's entire demand, there is no dispute over which to litigate, and a Plaintiff who refuses to acknowledge this loses outright … because she has no remaining stake." *Holstein v. City of Chicago*, 29 F.3d 1145, 1146 (7th Cir. 1994) (internal citations omitted). Defendant Cohen & Slamowitz presented plaintiff with an offer for the full damages demanded under the FDCPA. She therefore no longer has a personal stake in the outcome of that portion of this lawsuit. Even though she has not accepted the offer, this Court lacks subject matter jurisdiction over her claims as against Cohen & Slamowitz.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that this Court dismiss plaintiff's Amended Complaint as against defendant Cohen & Slamowitz, LLP in its entirety as moot for lack of subject matter jurisdiction and for such other and further relief that this Court deems just and proper.

Dated: New York, New York
January 20, 2012

Respectfully submitted,

*/s/ Wendy B. Shepps*

WENDY B. SHEPPS  (WS1207)
LITTLETON JOYCE UGHETTA PARK & KELLY LLP
Attorneys for Defendant
COHEN & SLAMOWTIZ, LLP
39 Broadway, 34th Floor
New York, New York 10006
Tel:    (212) 404-5777
Fax:    (212) 232-0088

## CERTIFICATE OF SERVICE

I certify that on January 20, 2012, that the foregoing Memorandum of Law in Support of Defendant Cohen & Slamowitz' Motion to Dismiss Plaintiff's Amended Complaint was filed and uploaded to the CM/ECF system which will send a notice of electronic filing to the following:

WEISBERG & MEYERS, LLC
Attn: Dennis R. Kurz, Esq.
80 Broad Street, 5th Floor
New York, New York 10004

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
Attn: Thomas Leghorn, Esq.
150 East 42nd Street
New York, New York 10021

_____
WENDY B. SHEPPS  (WS1207)