UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                                         :

ERIKA SUQUILANDA,

                                         :

        Plaintiff,

                                         :      No. 10 Civ. 5868 (PKC)

   - against -                                       ECF Case

                                         :

COHEN & SLAMOWITZ, LLP and
ENCORE CAPITAL GROUP, INC. and        :     **PLAINTIFF'S RESPONSE IN**
MRC RECEIVABLES CORPORATION and       **OPPOSITION TO MOTION TO**
MIDLAND CREDIT MANAGEMENT, INC.,    :     **DISMISS FILED BY COHEN &**
                                         **SLAMOWITZ, LLP**

        Defendants.                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Dennis R. Kurz
NY Bar No. 4570453
WEISBERG & MEYERS, LLC
80 Broad Street, 5th Floor
New York, NY 10004
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com
*Attorneys for Plaintiff*

I

# TABLE OF CONTENTS

TABLE OF CONTENTS……………………………………………………..................II

TABLE OF AUTHORITIES………………………………………………………IV

I.    INTRODUCTION……………………………………………………………1

II.   PROCEDURAL HISTORY……………………………………………………2

III.  STANDARD…………………………………………………………………4

IV.  THE PURPORTED OFFER OF JUDGMENT IS VOID ON ITS FACE………………...5

      A.    An Offer Of Judgment That Does Not Conform To Rule 68's Statutory Requirements Is Invalid……………………………………………… 6

      B.    A Rule 68 Offer Of Judgment That Does Not Provide A Plaintiff The Full Statutory 14 Day Period To Accept Or Reject The Offer Is Unenforceable….. 6

      C.    An Invalid And Unenforceable Rule 68 Offer Of Judgment Cannot Serve To Moot A Plaintiff's Claim. ……………………………………………… 8

      D.    C&S's Offer Of Judgment Of Judgment Did Not Provide Plaintiff With The Full Statutory 14 Day Period To Accept Or Reject The Offer And Is Thus Invalid And Unenforceable………………………………………………… 9

V.   C&S'S OFFER OF JUDGMENT FAILS TO PROVIDE COMPLETE RELIEF UNDER THE FDCPA……………………………………………………………… 9

      A.    Because Plaintiff Filed An Amended Class Action Complaint Changing The Potential Recovery, C&S's Rule 68 Offer Of Judgment Must Provide Complete Satisfaction Of The Same, Which It Does Not…………………………….. 10

      B.    Plaintiff Requested, Both In Her Original And Amended Class Action Complaint, And Is Entitled To Actual Damages Under The FDCPA……………………… 10

      C.    Plaintiff Asserted FDCPA Claims Against Two Defendants In Her Original Complaint And Four Defendants In Her Amended Class Action Complaint. Thus, Plaintiff Is Entitled To Statutory Damages Above And Beyond $1,500.00…….. 13

      D.    Plaintiff, The Putative Class, And The General Public Maintain An Interest In The Outcome Of The Subject Litigation Because The FDCPA Affords Aggrieved Parties Relief That Cannot Be Valued Solely In Monetary Terms……………… 15

VI.  DEFENDANT'S ATTEMPT TO PICK OFF THE NAMED PLAINTIFF IS THINLY VEILED AS ITS PURPORTED OFFER WAS MADE THE VERY SAME DAY PLAINTIFF MOVED TO AMEND…………………………………………… 16

      A.    The Third Circuit, In *Weiss v. Regal Collections*, Held That An Offer Of Judgment To A Putative FDCPA Class Representative – In An Amount Equal Or Greater To That Individually Recoverable Under The FDCPA – Does Not Serve To Moot Then-Pending Claims……………………………………………… 17

      B.    The Fifth Circuit, In *Sandoz v. Cingular Wireless LLC*, Held That A Defendant Cannot Moot A Putative Class Action By Presenting The Named Plaintiff With A Rule 68 Offer Of Judgment That Satisfies His Or Her Individual Claim In Full, Because The Relation Back Doctrine Applies…………………………………... 19

      C.    The Tenth Circuit, In *Lucero v. Bureau Of Collection Recovery, Inc.*, Held That A Defendant Cannot "Buy Off" Representative FDCPA Plaintiffs By Tendering An Early Rule 68 Offer Of Judgment For The Full Amount Of The Individual Claims……………………………………………………………… 20

D.    The Ninth Circuit, in *Pitts v. Terrible Herbst, Inc.*, Very Recently Held That A Pre-Certification Rule 68 Offer Of Judgment Will Not Moot A Putative Class Representative's Claims……………………………………………………… 22

E.    Plaintiff's Timely Motion For Class Certification Relates Back To The Date Of Her Complaint; Thus, C&S's Rule 68 Offer Of Judgment Cannot Serve To Moot Her Claims…………………………………………………………………… 23

F.    As A Result Of C&S's Previous Request To Stay Discovery And Current Refusal To Adequately Respond To Discovery, Plaintiff Has Not Had The Opportunity To Conduct Discovery Prior To C&S's Motion…………………………………… 24

## TABLE OF AUTHORITIES

### CASES

*Abrams v. Interco,* 719 F.2d 23 (2d Cir. 1983)……………………………………………… 25

*Bennett v. Am. Med. Response, Inc.,* 226 Fed. App.  725 (9th Cir. 2007)…................................ 13

*Bennett v. Bay ARTea Recovery Servs.,* 2007 U.S. App. LEXIS 7481 (9th Cir. 2007)………… 13

*Blair v. Shanahan,* 795 F. Supp. 309 (N.D. Cal. 1992)…………………………………………  6

*Bond v. Fleet Bank (RI), N.A.,* CIVA. 01-177L, 2002 WL 373475 (D.R.I. Feb. 21, 2002)……. 10

*Boorstein v. City of New York,* 107 F.R.D. 31 (S.D.N.Y. 1985)…………………………………  6

*Cesar v. Rubie's Costume Co., Inc.,* 219 F.R.D. 257 (E.D.N.Y. 2004)……………………………  7

*Chestnut Hill Gulf, Inc. v. Cumberland Farms, Inc.,* 749 F. Supp. 331 (D. Mass. 1990)………. 15

*City of Riverside v. Rivera,* 477 U.S. 561 (1986)……………………………………………… 15

*County of Los Angeles v. Davis,* 440 U.S. 625 (1979)…………………………………………… 4

*Dawson v. Pastrick,* 600 F.2d 70 (7th Cir. 1979)……………………………………………… 16

*Deposit Guaranty National Bank v. Roper,* 445 U.S. 326 (1980) ……………………………… 25

*Designer Skin, LLC v. S&L Vitamins, Inc.,* 2009 WL 981073 (D. Ariz. 2009)………………… 6

*Edeh v. Midland Credit Management, Inc.,* No. 09-CV-1706 (PJS/FLN), --- F. Supp. 2d ----, *9
(D. Minn. 2010)……………………………………………………………………………  8

*Fausto v. Credigy Servs. Corp.,* No. 5:07-CV-05658-JW (N.D.Cal. 2009)……………………… 13

*Flast v. Cohen,* 392 U.S. 83 (1968)……………………………………………………………  4

*Flick v. American Financial Resources, Inc., et al.,* No. 2:10-cv-03084 (April 11, 2011,
E.D.N.Y.)……………………………………………………………………………… 6, 7, 9

*Gamboa v. Carruthers,* 2010 WL 4823671 (M.D. Fla. 2010)…………………………………… 14

*Gonzalez v. Kay,* 577 F.3d 600 (5th Cir. 2009)…………………………………………………  1

*Goodheart Clothing Co. v. Laura Goodman Enters.,* 962 F.2d 268 (2d Cir.1992)……………… 5

*GreenPoint Credit Corp. v. Perez,* 75 S.W.3d 40 (Tex. App. 2002)……………………… 12, 13

*Greisz v. Household Bank, N.A.,* 176 F.3d 1012 (7th Cir. 1999)……………………………… 25

*Herrington v. County of Sonoma,* 12 F. 3d 901 (9th Cir. 1993)………………………………  6

*Holland v. Roeser,* 37 F. 3d 501 (9th Cir. 1994)………………………………………………  6

*Hutchings v. United States Industries, Inc.,* 428 F. 2d 303 (5th Cir. 1970)…………………… 16

*In re Hart,* 246 B.R. 709, 732 (Bankr. D. Mass. 2000)………………………………………… 12

*Jones v. Inv. Retrievers, LLC,* 2011 WL 1565851 (M.D. Pa. Apr. 25, 2011)…………………… 14

