# EXHIBIT "D"

EXHIBIT "D"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANGELA FLICK, Individually and on behalf of
all others similarly situated and on behalf of the
American Financial Resources, Inc. 401K Plan,

                      Plaintiff,

          - against -

AMERICAN FINANCIAL RESOURCES, INC.,
COREY DUBNOFF, AMERICAN FINANCIAL
RESOURCES, INC., AS PLAN ADMINISTRATOR
OF THE AMERICAN FINANCIAL RESOURCES,
INC. 401(K) PLAN, and AMERICAN FINANCIAL
RESOURCES REALTY LLC,

                Defendants.
----------------------------------------------------------------X

**ORDER**

CV 10-3084 (LDW) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

On December 28, 2010, Defendant American Financial Resources, Inc. ("AFR" or "Defendant") moved to have this Court confirm the validity of its Offer of Judgment ("Offer") pursuant to Fed. R. Civ. P. 68. *See* DE 37. Plaintiff opposes Defendant's motion on numerous grounds, including that the Offer of Judgment was withdrawn on its own terms and is insufficient on its face since it does not compensate the Plaintiff for all her claims.[1] *See* DE 90. Without

---

[1] The Plaintiff also contends that Defendant's motion is not a discovery motion, and therefore, should not proceed before the Magistrate Judge. However, and as discussed numerous times with Plaintiff's counsel, the applicable standard as to what a Magistrate Judge has authority over is not whether or not the motion at issue is a discovery motion. Instead, a Magistrate Judge in the Eastern District of New York can decide any pre-trial matter that is not dispositive of the case. *See* 28 U.S.C. § 363; Loc. Civ. R. 72.2 ("A magistrate judge shall be assigned to each case upon the commencement of the action, except in those categories of actions set forth in Local Civil Rule 16.1. . . . Except in multi-district cases and antitrust cases, a magistrate judge so assigned is *empowered to act with respect to all non-dispositive pretrial matters* unless the assigned district judge orders otherwise.") (emphasis added). Accordingly, this Court has authority to decide Defendant's motion.

having to address Plaintiff's contentions, the Court finds that the Offer of Judgment is void.

AFR served Plaintiff with its Offer of Judgment in the amount of $5,000 on November 12, 2010 to satisfy all of Plaintiff's claims for relief. AFR additionally offered costs and reasonable attorneys fees if applicable as determined by the Court. *See* John Brooks Baldini Decl. in Support of Letter Mot. ("Baldini Decl."), Ex. B. Within this offer, Defendant stated: "To accept this offer, Flick must serve written notice of acceptance thereof on counsel for AFR within ten (10) days of the date this offer is made or this offer shall be deemed withdrawn in accordance with Fed. R. Civ. P. 68." *Id.*

After reviewing Rule 68, the Court noticed that Defendant was relying on the pre-2009 amendment of Rule 68 which set a shorter timeline for Plaintiff to accept the offer. Prior to 2009, Rule 68 provided ten (10) days for the opposing party to serve written notice if the offer was being accepted. However, the current version of Rule 68 gives a party a window of fourteen (14) days to serve written notice of acceptance of an offer of judgment. *See* Fed. R. Civ. P. 68(a) ("If within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service."). Since Defendant's Offer of Judgment was made on November 12, 2010, and the current version of Rule 68 became effective December 1, 2009, the current version of the Rule applies here. As such, AFR's incorrect designation of the time allotted for Plaintiff to serve written notice of acceptance makes the Offer of Judgment void on its face.

It is irrelevant to this finding that the Plaintiff rejected the Offer of Judgment in a letter dated December 2, 2010. *See* Baldini Decl. Ex. C. Defendants' procedural error, no doubt unintentional, proves fatal, however, because the Offer of Judgment does not comply with Rule

2

68 and therefore does not trigger the cost-shifting provisions of Rule 68 as of November 12, 2010.  AFR is nonetheless free to still avail itself to the provisions of Rule 68 if it chooses to do so.  *See* Fed. R. Civ. P. 68(b).  However, since the November 12 Offer of Judgment is void, Defendant AFR's motion is hereby DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
April 11, 2011.

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge