**MEMO ENDORSED**

**WEISBERG & MEYERS, LLC**
ATTORNEYS FOR CONSUMERS
(PLEASE DIRECT MAIL TO OUR CORPORATE OFFICE IN PHOENIX)
5025 NORTH CENTRAL AVE, #602
PHOENIX, ARIZONA 85012
WWW.ATTORNEYSFORCONSUMERS.COM
TOLL FREE NATIONWIDE 1-888-595-9111

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-14-12

TEXAS OFFICE
TWO ALLEN CENTER
1200 SMITH STREET, 16TH FLOOR
HOUSTON, TX 77004

EXTENSION: 412
E-MAIL: DKURZ@ATTORNEYSFORCONSUMERS.COM

NEW YORK OFFICE
80 BROAD
5TH FLOOR
NEW YORK, NY 10004

WRITER LICENSED IN:
NEW YORK; TEXAS
GEORGIA, NEW JERSEY AND
WASHINGTON

February 13, 2012

VIA FACSIMILE TO: (212) 805-7949

The Honorable P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York NY 10007-1312

RE: *Erika Suquilanda v. Cohen & Slamowitz, LLP, et al*
Case No. 1:10-cv-05868-PKC

Dear Judge Castel:

> *[Handwritten endorsement:] Pre-motion conference waived for a motion to certify provided it is not filed until 21 days following the completion of plaintiff's deposition. SO ORDERED. [signature] USDJ 2-14-12*

Pursuant to this Court's November 5, 2010 Case Management Plan and Scheduling Order, and in accord with this Court's Individual Practices, Plaintiff, by and through her counsel, hereby submits her pre-motion request for a conference to discuss Plaintiff's intent to file a motion for class certification and appointment of class counsel.

The Fair Debt Collection Practices Act ("FDCPA") specifically provides for class actions against debt collectors. 15 U.S.C. § 1692k(a)(2)(B). "Representative actions . . . appear to be fundamental to the statutory structure of the FDCPA. Lacking this procedural mechanism, meritorious FDCPA claims might go unredressed because the awards in an individual case might be too small to prosecute an individual action." *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3rd Cir. 2004).

The decision to certify a class is committed to the discretion of the district court within the guidelines of Rule 23. *See* Fed. R. Civ. P. 23. Courts have characterized this discretion as "broad." *See, e.g., in re Initial Public Offerings Secs. Litig.*, 471 F. 3d 24, 31-32 (2nd Cir. 2006); *Harrison v. Great Springwaters of America, Inc.*, No. 96-CV-5110, 1997 WL 469996, *2 (E.D. N.Y. June 18, 1997); *D'Alauro v. GC Services Ltd. P'ship*, 168 F.R.D. 451, 454-55 (E.D. N.Y. 1996). A district court may certify a class where, after rigorous analysis, it determines that the party seeking certification has met its burden. *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 158-61 (1982). In fact, several district courts in the Second Circuit have certified classes based on alleged violations similar to those in this

case. *See, e.g., Vega v. Credit Bureau Enterprises,* No. CIVA02CV1550DGTKAM, 2005 WL 711657, *8 (E.D. N.Y. Mar. 29, 2005).

1. **This Matter Satisfies Rule 23(a).**

Pursuant to Rule 23(a), there are four requirements for class certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). These threshold requirements are commonly referred to as numerosity, commonality, typicality, and adequacy of representation, respectively. *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 613 (1997); *Caridad v. Metro-North Commuter R.R.,* 191 F.3d 283, 291 (2nd Cir. 1999).

i. **The Class Is Sufficiently Numerous.**

Numerosity is presumed when a class consists of forty (40) or more members. *Robidoux v. Celani,* 987 F.2d 931, 936 (2nd Cir. 1993). District courts within the Second Circuit have deemed numerosity satisfied where there exists dozens, hundreds, thousands, or even millions of individual class members. *Robidoux v. Celani,* 987 F.2d 931, 936 (2nd Cir. 1993) (certifying class of over 100 claimants); *In re Drexel Burnham Lambert,* 960 F. 2d 285, 290 (2nd Cir. 1992) (certifying class of 850 claimants); *In re Risk Mgmt. Alternatives, Inc., Fair Debt Collection Practices Act Litig.,* 208 F.R.D. 493, 504 (S.D. N.Y 2002) (certifying class of 1.4 million recipients of letters containing language identical or similar to plaintiff's letter).

