LITTLETON, JOYCE, UGHETTA, PARK & KELLY LLP
Wendy B. Shepps (WS-1207)
*Attorneys for Defendant Cohen & Slamowitz, LLP*
39 Broadway, 34th Floor
New York, New York 10006
(212) 404-5777

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
ERIKA SUQUILANDA,                                                          :
                                                                           :
                              Plaintiff,                                   :
                                                                           :
                      - against -                                          :
                                                                           :  **10-CV-05868 PKC**
                                                                           :
COHEN & SLAMOWITZ, LLP, ENCORE CAPITAL                                     :
GROUP, INC., MRC RECEIVABLES CORPORATION and                              :
MIDLAND CREDIT MANAGEMENT, INC.,                                          :
                                                                           :
                              Defendant(s).                                :
-------------------------------------------------------------------------------X


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT COHEN & SLAMOWITZ, LLP'S MOTION TO
DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT
TO RULE 12(h)(3) and US CONSTITUTION ARTICLE III**

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page**

*Abrams v. Interco Inc.*, 719 F.2d 23 (2d Cir 1983) .......................................................5

*Ambalu v. Rosenblatt*, 194 F.R.D. 451, 452 (E.D.N.Y. 2000) ....................................10

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)  .................................6

*Baxter v. Palmigiano*, 425 U.S. 308, 310 n. 1, 96 S. Ct. 1551, 47 L. Ed. 2d 810 (1976) ..............3

*Bd. of Sch. Comm'rs of City of Indianapolis v. Jacobs*, 420 U.S. 128, 129-30, 95 S. Ct. 848, 43 L. Ed. 2d 74 (1975) ...................................................................................................3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .........6

*Briehl v. General Motors Corp.*, 172 F.3d 623, 627-628 (8th Cir. 1999)  .....................................6

*Brown v. Philadelphia Hous. Auth.*, 350 F.3d 338, 343-46 (3d Cir. 2003)  ....................................3

Church of Scientology v. United States, 506 U.S. 9, 113 S. Ct. 447, 121 L. Ed.2d 313 .......................................................................................................................9

*Comer v. Cisneros*, 37 F.3d 775, 798 (2d Cir. 1994) ....................................................2

*DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) ....................6

*Dowling v. Kucker Kraus & Bruh, LLP*, 2005 U.S. Dist. LEXIS 11000, No. 99 Civ. 11958, 2005 WL 1337442 (S.D.N.Y. June 6, 2005)  ...............................................................................7

*Edge v. C. Tech Collections, Inc.*, 203 F.R.D. 85 (E.D.N.Y. 2001)  .............................................10

*Fox v. Board of Trustees of the State of University of New York*, 42 F. 3d 135 (2d Cir. 1994) ...........................................................................................................3, 9, 10

*Grief v. Wilson Elser Moskowitz Edelman & Dicker, LLP*, 258 F. Supp.2d 157 (E.D.N.Y. 2003) ........................................................................................................10

*Kane v. U-Haul Int'l, Inc.*, 2005 U.S. Dist. LEXIS 24190 (D.N.J. 2005) ......................................8

*Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987)  .................................6

*Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992)...........................................................3

*McCauley v. Trans Union, LLC*, 402 F. 3d 340 (2d Cir. 2005) ......................................................8

*Murphy v. Equifax Check Services, Inc.*, 35 F.Supp 2d 200 (D. Conn. 1999) ...............................9

*Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996) .......................9

*Rubery v. Buth-Na-Bodhaige, Inc.,* 494 F. Supp. 2d 178, 2007 WL 1885127 at *1 (W.D.N.Y. 2007) .......................................................................................................................................9

*Savino v. Computer Credit, Inc.,* 164 F.3d 81, 86 (2d Cir. 1998) ..................................................7

*The Automobile Ins. Co. of Hartford, Connecticut v. Electrolux Home Products, Inc.*, 2011 U.S. Dist. LEXIS 83974 (W.D.N.Y. 2011) .........................................................................................8

*Weiser v. Horace Mann Insurance Company*, 2009 U.S. Dist. LEXIS 66474 (E.D.La. 2009) .....8

