UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERIKA SUQUILANDA,                            :

                   Plaintiff,                :        10 Civ. 5868 (PKC) (GWG)

       -v.-                                  :

COHEN & SLAMOWITZ, LLP et al.,               :

                   Defendants.               :
------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

       The Court is in receipt of letters dated February 10, 2012 and February 17, 2012 (two) from the parties.

       The issue of the designation of documents as confidential should be treated separately from the production of documents themselves. Accordingly, the parties should attempt to agree on a confidentiality order that allows a party to designate documents as confidential in good faith and without court review – and without regard to whether any party thinks there have been improper designations pursuant to the previously-agreed upon stipulation. If the parties are unable to agree on the text of such a document, each should provide a proposed confidentiality order to the undersigned by Tuesday, February 28, 2012, and the Court will enter such an order on its own.

       Once the Court has entered the confidentiality order, the currently-withheld documents should be produced to plaintiff. If there are disagreements about designations, they should be raised first by telephonic or in-person discussions among counsel in which each contested designation is discussed document by document. If disputes remain, they may be brought to the Court's attention by letter. Such disputes, however, should not impede the discovery process.

       To the extent any disputes about the document production itself (that is, other than designations) remain after the production, the parties should confer in person or by telephone in accordance with paragraph 2.A of this Court's Individual Practices. If disputes remain following the conference, plaintiff may send a letter outlining each dispute in accordance paragraph 2.A of this Court's Individual Practices. The same conference requirement applies to plaintiff's disputes regarding the responses to her requests for admissions. The Court has no evidence that these disputes have been the subject of an in-depth conference conducted in a good-faith effort to resolve the disputes.

     As for depositions of the defendants, no depositions should be scheduled until the parties are in agreement as to who is going to be deposed (or, in the absence of agreement, there is a court order on the topic). Plaintiff is directed to supply to defendants by Friday a list of topic areas for which she seeks the deposition of a corporate representative. The defendants should respond by letter by Tuesday stating which individuals are knowledgeable as to each such topic area. Following this exchange, the parties shall confer by telephone or in person to see if agreement can be reached as to which corporate defendants should be deposed. The parties should be sure that (1) that plaintiff is provided a representative on all relevant topics and (2) corporate employees are not inconvenienced by being asked to provide cumulative testimony. If disputes remain, plaintiff may send a new letter outlining the specific points of disagreement in accordance with paragraph 2.A of this Court's Individual Practices.

     Please note that the Court's fax number is 212-805-4268. No fax over 10 pages may be sent without permission.

     SO ORDERED.

Dated: February 22, 2012
       New York, New York

                                      GABRIEL W. GORENSTEIN
                                      United States Magistrate Judge