*Liles v. American Corrective Counseling Services, Inc.,* 201 F.R.D. 452 (S.D. Iowa 2001)…… 25

*Lucero v. Bureau of Collection Recovery, Inc.,* 639 F.3d 1239 (10th Cir. 2011)..20, 21, 22, 24, 25

*Lusardi v. Xerox Corp.,* 975 F. 2d 964 (3d Cir.1992)…………………………………………17

*Marek v. Chesny,* 473 U.S. 1 (1985)……………………………………………………………  8

*McCammon v. Bibler, Newman & Reynolds, P.A.,* 493 F. Supp. 2d 1166 (D. Kan. 2007)…….. 12

*McCollough v. Johnson, Rodenburg & Lauinger, LLC,* 637 F.3d 939 (9th Cir. 2011)………… 13

*Mendoza v. Regis Corp.,* 2006 WL 1881526 (W.D. Tex. 2006)………………………………  7

*Milton v. Rosicki, Rosicki & Associates, P.C.,* 2007 WL 2262893 (E.D.N.Y. Aug. 3, 2007)..11, 12

*Moore v. Hecker,* 250 F.R.D. 682 (S.D. Fla. 2008)……………………………………………  8

*Nash v. CVS Caremark Corp.,* 683 F. Supp. 2d 195 (D.R.I. 2010)……………………………  8

*Nelson v. Equifax Info. Servs., LLC,* 522 F. Supp. 2d 1222 (C.D. Cal. 2007)………………11, 12

*Overcash v. United Abstract Group, Inc.,* 549 F. Supp. 2d 193 (N.D. N.Y. 2008) ……………14

*Parham v. Southwestern Bell Telephone Co.,* 433 F. 2d 421 (8th Cir. 1970)……………………16

*Peterson v. Continental Airlines, Inc.,* 970 F.Supp. 246 (S.D.N.Y. 1997)…………………………  4

*Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011)……………………….. 22, 23, 24, 25
*Queen v. Nationwide Credit, Inc.*, 2010 WL 4006676 (N.D. Ill. 2010)…………………………. 8
*Rand v. Monsanto Co.*, 926 F 2d 596 (7th Cir.1991)…………………………………………….. 4
*Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224 (2d Cir. 2006)……………………….. 5
*Roble v. Celestica Corp.*, 627 F. Supp. 2d 100 (D. Minn. 2007)………………………………. 8
*Sandoz v. Cingular Wireless LLC*, 553 F.3d 913 (5th Cir. 2008)……………………19, 20, 24, 25
*Schaake v. Risk Management Alternatives, Inc.*, 203 F.R.D. 108 (S.D.N.Y.2001)………….11, 25
*Shapiro v. Credit Prot. Ass'n I, Inc.*, 53 F.Supp.2d 626 (S.D.N.Y.1999)……………………… 5
*Shepherd v. Law Offices of Cohen & Slamowitz, LLP*, 668 F. Supp. 2d 579 (S.D. N.Y. 2009)
………………………………………………………………………………………………………. 10-11
*Silva v. National Telewire Corp.*, 2000 WL 1480269 (D.N.H. 2000))………………………… 25
*Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182, 185 (D.Del. 1991)……………………11
*Simmons v. United Mtg. & Loan Inv., LLC*, --- F. 3d ---, 2011 WL 184356 (4th Cir. 2011)……. 7
*Strasters v. Weinstein & Riley, P.S.*, CV-10-3070-RHW, 2011 WL 3320583 (E.D. Wash. Aug. 2, 2011)………………………………………………………………………………………………… 14
*Sweetland v. Stevens & James, Inc.*, 563 F. Supp. 2d 300 (D. Me. 2008)………………………. 1
*Tolentino v. Friedman*, 46 F. 3d 645 (7th Cir. 1995)……………………………………………15
*U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980)……………………………………20, 21
*United States v. Trident Seafoods Corporation*, 92 F. 3d 855 (9th Cir.1996)…………………… 6
*Vandehey v. Vallario*, 2008 WL 697428 (D. Co. 2008)…………………………………………… 6
*Vargas v. United States*, 2005 WL 2250847 (E.D. Wash. 2005)………………………………… 6
*Webb v. James*, 147 F.3d 617 (7th Cir. 1998)…………………………………………………… 6
*Weiss v. Regal Collections*, 385 F. 3d 337 (3d Cir. 2004)……………………….17, 18, 19, 24, 25
*Wilhelm v. Credico, Inc.*, 2008 WL 5156660 (D.N.D. Dec. 5, 2008)………………………....13
*Wiskur v. Short Term Loans, LLC*, 94 F.Supp.2d 937 (N.D. Ill. 2000)…………………………10
*Yazzie v. Law Offices of Farrell & Seldin & Target Nat'l Bank*, No. 1:10-cv-00292-BB–LFG (D.N.M. Aug. 19, 2011)………………………………………………………………………………13
*Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247 (2d Cir. 2000)………….. 5

## RULES

Fed. R. Civ. P. 12(b)(1)………………………………………………………………………4
Fed. R. Civ. P. 12(h)(3)………………………………………………………………………4
Fed. R. Civ. P. 54(b)…………………………………………………………………………9
Fed. R. Civ. P. 68……………………………………………………………………………9
Fed. R. Civ. P. 68(d)…………………………………………………………………………5

## STATUTES

15 U.S.C. § 1692k(a)………………………………………………………………9, 10, 11
15 U.S.C. § 1692k(b)………………………………………………………………………14, 15

## U.S. CONSTITUTION

U.S. Const. A. III § 2 ……………………………………………………………………….. 4

## OTHER AUTHORITIES

Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50109 (Dec. 13, 1988) (Section 813-Civil Liability)……………………………………………………….11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :

ERIKA SUQUILANDA,

                                                :

          Plaintiff,

                                                :     No. 10 Civ. 5868 (PKC)
       - against -                                ECF Case

                                                :     **PLAINTIFF'S RESPONSE IN**
COHEN & SLAMOWITZ, LLP and                  **OPPOSITION TO MOTION TO**
ENCORE CAPITAL GROUP, INC. and     :     **DISMISS FILED BY COHEN &**
MRC RECEIVABLES CORPORATION and      **SLAMOWITZ, LLP**
MIDLAND CREDIT MANAGEMENT, INC.,    :

          Defendants.               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Plaintiff, Erika Suquilanda ("Plaintiff"), respectfully submits her response in opposition to the Motion to Dismiss filed by Defendant Cohen & Slamowitz, LLP ("C&S").

## I.    INTRODUCTION.

        Plaintiff brings this action, on behalf of herself and all others similarly situated, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, by C&S, MRC Receivables Corporation ("MRC"), Encore Capital Group, Inc. ("Encore"), and Midland Credit Management, Inc. ("MCM"). C&S requests that this Court dismiss Plaintiff's action for "lack of subject-matter jurisdiction." C&S bases its request upon vague references to Article III standing requirements, and suggestions that Plaintiff's claims are "moot" because it served Plaintiff with a premature Rule 68 offer of judgment. C&S fails, however, to inform this Court that federal courts spanning the country have consistently rejected the blurred contentions it now presents.

        C&S's suggestions lack substantive merit for several reasons. Foremost, in order to support a judgment, an offer of judgment must conform to Rule 68's statutory requirements. An

invalid offer of judgment purportedly made pursuant to Rule 68 has no effect. C&S's offer of judgment does not meet the requirements of Rule 68, and is accordingly unenforceable.

Second, notwithstanding non-monetary relief that Plaintiff is entitled to, C&S has not offered Plaintiff "complete relief" in the form of monetary compensation for her claims asserted in her Original Complaint, or her Amended Class Action Complaint. Plaintiff has requested, and is entitled to, actual damages pursuant to the FDCPA.  Additionally, Plaintiff is entitled to statutory damages of $1,000.00 per Defendant, for a total or $2,000.00 under her Original Complaint and $4,000.00 under her Amended Class Action Complaint. In addition, the public character of Plaintiff's action mandates enforcement of the policies underlying the FDCPA so as to promote remedies above and beyond mere private relief. Similarly, Plaintiff and the putative class maintain an existing and legally cognizable interest in the outcome of this matter, but the public as a whole has an interest in the vindication of the statutory rights afforded by the FDCPA

Third, federal courts throughout the nation have consistently rejected C&S's contention that a pre-certification Rule 68 offer of judgment serves to moot a class action filed under the FDCPA. In doing so, many courts, including the United States Supreme Court, have emphatically warned against the very tactic that C&S now seeks to employ – FDCPA defendants attempting to prevent resolution of class-wide violations via unilateral action calculated to "pick off" class representatives.