Here, Defendants mailed, or caused to be mailed, as a matter of pattern and practice, thousands of standardized debt collection letters that are substantially similar or materially identical to the letter giving rise to Plaintiff's substantive allegations. (Doc. 18, ¶¶ 76-79). Defendants' business records can identify the names of individuals who received those standardized letters. (Doc. 18, ¶ 84).

ii. **The Class Shares Common Questions of Law or Fact.**

Rule 23(a)(2) requires the existence of common questions of law or fact. Courts construe 23(a)(2) permissively and do not require all questions of fact and law to be common. *D'Alauro v. GC Services Ltd. Partnership,* 168 F.R.D. 451, 455-56 (E.D. N.Y. 1996). The critical inquiry is whether the common questions are at the "core" of the alleged cause of action. *Id.* at 456. Commonality is readily satisfied when a plaintiff challenges a common and consistent pattern, practice, or policy of a defendant. *Green v. Wolf Corp.,* 406 F.2d 291, 299 (2nd Cir. 1968).

District courts within the Second Circuit and elsewhere have found common questions of law or fact where an FDCPA plaintiff received similar debt collection letters from a defendant's mailing. The consensus among these courts is that the overriding legal question is whether the content of defendant's debt collection letters and notices violated provisions of the FDCPA and that such question satisfies the commonality requirement. *See, e.g., Vega v. Credit Bureau Enterprises,* , 2005 WL 711657, *3 (E.D. N.Y. Mar. 29, 2005); *Risk Mgmt. Alternatives,* 208 F.R.D. at 505; *Harrison,* 1997 WL 469996 at *3; *D'Alauro,* 168 F.R.D. at 456.

2

Here, there exists a well-defined community of interest in the questions of law and fact that affect the parties to be represented. (Doc. 18, ¶ 85). Common questions of law include, but are not limited to, the illegality of Defendants' identical conduct particular to the matters at issue and the availability of statutory penalties and attorneys' fees and costs. *Id.* That the claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendants, means that the claims of each class member require proof of the same material and substantive facts. (Doc. 18, ¶ 87).

### iii. Plaintiff's Claim Is Typical Of The Class.

Typicality requires that the named plaintiff be a member of the class he represents. *See General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982). The typicality requirement is satisfied "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham*, 960 F. 2d 285, 291 (2nd Cir. 1992).

A class representative fulfills the typicality requirement if he was subjected to an alleged common practice and the proposed class members suffered from the same practice. "When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." *Robidoux*, 987 F.2d at 936-37.

Here, Plaintiff's claims are typical of those of the class he seeks to represent. (Doc. 10, ¶ 25). Plaintiff possesses the same interests and has suffered the same injuries as each class member. (Doc. 18, ¶ 86). Plaintiff's claims originate from the same conduct, practice, and procedure on the part of Defendants as do those of the unnamed class members. (Doc. 18, ¶ 87).

### iv. The Class Is Adequately Represented.

Rule 23(a)(4) requires that the representative plaintiff will fairly and adequately protect the interests of the class. This requirement is met by showing that: (1) the proposed representative does not have conflicts of interest with the proposed class; and (2) the representative plaintiff is represented by qualified counsel. *Drexel Burnham*, 960 F.2d at 291. Courts have expanded upon "qualified counsel" to require that the attorney must be qualified, experienced, and generally able to conduct the proposed litigation. *See, e.g., id.; Harrison*, 1997 WL 469996 at *5.

As to the first requirement, many FDCPA cases, like this one, arise from the challenge of form collection letters. Courts have found specifically that named plaintiffs who seek to recover money damages based on allegedly unlawful form letters are adequate class representatives for purposes of Rule 23(a)(4). *See, e.g., Vega*, 2005 WL 711657 at * 4; *Harrison*, 1997 WL 469996 at *6.