*Weiss v. Fein, Such, Kahn & Shepard, P.C.*, 2002 WL 449653 (S.D.N.Y. 2002) ........................5

## PRELIMINARY STATEMENT

Defendant COHEN & SLAMOWITZ, LLP ("Cohen & Slamowitz"), respectfully submits this Reply Memorandum of Law in further support of its motion to dismiss plaintiff's Amended Complaint, dated November 4, 2010, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure and United States Constitution Article III §2, based upon lack of subject matter jurisdiction and for such other relief as this Court deems just and proper.   This Reply Memorandum of Law is also submitted in response to the Plaintiff's Opposition brief, dated February 10, 2012.

## ARGUMENT

The Courts of the Second Circuit have consistently dismissed cases with similar procedural histories to those of the subject action, *i.e.* where an action, commenced on behalf of an individual plaintiff, was pending for a significant period of time prior to service of the Offer of Judgment; a class action was not asserted before the Offer of Judgment was served; and no motion for leave to certify a class action was filed prior to submission of a motion to dismiss on the grounds of mootness.

In opposing the defendant's motion to dismiss, plaintiff devotes pages of the opposing brief to a review of case law from other Circuits.   The law in this Circuit is clear.   It is respectfully submitted that, based upon the prevailing case law from the Second Circuit, plaintiff's Amended Complaint in the instant action should be dismissed based on lack of subject matter jurisdiction.

The cases in the Second Circuit hold that class actions brought pursuant to FRCP Rule 23 become moot if the claims of the named plaintiffs are mooted prior to class certification. *Comer*

*v. Cisneros*, 37 F.3d 775, 798 (2d Cir. 1994) (citing *Board of Sch. Comm'rs of Indianapolis v. Jacobs*, 420 U.S. 128, 129-30, 95 S. Ct. 848, 43 L. Ed. 2d 74 (1975)); *see also Brown v. Philadelphia Hous. Auth.*, 350 F.3d 338, 343-46 (3d Cir. 2003) (applying general rule that "'when claims of the named plaintiffs become moot before class certification, dismissal of the action is required' and holding that "no implied class certification doctrine can take the place of, or be deemed a substitute for, an appropriate grant of class certification") (quoting *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992)).

That is because in the absence of certification, there is no class action under Rule 23. *See* Fed. R. Civ. P. 23(c)(1); see also *Baxter v. Palmigiano*, 425 U.S. 308, 310 n. 1, 96 S. Ct. 1551, 47 L. Ed. 2d 810 (1976) (noting that even though the court had treated case as class action, the court had not certified the class under Rule 23 and therefore it was not a class action).

Accordingly, potential members of the alleged class are not parties to the instant action until the Court has certified the class. Once the named plaintiffs' claims are dismissed, there is no one who has a "justiciable claim that may be asserted". *See Board of Sch. Comm'rs of Indianapolis v. Jacobs*, 420 U.S. at 129 (holding action moot when named plaintiffs challenging school newspaper rules graduated and no class had been  properly certified by the district court). Since there is no "case or controversy," the court is without jurisdiction to proceed further. *See Fox v. Bd. of Trs. of the State Univ. of N.Y.*, 42 F.3d 135 (2d Cir. 1994).

## **Offer Of Judgment Was Timely**

Plaintiff argues in her opposition, that the Offer of Judgment was "premature" and an attempt by the defendant to "pick off" the lead plaintiff. In fact, the Offer of Judgment was not

premature and it could not be considered an attempt to "pick off" the lead plaintiff, because there was no class even asserted at the time the Offer of Judgment was served.

The instant action, commenced on behalf of an individual claimant has been pending since August of 2010.  On November 4, 2010, plaintiff was served with an Offer of Judgment in the amount of $1,500 plus costs and attorney's fees on behalf of defendant Cohen & Slamowitz. Plaintiff was granted leave to file an amended complaint asserting a class action on November 5, 2010.  (Doc. 16)

The Offer of Judgment was served a significant period of time after the action was commenced.  (Doc. 18)  During the time the action was pending, prior to service of the Offer of Judgment, the only activity on the case was settlement discussions among counsel; no discovery was sought by plaintiff during the three month time period between when the action was filed and when the Offer of Judgment was served.