Subject-matter jurisdiction exists.  The motion must be denied

## II.    PROCEDURAL HISTORY.

On August, 3, 2010, Plaintiff filed her Original Complaint against C&S and MRC. (Doc. 1). On October 19, 2010, C&S filed its Answer and Counterclaim. (Doc. 11). On October 25, 2010, MRC filed its Answer. (Doc. 13). On November 4, 2010, Plaintiff requested leave to file

an Amended Complaint which was granted November 5, 2010. (Doc. 15; Doc. 16). On November 5, 2010, Plaintiff filed her Amended Class Action Complaint against C&S, MRC, Encore, and MCM. (Doc. 18).[1] On November 4, 2010, the same day Plaintiff requested leave to file her Amended Class Action Complaint, C&S mailed its Offer of Judgment to Plaintiff, which was received after the filing of Plaintiff's Amended Class Action Complaint. (See Doc. 52 at 33).

On November 22, 2010, C&S filed a Motion to Dismiss for Failure to State a Claim. (Doc. 20). Plaintiff filed her Response in Opposition on December 10, 2010 and C&S filed its Reply on December 17, 2010. (Doc. 28; Doc. 29). On December 6, 2010, MRC, Encore, and MCM filed a Motion to Dismiss for Failure to State a Claim and for Sanctions under Fed. R. Civ. P. 11. (Doc. 21, re-filed as Doc. 25). Plaintiff filed her Response in Opposition on December 20, 2010. (Doc. 30). On January 25, 2011, MRC, Encore, and MCM filed their Reply. (Doc. 34). On January 31, 2010, C&S filed, and the Court granted, a letter requesting discovery be stayed while C&S's Motion to Dismiss remained pending. (Doc. 35).

On September 8, 2011, the Court issued an Order granting in part and denying in part both the Motions to Dismiss filed by C&S and MRC, Encore, and MCM. (Doc. 38). On September 22, 2011, C&S, MRC, MCM, and Encore each filed an Answer to Plaintiff's Amended Class Action Complaint and Counterclaim. (Doc. 41; Doc. 43; Doc. 45; Doc. 47).

Plaintiff served discovery requests on C&S on October 24, 2011. (See Correspondence dated October 24, 2011, attached hereto as Exhibit "A"). On December 9, 2011, counsel for C&S asserted that she "miscalendared the time to respond" to Plaintiff's discovery requests, and sought a two week extension to respond. (See Correspondence dated December 9, 2011, attached hereto as Exhibit "B"). Plaintiff agreed to allow C&S an additional two weeks to respond to

---

[1] On November 5, 2010, the Court also stayed discovery as to MRC, in its Case Management Plan and Scheduling Order. (See Doc. 17 at 3).

discovery. (See Exhibit "B"). On December 23, 2011, Plaintiff submitted an agreed letter requesting a sixty (60) day extension on the deadline for conducting discovery. (See Doc. 49). On January 5, 2012, the Court granted Plaintiff's letter request and extended the deadline to conduct discovery. (Doc. 49). C&S served its discovery responses on January 11, 2012, over two and a half months after requests were initially served on C&S. (See Correspondence dated January 11, 2012, attached hereto as Exhibit "C"). Nevertheless, C&S's discovery responses were inadequate and a discovery dispute remains. (See Doc. 56).[2]

On January 20, 2012, C&S filed the present Motion to Dismiss for Lack of Subject-Matter Jurisdiction. (Doc. 51).

## III.   STANDARD.

Article III of the United States Constitution limits the jurisdiction of the federal courts to "cases and controversies." U.S. Const. A. III § 2; *Flast v. Cohen,* 392 U.S. 83, 94 (1968). When the issues presented in a case are no longer "live" or the parties lack a legally cognizable interest in the outcome, the case becomes moot and the court no longer has subject-matter jurisdiction. *County of Los Angeles v. Davis,* 440 U.S. 625, 631 (1979). Outside the context of a class action, an offer of complete relief will generally moot the plaintiff's claim, as at that point the plaintiff retains no personal interest in the outcome of the litigation. *Rand v. Monsanto Co.,* 926 F 2d 596, 598 (7th Cir.1991).

Motions to dismiss under Rule 12(h)(3) and Rule 12(b)(1) are subject to the same standards. *See Peterson v. Continental Airlines, Inc.*, 970 F.Supp. 246, 248–49 (S.D.N.Y. 1997). In considering a motion to dismiss for lack of subject-matter jurisdiction, a court may resolve

---

[2] On January 26, 2012, the Court issued its an Order requiring a face-to-face, meet and confer session to be held on or before February 3, 2012 in a good faith attempt to resolve or narrow outstanding discovery disputes. (Doc. 56). The Order further required counsel for the parties to submit a joint letter by February 10, 2012 if the discovery disputes have not been resolved. (Doc. 56).

disputed jurisdictional facts by referring to evidence outside the pleadings. *See Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

## IV.    THE PURPORTED OFFER OF JUDGMENT IS VOID ON ITS FACE.

Rule 68 is a cost-shifting rule designed to encourage settlements without the burdens of additional litigation." *Reiter v. MTA N.Y. City Transit Auth.,* 457 F.3d 224, 229 (2d Cir. 2006). Fed. R. Civ. P. 68(d). The Second Circuit has determined that Rule 68 offers of judgment are to be "construed according to ordinary contract principles." *See Goodheart Clothing Co. v. Laura Goodman Enters.,* 962 F.2d 268, 272 (2d Cir.1992). Should some ambiguity exist in the language of a Rule 68 offer, that ambiguity must be resolved against the defendant. *See Shapiro v. Credit Prot. Ass'n I, Inc.,* 53 F.Supp.2d 626, 628 (S.D.N.Y.1999).

In order to support a judgment, an offer of judgment must conform to Rule 68's statutory requirements. An offer that does not satisfy the requirements of Rule 68 does not entitle the offeror to the specialized benefits of the rule. An invalid offer of judgment purportedly made pursuant to Rule 68 has no effect. C&S's offer of judgment does not meet the requirements of Rule 68, and is accordingly unenforceable. Without more, it cannot serve to trigger the operation of Rule 68, and in turn does not moot Plaintiff's claims. Rule 68 provides, in part:

> (a) Making an Offer; Judgment on an Accepted Offer. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, **within 14 days after being served**, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68 (emphasis added).

### A.    An Offer Of Judgment That Does Not Conform To Rule 68's Statutory Requirements Is Invalid.

An offer of judgment must conform to the statutory requirements of Rule 68 in order to be valid and proper.[3] *Herrington v. County of Sonoma*, 12 F. 3d 901, 907 (9th Cir. 1993); s*ee also Vargas v. United States*, 2005 WL 2250847, *2 (E.D. Wash. 2005) (offer must satisfy the technical requirements of Rule 68). Courts require strict adherence to the language of the Rule 68 out of necessity. *See Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998) ("[A] plaintiff who receives a Rule 68 offer is in a difficult position because the offer has a binding effect when refused as well as when accepted. . . . Adherence to the language of the offer whenever possible alleviates . . . unfairness to the plaintiff.'"); *Blair v. Shanahan*, 795 F. Supp. 309, 316 (N.D. Cal. 1992) ("Rule 68 is a powerful tool. It can be used by defendants to make an offer which, if refused, may be used against the plaintiff later. This Court should not add to that power. . . . "); *Boorstein v. City of New York*, 107 F.R.D. 31, 34 (S.D.N.Y. 1985) (ambiguous Rule 68 offers should be clarified or stricken to further the purpose of Rule 68, which is to encourage settlement and protect the ability of parties to make reasonable decisions in conducting litigation).

### B.    A Rule 68 Offer Of Judgment That Does Not Provide A Plaintiff The Full Statutory 14 Day Period To Accept Or Reject The Offer Is Unenforceable.