Here, too, Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class. (Doc. 18, ¶ 89). Plaintiff is willing and prepared to serve the Court and proposed class. (Doc. 18, ¶ 86).

The interests of Plaintiff are co-extensive with and not antagonistic to those of absent class members. (Doc. 18, ¶ 91).

As to the second requirement, Plaintiff has retained the services of counsel who are experienced in consumer protection claims and complex class action litigation, will adequately prosecute this action, and will assert, protect, and otherwise represent Plaintiff and all absent class members. (Doc. 18, ¶ 91).

### 2. This Matter Satisfies Rule 23(b).

Rule 23(b)(3) requires that questions of law or fact common to the class predominate over questions affecting the individual members and that, on balance, a class action is superior to other methods available for adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

#### i. The Common Issues Of Law And Fact Predominate.

Rule 23(b)(3)'s requirement that common issues of law or fact predominate over individual issues is more stringent than Rule 23(a)'s commonality requirement. While 23(a)(2) requires some common questions of law or fact, Rule 23(b)(3) requires that the common questions predominate. "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997). The issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over the issues that are subject only to individualized proof. *In re Nassau County Strip Search Cases*, 461 F.3d 219, 227 (2nd Cir. 2006); *Moore v. PaineWebber, Inc.*, 306 F. 3d 1247, 1252 (2nd Cir. 2002).

The objective of Rule 23(b)(3) is to promote economy and efficiency in actions that are primarily for money damages. Where common questions predominate, a class action can achieve economies of time, effort, and expense as compared to separate lawsuits, permit adjudication of disputes that cannot be economically litigated individually, and avoid inconsistent outcomes, because the same issue can be adjudicated the same way for the entire class. Fed. R. Civ. P. 23(b)(3) advisory committee's note (1966).

District courts in the Second Circuit have explicitly stated that, "common questions of law and fact surrounding the contents and mailing of [standardized form debt collection] letters predominate over individual issues." *D'Alauro*, 168 F.R.D. at 458; see, e.g., *Harrison*, 1997 WL 469996 at *9; *Vega*, 2005 WL 711657 at *5. In cases of this type, the issue of defendant's liability is common to all members of the proposed class and clearly predominates over individual issues. *Id.*

The questions of law and fact that are common to members of the class that Plaintiff seeks to represent predominate over any questions affecting only individual members. (Doc. 18, ¶ 85). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests. (Doc. 18, ¶ 93). It would also create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. (Doc. 18, ¶

4

94). Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof, and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class. *Id.*

### 2. Class Action Is The Superior Method.

Rule 23(b)(3) also requires that the court determine that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In determining whether the superiority requirement is satisfied, a court may consider the following: (1) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely to be encountered in the management of a class action. *Id.* Suits brought under the FDCPA "regularly satisfy the superiority requirement." *In Re Risk Mgmt. Alternatives*, 208 F.R.D. 493, 507 (S.D. N.Y. 2002).

In this matter, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in that: (1) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (2) as a result, very little litigation has been commenced over the controversies alleged and individual members are unlikely to have interest in prosecuting and controlling separate individual actions; and (3) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy. (Doc. 18, ¶ 94).

No special difficulties are posed in managing this class action. The law involved is entirely federal, so there are no choice-of-law issues to concern the court. Furthermore, the evidence presnted will be no more difficult to handle than it would be in individual cases.

Accordingly, Plaintiff requests leave to file her motion for class certification and appointment of class counsel.

Sincerely,

s/Dennis Kurz
Dennis R. Kurz

cc:  Wendy Beth Shepps          Thomas Arthur Leghorn
     39 Broadway                1010 Washington Blvd.
     34th Floor                 Stamford, CT 06901
     New York, NY 10006         thomas.leghorn@wilsonelser.com
     wendy.shepps@littletonjoyce.com   facsimile: (212) 915-5234
     facsimile: (212) 232-0088