The Offer of Judgment was served not only before plaintiff sought class certification, but before plaintiff even filed a complaint asserting a class.

**<u>Undue Delay by Plaintiff</u>**

Plaintiff, citing case law from other Circuits, argues that the defendant's motion should be denied because the Offer was premature.  The case law cited by plaintiff refers to plaintiffs who moved for class certification "without any undue delay".  It is respectfully submitted that the plaintiff has delayed in prosecuting this action and in making any application to the Court seeking class certification in the instant action.  Plaintiff cannot maintain that she has moved this case forward or sought class certification "without any undue delay".

On February 13, 2012, 15 months after filing the Amended Class Action Complaint, plaintiff filed a letter with the Court requesting a "conference to discuss plaintiff's intention to file a motion for class certification".  (Exhibit "A")  As the only support in the February 13 letter for plaintiff's claimed entitlement to class certification is plaintiff's own Amended Complaint, the February 13, 2012 letter, could have been submitted at any time during the past 15 months. There has been no discovery in this action to support the claims made in plaintiff's counsel's letter that this claim satisfies the Rule 23 requirements for class certification.  The same letter, composed of pure fabrication of information by plaintiff's counsel, could have been filed much earlier in this litigation.  Plaintiff's handling of the instant action has been characterized by significant delay.   Accordingly, defendant Cohen & Slamowitz should not be penalized for attempting to move this matter forward toward a resolution by serving an Offer of Judgment, three months after the action was commenced.

When a defendant offers the maximum recovery available to a plaintiff, the Second Circuit has held that the case is moot and "there is no justification for taking the time of the court and the defendant in the pursuit of minuscule individual claims which defendant has more than satisfied." *Abrams v. Interco Inc.,* 719 F.2d 23, 32 (2d Cir. 1983); *see also Weiss v. Fein, Such, Kahn & Shepard, P.C.,* 2002 U.S. Dist. LEXIS 4783, No. 01 Civ. 1086 (AGS), 2002 WL 449653 (S.D.N.Y. March 22, 2002) (finding case moot where "defendants' offer of judgment contains all the available relief sought by plaintiff").

**<u>Plaintiff Has Asserted Only Conclusory Unsubstantiated Claims of Actual Damages</u>**

It is undisputed that, if the offer does not cover all potential relief, the case is not moot. In opposing defendant's motion to dismiss, plaintiff argues that because they have set forth some

vague allegations of actual damages in the Complaint, that the defendant's Offer of Judgment for $1,500 plus costs and attorney's fees does not meet the requirements of Rule 68.  Plaintiff's original complaint, which was in effect at the time the Offer of Judgment was served, alleged that as a result of Cohen & Slamowitz' "behavior", plaintiff "suffered and continues to suffer injury to [her] feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

Mere conclusory allegations or legal conclusions are not sufficient to withstand a motion to dismiss.  *Briehl v. General Motors Corp.*, 172 F.3d 623, 627-628 (8th Cir. 1999); *DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999).  Importantly, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) *citing, Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Plaintiff's complaint is composed of conclusory allegations regarding damages.  To date, plaintiff has not produced any evidence of actual damages and her claim of actual damages should be disregarded by this Court in ruling upon defendant's motion to dismiss.

"The party invoking jurisdiction has the burden of supporting the allegations of jurisdictional facts by competent proof".  *Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).  "Plaintiff bears the burden of proof to support his allegations of jurisdictional facts, such as whether he has a claim for damages in excess of defendant's offer of judgment".  *Id*.   Plaintiff herein has not submitted any support for her claim of actual damages.