Courts have emphasized the importance of allowing a plaintiff the full statutory 14 day period (10 days prior to the December 1, 2009 amendment to Rule 68) to consider an offer of judgment. *See Flick v. American Financial Resources, Inc., et al.*, No. 2:10-cv-03084 (April 11, 2011, E.D.N.Y.) (denying request to confirm validity of offer of judgment and finding offer of judgment void on its face for failing to provide 14 days for acceptance), attached hereto as

---

[3] Likewise, the mandatory language of Rule 68 leaves no room for district court discretion in enforcing offers of judgment. *See United States v. Trident Seafoods Corporation*, 92 F. 3d 855, 859 (9th Cir.1996), *cert. denied*, 519 U.S. 1109 (1997); *Designer Skin, LLC v. S&L Vitamins, Inc.*, 2009 WL 981073, * 1 (D. Ariz. 2009). Any ambiguities must be construed against the drafter. *Holland v. Roeser*, 37 F. 3d 501, 504 (9th Cir. 1994).

Exhibit "D"; *see, e.g., Simmons v. United Mtg. & Loan Inv., LLC,* --- F. 3d ---, 2011 WL 184356, *7 (4th Cir. 2011) (letter did not constitute a valid offer of judgment because it "provided for a five day window to accept the Defendants' offer rather than a ten day window as provided by the applicable version of Rule 68"); *Mendoza v. Regis Corp.*, 2006 WL 1881526, *3 (W.D. Tex. 2006) (letter did not constitute a Rule 68 offer of judgment because it "demanded a response within seven calendar days, rather than the ten days provided by Rule 68 for consideration of a settlement offer").

The rationale was best stated by the D.C. Circuit:

> Rule 68 sets forth a rather finely tuned procedure; unlike a normal contract offer, an offer of judgment under the Rule imposes certain consequences that can be costly for the plaintiff who declines the offer. The Rule is thus designed to put significant pressure on the plaintiff to think hard about the likely value of its claim as compared to the defendant's offer. In return, the plaintiff, as we understand the scheme, is guaranteed 10 days to ponder the matter (as though the plaintiff had paid for a 10–day option). If the Rule were to be read as Amtrak urges, the pressure on the plaintiff would be greater than the Rule contemplates, because the Rule so construed would allow a defendant to engage in tactical pressuring maneuvers.

*Richardson,* 49 F.3d at 765. "In other words, Rule 68 is designed to emphasize settlement and this is best accomplished through a procedure that allows for offers that are irrevocable for a short period of time." *Cesar v. Rubie's Costume Co., Inc.*, 219 F.R.D. 257, 260 (E.D.N.Y. 2004). By providing less than the fourteen (14) days for acceptance as mandated by Rule 68, greater pressure on is placed on a plaintiff than is contemplated by the Rule. Thus, failing to allow a plaintiff the full statutory 14 day period to consider an offer of judgment "proves fatal . . . because the Offer of Judgment does not comply with Rule 68. (Exhibit "D" at 2 (*Flick*, No. 2:10-cv-03084)).

### C.     An Invalid And Unenforceable Rule 68 Offer Of Judgment Cannot Serve To Moot A Plaintiff's Claim.

To have the effect of mooting an action, an offer of judgment must be valid:

> Defendant cites to numerous cases to support its proposition that "a valid offer of judgment that would satisfy Plaintiff's entire claim for relief . . . leaves nothing for the court to resolve, effectively mooting the action and removing jurisdiction." As Defendant states, the offer must be a "*valid* offer of judgment" and the critical issue before this court is the validity of an offer of judgment that is challenged as ambiguous. . . .

> A Rule 68 offer of judgment may have severe cost-shifting consequences whether the offeree accepts or rejects the offer and therefore, if an offer is determined to be ambiguous, courts have refused to permit costs to be shifted and have denied motions to dismiss based on lack of subject matter jurisdiction and mootness.

*Moore v. Hecker*, 250 F.R.D. 682-684 (S.D. Fla. 2008); *see also Queen v. Nationwide Credit, Inc.,* 2010 WL 4006676, *4 (N.D. Ill. 2010) (motion to dismiss for lack of subject-matter jurisdiction denied where defendant never presented plaintiff with a valid offer of judgment under Rule 68); *Edeh v. Midland Credit Management, Inc.*, No. 09-CV-1706 (PJS/FLN), --- F. Supp. 2d ----, *9 (D. Minn. 2010) (discussing whether a *valid* offer of judgment that would satisfy a plaintiff's entire claim for relief eliminates the controversy between the parties and leaves nothing for the court to resolve, mooting the action and removing jurisdiction); *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1012-13 (D. Minn. 2007) (same, repeatedly using the word "valid"); *Nash v. CVS Caremark Corp.*, 683 F. Supp. 2d 195, 195 (D.R.I. 2010) ("Nothing in the text of the rules of procedure addressing offers of judgment compels dismissal of a case for lack of subject-matter jurisdiction when a plaintiff rejects an *adequate* offer of judgment; rather the rule creates what amounts to a penalty scheme when a plaintiff moves forward with litigation despite being offered the maximum damages she can hope to obtain at trial.") (emphasis added); *accord Marek v. Chesny*, 473 U.S. 1, 5 (1985) (in analyzing denial of costs incurred after offer, court must first determine whether offer was valid under Rule 68).

8

**D.** **C&S's Offer Of Judgment Of Judgment Did Not Provide Plaintiff With The Full Statutory 14 Day Period To Accept Or Reject The Offer And Is Thus Invalid And Unenforceable.**

Rule 68 requires a plaintiff be provided fourteen (14) days to serve written notice of acceptance of the offer. *See* Fed. R. Civ. P. 68; *surpa*, Section IV(A)-(D). C&S's Offer of Judgment states: "[t]his offer will be deemed withdrawn unless you serve a written notice of acceptance of the offer within 10 days of the date that it was served on you." (See Doc. 52 at 31-32). The Eastern District of New York recently analyzed a similar offer of judgment and stated:

> After reviewing Rule 68, the Court noticed that Defendant was relying on the pre-2009 amendment of Rule 68 which set a shorter timeline for Plaintiff to accept the offer. Prior to 2009, Rule 68 provided ten (10) days for the opposing party to serve written notice if the offer was being accepted. However, the current version of Rule 68 gives a party a window of fourteen (14) days to serve written notice of acceptance of an offer of judgment. *See* Fed. R. Civ. P. 68(a) ("If within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service."). Since Defendant's Offer of Judgment was made on November 12, 2010, and the current version of Rule 68 became effective December 1, 2009, the current version of the Rule applies here. As such, AFR's incorrect designation of the time allotted for Plaintiff to serve written notice of acceptance makes the Offer of Judgment void on its face.

(Exhibit "D" at 2 (*Flick*, No. 2:10-cv-03084)).

C&S's Offer of Judgment failed to provide Plaintiff with the full statutory period to accept or reject the offer. Therefore, it is invalid and unenforceable. (See Exhibit "D").[4]

**V.** **C&S'S OFFER OF JUDGMENT FAILS TO PROVIDE COMPLETE RELIEF UNDER THE FDCPA.**

The FDCPA at section 1692k(a) provides, in relevant part:

> Except as otherwise provided by this section, **any debt collector** who fails to comply with any provision of this subchapter with respect to any person **is liable to such person in an amount equal to the sum of**—

---

[4] Important, a Rule 68 offer of judgment, presented by less than all party-defendants to an action, triggers the application of Rule 54(b). In the instant matter, Rule 54(b) requirements cannot be satisfied. Thus, because Rule 54(b) is inappropriate, Plaintiff's claims are not subject to dismissal and final judgment may not be entered.

(1) any actual damage sustained by such person as a result of such failure;

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;

(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector;

15 U.S.C. 1692k(a) (emphasis added).

A.   **Because Plaintiff Filed An Amended Class Action Complaint Changing The Potential Recovery, C&S's Rule 68 Offer Of Judgment Must Provide Complete Satisfaction Of The Same, Which It Does Not.**

"Plaintiff filed an amended complaint after [C&S's] offer of judgment. Thus, the question becomes whether the amended complaint changed plaintiff's potential recovery, since the offer of judgment was based upon the original complaint." *Bond v. Fleet Bank (RI), N.A.*, CIV.A. 01-177L, 2002 WL 373475, *4 (D.R.I. Feb. 21, 2002). "The amended complaint seeks an additional recovery: that on behalf of the class that [Plaintiff] seeks to represent." *Id.* "[C&S]'s offer of judgment provided no relief for the putative class members and ignored that portion of the [Amended Class Action] [C]complaint" *Id.* In fact, even if Plaintiff amended her complaint after the Rule 68 Offer of Judgment lapsed, C&S's Offer of Judgment would be required to provide complete satisfaction of the claims in the Amended Class Complaint. *See Wiskur v. Short Term Loans, LLC*, 94 F.Supp.2d 937 (N.D. Ill. 2000).