The Offer of Judgment of an amount $500 in excess of the maximum statutory recover. The Rule 68 Offer of Judgment on behalf of Cohen & Slamowitz for $1,500, plus costs, disbursements and reasonable attorneys' fees is an amount in excess of the maximum statutory damages sought by the Plaintiff.  As the plaintiff has been offered more than her maximum recoverable damages under the FDCPA, she no longer has an ongoing controversy with Cohen & Slamowitz and there is nothing additional she can gain by further pursuing the instant action as against Cohen & Slamowitz.  As a result, jurisdiction of the claims cannot be sustained as this Court lacks subject matter jurisdiction over this controversy.

## Plaintiff's Maximum Statutory Recovery is $1,000

Plaintiff also argues that because she commenced this action against more than one defendant, that the Offer of Judgment is void, because she was not offered a maximum statutory award for each defendant.  Defendant Cohen & Slamowitz' offer of judgment represents the maximum, in fact $500 above the maximum, that plaintiff could legally expect to receive from litigation. Under 15 U.S.C. § 1692k(a)(2)(A), even if there is a certified class, the most a named plaintiff can receive under the FDCPA is $ 1,000 plus fees and costs.

Section 1692k(a)(2)(A) creates a ceiling that limits the damages an individual plaintiff can receive *per proceeding,* not per defendant. *See Dowling v. Kucker Kraus & Bruh, LLP,* 2005 U.S. Dist. LEXIS 11000, No. 99 Civ. 11958, 2005 WL 1337442 (S.D.N.Y. June 6, 2005) (citing *Savino v. Computer Credit, Inc.,* 164 F.3d 81, 86 (2d Cir. 1998)).

## The Offer of Judgment Was Valid

In opposing the defendant's motion to dismiss, plaintiff argues that the Offer of Judgment does not meet the requirements of Rule 68 of the FRCP because the Offer states that it is deemed

withdrawn unless written notice of acceptance is served within 10 days.  Rule 6(a) "governs the computation of any time period specified in the Federal Rules of Civil Procedure".  *Weiser v. Horace Mann Insurance Company*, 2009 U.S. Dist. LEXIS 66474 (E.D.La. 2009)  Prior to the amendment of Rule 68 in December of 2009, parties were allotted 10 days to accept offers of judgment made pursuant to Rule 68.  The 10 days, being less than 11 days, pursuant to FRCP 6(a) excluded Saturdays, Sundays and legal holidays.  The amendment to Rule 68, provides for the inclusion of the previously excluded weekend days and holidays in the calculation.

Rule 6(a) provides that "The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time:".  The Offer of Judgment served on the plaintiff in the instant action on behalf of Cohen & Slamowitz was not made pursuant to any particular Federal rule.  As such, the amendment to Rule 6(a) and Rule 68 does not effect the validity of the Offer of Judgment.

Rule 68 is not the only way in which a plaintiff risks dismissal by rejecting a full settlement offer.  "Because federal courts do not sit simply to bestow vindication in a vacuum, a federal court is required to dismiss a suit for lack of jurisdiction once a defendant has made an offer of complete relief".  *The Automobile Ins. Co. of Hartford, Connecticut v. Electrolux Home Products, Inc.*, 2011 U.S.Dist. LEXIS 83974 (W.D.N.Y. 2011), citing *Kane v. U-Haul Int'l, Inc.*, 2005 U.S.Dist. LEXIS 24190 (D.N.J. 2005).  "*Kane* and cases like it are important because they involved dismissals following full settlement offers that were not made under FRCP 68."  *Id.* citing*, McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 341 (2d Cir. 2005) (rejecting an FRCP 68 offer but directing entry of default judgment for full damages because "a party [cannot] force his opponent to confess to having violated the law, as it is always open to a defendant to default and suffer judgment to be entered against him without his admitting anything . . . . [I]f the

defendant has thus thrown in the towel there is nothing left for the district court to do except enter judgment."); _Murphy v. Equifax Check Servs., Inc._, 35 F. Supp. 2d 200, 203—04 (D. Conn. 1999) ("[H]aving been offered the maximum amount of damages which she was entitled to recover under the [Fair Debt Collection Practices Act], plus reasonable attorney's fees and costs, plaintiff no longer has a personal stake in the outcome of this litigation for purposes of meeting the case-or-controversy requirement of Article III, and her complaint against defendant Equifax should be dismissed . . . . Were this case to proceed to trial, plaintiff could lose, but she could not win more than what is now being offered to her by defendant. Thus, continuing the instant case serves no legitimate purpose whatsoever.").