B.   **Plaintiff Requested, Both In Her Original And Amended Class Action Complaint, And Is Entitled To Actual Damages Under The FDCPA.**

"[A] plaintiff is limited to $1,000 plus costs and attorneys' fees for her claim under FDCPA *only if she does not assert any claim for actual damages.*" *Shepherd v. Law Offices of Cohen & Slamowitz, LLP*, 668 F. Supp. 2d 579, 582 (S.D.N.Y. 2009) (emphasis in original).

"Where a claimant does not sustain any actual damages, the Fair Debt Act limits the liability of a 'debt collector' to 'such additional damages the court may allow, but not exceeding $1,000' and 'costs of the action, together with a reasonable attorney's fee as determined by the court.'" *Schaake v. Risk Management Alternatives, Inc.,* 203 F.R.D. 108, 109 (S.D.N.Y.2001). However, a debt collector who fails to comply with any provision of the FDCPA is liable for actual damages sustained as a result of such a failure.  15 U.S.C.  § 1692k(a)(1); *see also Gonzalez v. Kay*, 577 F.3d 600, 604 (5th Cir. 2009) ("A debt collector who violates the FDCPA is liable for actual damages, additional damages of up to $1,000, and attorneys' fees."), *cert. denied*, 130 S. Ct. 1505 (2010). "A plaintiff in such an action is entitled to any actual damages she can prove, plus up to $1,000 in 'additional' damages. 'Additional' means over and above actual damages, which are separately recoverable." *Shepherd*, 668 F. Supp. 2d at 582. Actual damages compensate a plaintiff for out of pocket expenses, personal humiliation, embarrassment, mental anguish, and/or emotional distress that results from defendant's failure to comply with the FDCPA. *Milton v. Rosicki, Rosicki & Associates, P.C.*, 2007 WL 2262893, *3 (E.D.N.Y. Aug. 3, 2007) (citing *Smith v. Law Offices of Mitchell N. Kay,* 124 B.R. 182, 185 (D.Del. 1991)); Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50109 (Dec. 13, 1988) (Section 813-Civil Liability) (noting "actual damages" for FDCPA violations include "damages for personal humiliation, embarrassment, mental anguish, or emotional distress" as well as "out-of-pocket expenses").

The FDCPA does not require any specific form of proof regarding actual damages.  *See Sweetland v. Stevens & James, Inc.,* 563 F. Supp. 2d 300, 303-04 (D. Me. 2008) (awarding emotional distress damages under the FDCPA even though no documentary evidence or expert testimony was submitted); *Nelson v. Equifax Info. Servs., LLC*, 522 F. Supp. 2d 1222, 1235

(C.D. Cal. 2007) (finding plaintiff's "testimony alone can sufficiently establish emotional distress damages, such that a jury could find in her favor on that issue," notwithstanding defendant's contention that medical or psychological evidence was required); *McCammon v. Bibler, Newman & Reynolds, P.A.*, 493 F. Supp. 2d 1166, 1172 (D. Kan. 2007) (noting lack of any authority for the proposition that a plaintiff cannot recover actual damages under the FDCPA without expert testimony); *In re Hart,* 246 B.R. 709, 732 (Bankr. D. Mass. 2000) (accepting plaintiff's testimony that he was angered, frustrated, and emotionally distressed by defendant in awarding emotional distress damages in FDCPA case).

Here, Plaintiff has requested actual damages in both her Original Complaint as well as her Amended Class Action Complaint. Plaintiff's Original Complaint alleges that C&S's "actions constitute conduct highly offensive to a reasonable person, and as a result of [C&S's] behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress." (Doc. 1 ¶20). Further, Plaintiff requested "actual damages, pursuant to 15 U.S.C. §1692k." (Doc. 1 at 4-5). Similarly, Plaintiff's Amended Class Action Complaint seeks "actual damages, pursuant to 15 U.S.C. §1692k, in an amount to be determined by the jury" through her. (Doc. 18 at 27).

C&S's Offer of Judgment was for "$1,500.00." (Doc. 52 at 31). C&S asserts that "Plaintiff can recover no more than $1,000.00 in statutory damages" – an assertion that Plaintiff disputes, *infra*, Section V(B). (Doc. 53 at 5). Thus, C&S essentially argues that Plaintiff is entitled to no more than $500.00 in actual damages. However, there is no limit on the amount of actual damages a consumer may be awarded under the FDCPA. While "courts generally award actual damages ranging from $100.00 to $5000.00," larger awards are not uncommon. *Milton*, 2007 WL 2262893 at *5; *see, e.g.*, *GreenPoint Credit Corp. v. Perez*, 75 S.W.3d 40, 46 (Tex.

App. 2002) (affirming jury's award of $5,000,000 in compensatory damages for unfair collection practices); *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011) (affirming jury's award of $250,000 for emotional distress under the FDCPA); *Yazzie v. Law Offices of Farrell & Seldin & Target Nat'l Bank*, No. 1:10-cv-00292-BB–LFG (D.N.M. Aug. 19, 2011) (awarding $161,000 in compensatory damages under FDCPA); *Bennett v. Am. Med. Response, Inc.*, 226 Fed. App.  725, 728 (9th Cir. 2007) (affirming award of $100,000 in compensatory damages under FDCPA); *Fausto v. Credigy Servs. Corp.*, No. 5:07-CV-05658-JW (N.D.Cal. 2009) (awarding $100,000 in compensatory damages for violations of FDCPA and state law); *Bennett v. Bay ARTea Recovery Servs.*, 2007 U.S. App. LEXIS 7481 (9th Cir. 2007) (affirming trial court's $100,000 default judgment award of based upon egregious debt collection practices under FDCPA). As such, C&S's Offer of Judgment fails provide complete relief. *See Wilhelm v. Credico, Inc.*, 2008 WL 5156660 (D.N.D. Dec. 5, 2008) (affirming trial court's finding that Rule 68 Offer of Judgment did not moot the plaintiff's claims because the determination of actual damages falls within the province of the jury).

Plaintiff has requested, and is entitled to, actual damages under the FDCPA.  However, C&S's Rule 68 Offer of Judgment fails to provide complete satisfaction of Plaintiff's actual damages. As a result, subject-matter jurisdiction exists and C&S's Motion to Dismiss must be denied.

   **C.  Plaintiff Asserted FDCPA Claims Against Two Defendants In Her Original Complaint And Four Defendants In Her Amended Class Action Complaint. Thus, Plaintiff Is Entitled To Statutory Damages Above And Beyond $1,500.00.**

The United States District Court for the Northern District of New York recently held that an FDCPA Plaintiff is entitled to statutory damages in the amount of $1,000 per defendant:

> At least one court has held that the FDCPA limits the total recovery of additional damages to $1,000. *See Dowling v. Kucker Kraus & Bruh, LLP,* No. 99-cv-11958, 2005 WL 1337442, at *3 n. 3 (S.D. N.Y. Jun. 6, 2005). By its terms, however, the statute does not impose such a limitation. The statute provides, in part, that "**any debt collector . . . is liable" for additional damages not to exceed $1,000.** 15 U.S.C. § 1692k(a). In other words, **the limitation that the statute imposes is cast not in terms of the plaintiff's recovery, but in terms of the defendant's liability**. Thus, **in the case of multiple defendants, each may be liable for additional damages of up to $1,000.** *See Ganske v. Checkrite, Ltd.,* No. 96-cv-0541, 1997 WL 33810208, at *5 (W.D. Wis. Jan. 6, 1997). As a corollary to this, United Abstract and American Credit are not jointly and severally liable for the full $2,000 in additional damages that the court imposes; rather, each is individually liable for $1,000 in additional damages.

*Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 197 (N.D. N.Y. 2008) (emphasis added); *see also Strasters v. Weinstein & Riley, P.S.,* CV-10-3070-RHW, 2011 WL 3320583, *3 (E.D. Wash. Aug. 2, 2011) ("Of the cases addressing the issue, most find that multiple defendants are each separately, rather than joint and severally, liable for [statutory damages of up to $1,000]."); *Jones v. Inv. Retrievers, LLC*, 2011 WL 1565851 *7 (M.D. Pa. Apr. 25, 2011) ("[T]he plaintiff is limited to $1,000 per defendant per filed action, for a total of $2,000 in the present action. . . . The clear language of this provision requires that a maximum of $1,000 may be awarded against any debt collector in an action.""); *Gamboa v. Carruthers*, 2010 WL 4823671 at *1 (M.D. Fla. 2010); ("Accordingly, Plaintiff is awarded the maximum damages of $1,000 per defendant under each statute for a total of $2,000 per defendant.").