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." _Nowak v. Ironworkers Local 6 Pension Fund,_ 81 F.3d 1182, 1187 (2d Cir. 1996). If a controversy is moot, then the Court lacks subject matter jurisdiction over the action. _Church of Scientology v. United States,_ 506 U.S. 9, 12, 113 S. Ct. 447, 121 L. Ed. 2d 313 (1992); _see also Fox v. Board of Trustees of the State Univ.,_ 42 F.3d 135, 140 (2d Cir. 1994). "A case is moot, and accordingly the federal courts have no jurisdiction over the litigation, when the parties lack a legally cognizable interest in the outcome . . . . The required legally cognizable interest has alternatively been described as a requirement that a plaintiff have a personal stake in the litigation." _Fox,_ 42 F.3d at 140 (internal quotations and citations omitted).

The Court's jurisdiction is limited to actual cases and controversies. U.S. Const. Art. III, Sec. 2. When the defendant offers all of the relief sought by a plaintiff, the issues presented by the litigation are resolved and there is no longer a live controversy presented. _See Rubery v. Buth-Na-Bodhaige, Inc.,_ 494 F. Supp. 2d 178, 2007 WL 1885127 at *1 (W.D.N.Y. 2007) (citing

*Fox v. Bd. of Trs. of the State Univ. of N.Y.,* 42 F.3d 135 (2d Cir. 1994)). "Without such a personal stake, a court lacks subject matter jurisdiction and the case must be dismissed." *Ambalu v. Rosenblatt*, 194 F.R.D. 451 (E.D.N.Y. 2000), citing *Fox,* 42 F.3d at 140.

When there is a "final judgment fully satisfying named plaintiffs' private substantive claims, . . . there is no justification for taking the time of the court and the defendant in pursuit of minuscule individual claims which defendant has more than satisfied." *Ambalu,* 194 F.R.D. at 453 (citing *Abrams,* 719 F.2d at 32); *see also Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP,* 258 F. Supp. 2d 157, 159 (E.D.N.Y. 2003); *Edge v. C. Tech Collections, Inc.,* 203 F.R.D. 85, 88 (E.D.N.Y. 2001). In such a case, the defendant's offer is no different than a default judgment on individual claims. *See Abrams,* 719 F.2d at 33.

As a result of the service of an Offer of Judgment on behalf of Cohen & Slamowitz for $1,500, plus costs, disbursements and reasonable attorneys' fees representing an amount in excess of the maximum statutory damages sought by the Plaintiff, no justiciable controversy remains and jurisdiction of the claims cannot be sustained.   Accordingly, it is respectfully submitted that this Court must dismiss this case for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court dismiss plaintiff's Amended Complaint as against defendant Cohen & Slamowitz, LLP in its entirety as moot for lack of subject matter jurisdiction and for such other and further relief that this Court deems just and proper.

Dated: New York, New York
       February 17, 2012

Respectfully submitted,

WENDY B. SHEPPS  (WS1207)
LITTLETON JOYCE UGHETTA PARK & KELLY LLP
Attorneys for Defendant
COHEN & SLAMOWITZ, LLP
39 Broadway, 34th Floor
New York, New York 10006
Tel:    (212) 404-5777
Fax:    (212) 232-0088

## CERTIFICATE OF SERVICE

I certify that on February 17, 2012, that the foregoing Reply Memorandum of Law in Further Support of Defendant Cohen & Slamowitz' Motion to Dismiss Plaintiff's Amended Complaint was filed and uploaded to the CM/ECF system which will send a notice of electronic filing to the following:

WEISBERG & MEYERS, LLC
Attn: Dennis R. Kurz, Esq.
80 Broad Street, 5th Floor
New York, New York 10004

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
Attn: Thomas Leghorn, Esq.
150 East 42nd Street
New York, New York 10021

_____
WENDY B. SHEPPS  (WS1207)