Similarly, the "factors considered by a court" in determining damages – in both the individual and class action context – reference monetary awards in terms of amounts imposed per debt collector, and not per action. *See* 15 U.S.C. § 1692k(b)(1)-(2) ("In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors . . . . in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such

noncompliance, and the extent to which such noncompliance was intentional . . . . in any class action under subsection (a)(2)(B) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional."). Simply, where a plaintiff properly names more than one party as a defendant under the FDCPA – as Plaintiff did here – the more reasonable interpretation is that the statute provides for monetary awards in terms of each defendant's liability.

Because Plaintiff could have recovered up to $1,000.00 from each named defendant in its Complaint (C&S and MRC) for a total of $2,000.00, and can recover up to $1,000 from each named defendant in her Amended Class Action Complaint (C&S, MRC, MCM, and Encore) for a total of $4,000.00, C&S's Offer of Judgment in the amount of $1,500.00 neither divests her of a legally cognizable interest in the outcome of this matter, "moots [P]laintiff's action" nor "deprives this Court of jurisdiction," as asserted by C&S. (See Doc. 53 at 6).

**D.     Plaintiff, The Putative Class, And The General Public Maintain An Interest In The Outcome Of The Subject Litigation Because The FDCPA Affords Aggrieved Parties Relief That Cannot Be Valued Solely In Monetary Terms.**

Financial compensation is not the "be all and end all." *Chestnut Hill Gulf, Inc. v. Cumberland Farms, Inc*., 749 F. Supp. 331, 333 (D. Mass. 1990). "Rule 68 was not intended to preclude parties from having their day in court where more could be gained from litigating a matter than from accepting a settlement." *Id*.  "Unlike most private tort litigants, [a plaintiff who brings an FDCPA action] seeks to vindicate important * * * rights that cannot be valued solely in monetary terms," and Congress has determined that the public as a whole has an interest in the vindication of the statutory rights." *Tolentino v. Friedman*, 46 F. 3d 645, 652 (7th Cir. 1995) (citing *City of Riverside v. Rivera,* 477 U.S. 561 (1986)) (internal quotation marks omitted).

"[P]rivate attorneys general should not be deterred from bringing good faith actions to vindicate [their] fundamental rights" by the tender of Rule 68 offers of judgment. *See Dawson v. Pastrick*, 600 F.2d 70, 75 (7th Cir. 1979); s*ee also Parham v. Southwestern Bell Telephone Co.*, 433 F. 2d 421, 428 (8th Cir. 1970) ("[T]he success or failure of the plaintiff's individual claim in this litigation need not determine the availability of relief to rectify the employer's class discrimination."); *Hutchings v. United States Industries, Inc.*, 428 F. 2d 303, 311 (5th Cir. 1970) ("Once the judicial machinery has been set in train, the proceeding takes on a public character in which remedies are devised to vindicate the policies of the Act, not merely to afford private relief.").[5] Because not only Plaintiff, but also the general public and the putative class members, maintains a personal interest in the outcome of this matter, Plaintiff's action is not moot.

## VI.   DEFENDANT'S ATTEMPT TO PICK OFF THE NAMED PLAINTIFF IS THINLY VEILED AS ITS PURPORTED OFFER WAS MADE THE VERY SAME DAY PLAINTIFF MOVED TO AMEND.

C&S mailed its Offer of Judgment to Plaintiff on the same day Plaintiff requested leave to file her Amended Class Action Complaint, and was received after her Amended Class Action Complaint was filed. (See Doc. 52 at 33). To the extent C&S was attempting to "pick off" Plaintiff and derail the representative action through satisfaction of her individual claims, courts spanning the country have consistently rejected the contention that a pre-certification Rule 68 offer of judgment serves to moot a class action filed under the FDCPA. In fact, the danger presented by such an argument weighs not only against its contentions, but in favor of certification. *See Vandehey v. Vallario*, 2008 WL 697428, *12 (D. Co. 2008) ("The danger of mootness of these claims cuts in favor of class certification here.")

---

[5] Many, many consumers who are members of the putative class continue to have a live stake in this controversy. The difficulty with enforcing these claims on an individual basis is twofold.  First, they are not well publicized. Second, relative to the prospective recovery, these claims are prohibitively expensive to prosecute individually. C&S banks on the fact that most putative class members are not aware that C&S has violated their rights.  That C&S litigates and settles the few dozen individual claims that trickle through, is a testament to the wide net cast.

**A.** **The Third Circuit, In *Weiss v. Regal Collections*, Held That An Offer Of Judgment To A Putative FDCPA Class Representative – In An Amount Equal Or Greater To That Individually Recoverable Under The FDCPA – Does Not Serve To Moot Then-Pending Claims.**

In *Weiss v. Regal Collections*, the plaintiff filed a class action complaint alleging violations of the FDCPA. 385 F. 3d 337, 339 (3d Cir. 2004). Prior to the date on which the plaintiff moved to certify a class, the defendants served the plaintiff with a Rule 68 offer of judgment in the amount of $1,000 plus attorneys' fees and costs. *Id*. at 340. The defendants' Rule 68 offer of judgment did not provide for relief to the putative class. *Id*. The plaintiff refused to accept the defendants' offer of judgment. *Id*. The defendant thereafter filed a motion to dismiss the plaintiff's claims, arguing that the action was rendered moot. *Id*. The district court agreed with the defendants and dismissed the plaintiff's complaint. *Id*. The plaintiff appealed the district court's order dismissing the case for lack of subject-matter jurisdiction, and the United States Court of Appeals for the Third Circuit reversed the decision of the district court. *Id*. at 350.

The Third Circuit framed its opinion against the backdrop of a single issue: "The principal question, therefore, is whether defendants' Rule 68 offer mooted the claim." *Id*. at 340. Prefacing its discussion, the Third Circuit noted: "The question of mootness in the class action context is not a simple one." *Id*. at 342 (citing *Lusardi v. Xerox Corp.,* 975 F. 2d 964, 974 (3d Cir.1992) ("[S]pecial mootness rules apply in the class action context, where the named plaintiff purports to represent an interest that extends beyond his own.")). In accord therewith, and after analyzing the purposes underlying Rule 23, the Third Circuit explained:

> As sound as is Rule 68 when applied to individual plaintiffs, its application is strained when an offer of judgment is made to a class representative. . . . allowing the defendants here to "pick off" a representative plaintiff with an offer of judgment less than two months after the complaint is filed may undercut the viability of the class action procedure, and frustrate the objectives of this procedural mechanism for aggregating small claims, like those brought under the FDCPA.

      \*      \*      \*

> Allowing defendants to "pick off" putative lead plaintiffs contravenes one of the primary purposes of class actions – the aggregation of numerous similar (especially small) claims in a single action.
>
> Moreover, a rule allowing plaintiffs to be "picked off" at an early stage in a putative class action may waste judicial resources by "stimulating successive suits brought by others claiming aggrievement." *Roper*, 445 U.S. at 339, 100 S. Ct. 1166. This result is contrary to the purpose of Fed. R. Civ. P. 68 as well. *See* 13 Moore's Federal Practice § 68.02[2], at 68-7 (3d ed. 2004) ("The primary purpose of Rule 68 is to promote settlements and avoid protracted litigation.").

*Id*. at 344-345.

Continuing, the Third Circuit emphasized the explicit provision included in the FDCPA providing for class damages, noting: "Representative actions, therefore, appear to be fundamental to the statutory structure of the FDCPA. Lacking this procedural mechanism, meritorious FDCPA claims might go unredressed because the awards in an individual case might be too small to prosecute an individual action." *Id*. at 345.

The Third Circuit then made abundantly clear that a putative class action under the FDCPA is not rendered moot simply because, prior to the time the named plaintiff, acting without any undue delay, was able to move for class certification, the defendant made an offer of judgment in the full amount that the named plaintiff could recover on his individual claims.

> Absent undue delay in filing a motion for class certification, therefore, where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint.[6]
>
> To hold otherwise would predictably result in a plaintiff who seeks class relief in a consumer representative action filing a motion for class certification at the time of filing the class complaint. As one trial court noted: "Hinging the outcome of this motion [to dismiss] on whether or not class certification has been filed is not well-supported in the law nor sound judicial practice; it would encourage a 'race

---

[6] The Third Circuit's statement is drafted with reference to its previous observation that "mootness . . . can be avoided through certification of a class prior to expiration of the named plaintiff's personal claim." *Id*. at 345 (citing *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 298 (1980)).

to pay off" named plaintiffs very early in the litigation, before they file motions for class certification."

*Id*. at 348. [7]

**B.    The Fifth Circuit, In *Sandoz v. Cingular Wireless LLC*, Held That A Defendant Cannot Moot A Putative Class Action By Presenting The Named Plaintiff With A Rule 68 Offer Of Judgment That Satisfies His Or Her Individual Claim In Full, Because The Relation Back Doctrine Applies.**

In *Sandoz v. Cingular Wireless LLC*, the Fifth Circuit considered an issue nearly identical to that presented here: Can a defendant moot a putative class action by presenting the named plaintiff with an offer that arguably satisfies his or her individual claim in full? 553 F.3d 913, 914-15 (5th Cir. 2008).[8] The court held that although a defendant could, in theory, moot an alleged representative action by paying the named plaintiff's claim in full, "the relation back principle ensures that defendants cannot unilaterally 'pick off' collective action representatives and thwart the availability of collective actions . . . ." *Id*. at 922. Stated otherwise, the Fifth Circuit noted: "Luckily . . . the relation back doctrine provides a mechanism to avoid [the] anomaly" that potentially presents itself where a defendant attempts to use Rule 68 "as a sword" to "pick off" representative plaintiffs and avoid ever having to face a collective action. *Id*. at 920. Explaining that sound judicial administration does not permit a defendant to "buy off" the individual claims of a named plaintiff, the court reiterated the dangers of allowing a defendant to "pick off" class representatives by making an offer of judgment to the named plaintiff alone:

---

[7] Noteworthy, *Weiss* has garnered significant academic support. *See, generally*, 13 James Moore, Moore's Federal Practice, § 68.03[3], at 68-19; D. Lueck, The Third Circuit Adopts the Relation-Back Doctrine to Prevent Defendants From "Picking Off" Representative Plaintiffs of Putative Class Actions in *Weiss v. Regal Collections*. 50 Vill. L. R. 1285 (2005); D. Koysza, Preventing Defendants from Mooting Class Actions by Picking Off Named Plaintiffs. 53 Duke L.J. 781 (2003) (agreeing with relation back methodology).

[8] The fact that the Court in *Sandoz* did not examine this issue in the context of the FDCPA is not relevant to the issue here.  The class action in *Sandoz* was filed under the Fair Labor Standards Act, which includes a provision requiring that an individual "opt in" to a class action to become a party who is bound by, and may benefit from, a judgment.  *Id*. at 916.  Contrary, in a Rule 23 proceeding, if the action is maintainable as a class action, each individual who falls within the class definition is considered to be a party bound by judgment, whether favorable or unfavorable, unless he or she has "opted out" of the class action.  *Id*.  Acknowledging such a distinction, this Court noted: "The status of a case as being an 'opt in' or 'opt out' class action has no bearing on whether a defendant can unilaterally moot a plaintiff's case through a Rule 68 offer of judgment."  *Id*. at 920.

> By tendering to the named plaintiffs the full amount of their personal claims each time suit is brought as a class action, the defendants can in each successive case moot the named plaintiffs' claims before a decision on certification is reached. A series of individual suits, each brought by a new named plaintiff, could individually be "picked off" before class certification . . . . The fact remains that in those cases in which it is financially feasible to pay off successive named plaintiffs, the defendants would have the option to preclude a viable class action from ever reaching the certification stage.

*Id.* (quoting *Zeidman v. J. Ray McDermott & Co.,* 651 F.2d 1030, 1050 (5th Cir. 1981)).[9]

Explicitly refusing to allow the defendant to frustrate the plaintiff's statutorily mandated right to proceed with a collective action – by utilizing Rule 68 to "pick off" a representative plaintiff – the court then directed that when a representative plaintiff "files a timely motion for certification of a collective action, that motion relates back to the date the plaintiff filed the initial complaint, particularly when one of the defendant's first actions is to make a Rule 68 offer of judgment." *Sandoz,* 553 F.3d at 920-21. Thus, the Court made clear that a defendant's Rule 68 offer of judgment cannot serve to moot a putative class action where a final decision as to the propriety of the named plaintiff's motion for class certification has not been made. Simply, if the district court ultimately grants the named plaintiff's motion for class certification, the Rule 68 offer would not satisfy the claims of all the unnamed members of the class action. *Id.* at 921.

### C.     The Tenth Circuit, In *Lucero v. Bureau Of Collection Recovery, Inc.*, Held That A Defendant Cannot "Buy Off" Representative FDCPA Plaintiffs By Tendering An Early Rule 68 Offer Of Judgment For The Full Amount Of The Individual Claims.

In *Lucero v. Bureau of Collection Recovery, Inc.*, the plaintiff filed a class action complaint against the defendant, alleging violations of the FDCPA. 639 F.3d 1239, 1241 (10th

---

[9] "This result is precisely what the relation back doctrine of Sosna, Gerstein and Swisher condemns . . . ." *Zeidman,* 651 F.2d at 1050; *see also id.* at 1051 ("'If the class action device is to work, the courts must have a reasonable opportunity to consider and decide a motion for certification. If a tender made to the individual plaintiff while the motion for certification is pending could prevent courts from ever reaching the class action issues, that opportunity is at the mercy of a defendant, even in cases where a class action would be most clearly appropriate.'") (quoting *Susman v. Lincoln American Corp.*, 587 F.2d 866, 870 (7th Cir. 1978), *cert. denied*, 445 U.S. 942 (1980)).

Cir. 2011). On the same date that the defendant filed its answer, it also served the plaintiff with a Rule 68 offer of judgment in the amount of $3,001, plus reasonable attorneys' fees and costs. *Id*. Months later, the defendant filed its motion to dismiss the plaintiff's class action complaint for lack of subject-matter jurisdiction. Months after that, the plaintiff filed his motion for class certification. *Id*. The district court eventually granted the defendant's motion to dismiss the plaintiff's class action complaint, concluding that jurisdiction was not present "over a case where no class has been certified but the defendant has satisfied the plaintiff's demand for relief." *Id*. The plaintiff appealed the district court's order dismissing his case for lack of subject-matter jurisdiction, and the Tenth Circuit reversed the decision of the district court. *Id*.

The Tenth Circuit held that "a named plaintiff in a proposed class action for monetary relief may proceed to seek timely class certification where an unaccepted offer of judgment is tendered in satisfaction of the plaintiff's individual claim before the court can reasonably be expected to rule on the class certification motion." *Id*. at 1250. In doing so, the Tenth Circuit reiterated the prevailing view that defendants in class action lawsuits cannot "buy off" class action plaintiffs by tendering an early Rule 68 offer of judgment for the full amount of individual claims. *Id*. at 1241, 1250.

Recognizing that if a defendant makes an offer of judgment in complete satisfaction of a plaintiff's claims "in a non-class action," the plaintiff's claims are rendered moot because he lacks a remaining interest in the outcome of the case, the Tenth Circuit noted that where a similar offer is presented to a putative class representative it is proper to "attribut[e] a legal status in the case or controversy to unnamed class members apart from that of the class representative." *Id*. at 1245. In other words, the Tenth Circuit acknowledged that non-named class members have an

unyielding interest that precedes the moment of class certification. *Id*. (quoting *Sosna v. Iowa,* 419 U.S. 393, 553 (1975)).[10]

Continuing, the Tenth Circuit stated: "Because *Geraghty* informs us that the personal stake of the class inheres prior to certification, we conclude that the federal court's Article III jurisdiction to hear the motion for class certification is not extinguished by the Rule 68 offer of judgment to an individual plaintiff." *Id*. at 1249 (citing *U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 406 n.11 (1980)).

### D. The Ninth Circuit, in *Pitts v. Terrible Herbst, Inc.*, Very Recently Held That A Pre-Certification Rule 68 Offer Of Judgment Will Not Moot A Putative Class Representative's Claims.

In *Pitts v. Terrible Herbst, Inc.*, the plaintiff filed a putative class action lawsuit, and the defendant subsequently propounded a Rule 68 offer of judgment before a timely motion for class certification was filed. 653 F.3d 1081 (9th Cir. 2011). The District of Nevada held that a Rule 68 offer of judgment does not moot a putative class action so long as the class representative can still file a timely motion for class certification. *See id.* at 1085. However, the court granted the defendant's motion to dismiss asserting that the plaintiff failed to timely move for certification. *See id.* The Ninth Circuit affirmed the district court's holding that the Rule 68 offer of judgment does not moot a putative class action, stating:

> A rule allowing a class action to become moot "simply because the defendant has sought to 'buy off' the individual private claims of the named plaintiffs" before the named plaintiffs have a chance to file a motion for class certification would thus contravene Rule 23's core concern: the aggregation of similar, small, but otherwise doomed claims. *Roper*, 445 U.S. at 339, 100 S.Ct. 1166; *see also Weiss*, 385 F.3d at 344 ("[A]llowing the defendants here to 'pick off' a representative plaintiff with an offer of judgment less than two months after the complaint is filed may undercut the viability of the class action procedure, and frustrate the objectives of this procedural mechanism for aggregating small claims...."). It

---

[10] In *Sosna*, the Supreme Court held that the fact that named plaintiffs' claims had become moot did not prevent the district court from ruling on class certification because, if certification were granted, it would relate back to the time the action was filed and avoid mootness.  419 U.S. at 559.

would effectively ensure that claims that are too economically insignificant to be brought on their own would never have their day in court. *See Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1050 (5th Cir.1981) ("[I]n those cases in which it is financially feasible to pay off successive named plaintiffs, the defendants would have the option to preclude a viable class action from ever reaching the certification stage."); *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 386 (S.D.Ohio 2008) ("[T]reating pre-certification settlement offers as mooting the named plaintiffs' claims would have the disastrous effect of enabling defendants 'to essentially opt-out of Rule 23.'" (citation omitted)). And even if it does not discourage potential claimants, it "may waste judicial resources by 'stimulating successive suits brought by others claiming aggrievement.'" *Weiss*, 385 F.3d at 345 (quoting *Roper*, 445 U.S. at 339, 100 S.Ct. 1166).

Accordingly, we **hold that an unaccepted Rule 68 offer of judgment—for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification—does not moot a class action.** If the named plaintiff can still file a timely motion for class certification, the named plaintiff may continue to represent the class until the district court decides the class certification issue. Then, if the district court certifies the class, certification relates back to the filing of the complaint. Once the class has been certified, the case may continue despite full satisfaction of the named plaintiff's individual claim because an offer of judgment to the named plaintiff fails to satisfy the demands of the class. *See Sosna*, 419 U.S. at 402–03, 95 S.Ct. 553. Conversely, if the district court denies class certification, under *Roper* and *Geraghty*, the plaintiff may still pursue a limited appeal of the class certification issue. Only once the denial of class certification is final does the defendant's offer—if still available—moot the merits of the case because the plaintiff has been offered all that he can possibly recover through litigation. *See San*doz, 553 F.3d at 921 & n. 5. We agree with the district court that Terrible's offer of judgment to Pitts did not moot his class action.

*Id.* at 1092-93 (emphasis added) (internal footnote omitted).

E.   **Plaintiff's Timely Motion For Class Certification Relates Back To The Date Of Her Complaint; Thus, C&S's Rule 68 Offer Of Judgment Cannot Serve To Moot Her Claims.**

Plaintiff filed her Original Complaint against C&S and MRC on August, 3, 2010. (Doc. 1). On November 4, 2010, Plaintiff requested leave to file an Amended Complaint which was granted November 5, 2010. (Doc. 15; Doc. 16). Plaintiff filed her Amended Class Action Complaint that same day. (Doc. 18). Plaintiff's action is not rendered moot simply because, prior to the time that the Plaintiff, acting without any undue delay, is able to move for certification of a

23

class, C&S made an offer of judgment to Plaintiff in the amount of $1,500.00 together with costs, disbursements and reasonable attorneys' fees. Rather, per *Weiss v. Regal Collections*, *Pitts v. Terrible Herbst, Inc.*, *Lucero v. Bureau of Collection Recovery, Inc.*, *Sandoz v. Cingular Wireless LLC*, and the like, Plaintiff's motion for class certification and appointment of class counsel, when filed, relates back to the date of her Complaint, which of course pre-dates C&S's Rule 68 offer of judgment. Those decisions explicitly reject C&S's contentions sounding in principles of standing, mootness, and subject-matter jurisdiction.

   **F.    As A Result Of C&S's Previous Request To Stay Discovery And Current Refusal To Adequately Respond To Discovery, Plaintiff Has Not Had The Opportunity To Conduct Discovery Prior To C&S's Motion.**

   C&S argues that this is not a case where "[P]laintiff did not have the opportunity to conduct discovery before [C&S]'s motion to dismiss was filed." (Doc. 53 at 7). In support of its argument, C&S asserts that "this case has been languishing for well over a year and a half." (Doc. 53 at 8). However, this argument is misleading. On November 5, 2010, the Court stayed discovery as to MRC and similarly stayed discovery as to C&S on January 31, 2010, while C&S's November 22, 2010 Motion to Dismiss remained pending. (Doc. 17 at 3; Doc. 35). As a result, no discovery was conducted for over seven months, until the Court's September 8, 2011 Order on the Motions to Dismiss filed by C&S and MRC, Encore, and MCM. (See Doc. 38).

   Further, C&S asserts that "[P]laintiff has not conducted any discovery to support certification of a class." (Doc. 53 at 4). This suggestion is similarly misleading. Plaintiff served discovery requests on C&S on October 24, 2011. (See Exhibit "A"). On December 9, 2011, counsel for C&S asserted that she "miscalendared the time to respond" to Plaintiff's discovery requests, and sought a two week extension to respond. (See Exhibit "B"). Plaintiff agreed to allow C&S an additional two weeks to respond. (See Exhibit "B"). On December 23, 2011,

Plaintiff submitted an agreed letter requesting a sixty (60) day extension on the deadline for conducting discovery. (See Doc. 49). On January 5, 2012, the Court granted Plaintiff's letter request and extended the deadline to conduct discovery. (Doc. 49). C&S finally served discovery responses on January 11, 2012, over two and a half months after requests were served on C&S. (See Exhibit "C"). Nevertheless, C&S's discovery responses are inadequate and a discovery dispute remains pending. (See Doc. 56). Thus, C&S's assertion that "[P]laintiff has not conducted any discovery to support certification of a class" is clearly untrue.

A putative class action under the FDCPA is not rendered moot simply because, prior to the time that the named plaintiff, acting without any undue delay, is able to move for certification of class, a debt collector makes an offer of judgment. *See Pitts*, 653 F.3d at 1091-92; *Lucero*, 639 F.3d at 1249; *Sandoz,* 553 F.3d at 920-21; *Weiss*, 385 F.3d at 348. "With the class certification motion merely awaiting the relevant discovery . . . [C&S]'s Offer of Judgment for the individual Plaintiff does not moot this matter, and [] [C&S]'s motion to dismiss for mootness must be denied." *Schaake v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 108, 112 (S.D.N.Y. 2001) (citing *Deposit Guaranty National Bank v. Roper,* 445 U.S. 326, 339 (1980); *Abrams v. Interco,* 719 F.2d 23 (2d Cir. 1983); *Greisz v. Household Bank, N.A.,* 176 F.3d 1012, 1015 (7th Cir. 1999); *Liles v. American Corrective Counseling Services, Inc.,* 201 F.R.D. 452 (S.D. Iowa 2001); *Silva v. National Telewire Corp.,* 2000 WL 1480269 (D.N.H. 2000)).

WHEREFORE, Plaintiff respectfully requests the Court enter an order denying C&S's motion to dismiss.

Dated: February 10, 2012, and respectfully submitted,

s/ Dennis R. Kurz
Dennis R. Kurz
NY Bar No. 4570453
WEISBERG & MEYERS, LLC
80 Broad Street, 5th Floor
New York, NY 10004
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com
*Attorneys for Plaintiff*

Noah D. Radbil
WEISBERG & MEYERS, LLC
Two Allen Center
1200 Smith Street, Sixteenth Floor
Houston, Texas 77002
(888) 595-9111 ext 275
(866) 317-2674 facsimile
noah.radbil@attorneysforconsumers.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to:

Wendy Beth Shepps
39 Broadway
34th Floor
New York, NY 10006
wendy.shepps@littletonjoyce.com

Thomas Arthur Leghorn
1010 Washington Blvd
Stamford, CT 06901
thomas.leghorn@wilsonelser.com

s/ Dennis R. Kurz
Dennis R. Kurz
NY Bar No. 4570453
WEISBERG & MEYERS, LLC