UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-29-12
```

ERIKA SUQUILANDA,               :

           Plaintiff,           :          10 Civ. 5868 (PKC) (GWG)

                                :

        - against -             :          **CONFIDENTIALITY ORDER**

                                :

COHEN & SLAMOWITZ, LLP and      :
ENCORE CAPITAL GROUP, INC. and  :
MRC RECEIVABLES CORPORATION and :
MIDLAND CREDIT MANAGEMENT, INC.,:

           Defendants.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is hereby ORDERED as follows:

**Disclosure of Documents Stamped Confidential.**

1.      Any party to this litigation producing copies of documents may designate some or all of those documents "confidential" – by stamping them as "confidential" – if, and only if, the producing party believes in good faith that the documents contain or reflect trade secrets, non-public proprietary or commercial information, or other confidential matters for which a protective order would be reasonably justified, including under Rule 510.

2.      Confidential documents shall not be made available to any person other than:

a. Counsel to any party to this litigation, including partners, associates, paralegals, secretaries, and other employees of counsel who are assisting counsel in this litigation;

b. Any expert consulted by counsel in connection with the prosecution or defense of this litigation, provided that the expert may examine confidential documents solely for the purpose of providing assistance to counsel in connection with this litigation and may not reveal confidential information to any other person not bound by this Order;

c. Any defendant in this litigation, including any person who becomes a defendant subsequent to the execution of this Order;

d. Any plaintiff in this litigation, including any person who becomes a plaintiff subsequent to the execution of this Order;

e. Any person of whom testimony is taken or is to be taken in this action, provided, however, that confidential documents can be disclosed to such persons only in preparation for, review of, or in the course of his or her testimony, and that such person not retain confidential documents after his or her testimony is concluded;

f. Court reporters while in the performance of their official duties, provided that these persons may retain confidential documents only as long as is necessary for the conduct of their duties in this litigation;

g. The author and addressees of confidential documents;

h. The Court, its personnel, and persons designated by this Court, in the interest of justice, upon such terms as this Court may deem proper.

3. Prior to the disclosure of any confidential document to any person, with the exception of persons referenced in Paragraph 2(a), 2(f) and 2(h) of this Order, such person shall execute an "Agreement to Be Bound by Order Regarding Confidentiality" in the form attached to this Agreement.

2

4.      The parties reserve the right to make applications on motion with notice to this Court for the addition of persons, not specifically delineated in Paragraph 2 of this Agreement, to whom confidential documents may be made available.

**Use Generally.**

5.      All confidential documents, and the information contained therein or derived there from, may be used solely for purposes of this litigation (including appeals and retrials), and may not be used for any other purpose, including without limitation, business, governmental, commercial, or administrative proceedings.

**Use in Depositions.**

6.      A deponent may, during a deposition relating to this litigation, be shown and examined about confidential documents.  A deponent must not retain or copy portions of the transcript of his or her deposition that contain confidential information, except as provided for by paragraph 2 of this Agreement.

7.      Any party may, within 15 days after receiving the transcript of a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages as "confidential."  Until expiration of the 15-day period, the entire deposition transcript will be treated as subject to protection against disclosure under this Order.  If no party timely designates information or testimony included in a deposition transcript as "confidential," then none of the transcript or its exhibits will be treated as confidential.

3

**Use at Trial.**

        8.     This Agreement does not purport to govern the handling of confidential discovery material introduced at trial or in other court proceedings related to this lawsuit. Protection of confidential discovery material in such proceedings is left to the further agreement of the parties and order of the appropriate court.

**Client Consultation.**

        9.     Nothing in this order must prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of confidential documents; provided, however, that in rendering advice and otherwise communicating with clients, counsel must not make specific disclosure of any item so designated except pursuant to the procedures of this Agreement.

**Filing.**

        10.    Confidential documents covered by this Agreement which are used in connection with any motion, hearing, or other proceeding in this litigation shall be filed under seal and submitted to the Court *in camera*.

**Termination of Litigation.**

        11.    Upon the resolution of this litigation, any receiving party shall return to the producing party all confidential documents, or cause such documents to be destroyed. On request, a letter certifying return or destruction shall be delivered by a receiving party to the producing party.

**Modification Permitted.**

        12.    Any party may seek to modify, expand, cancel, or supersede this Agreement by stipulation of the parties or by motion.

**Effect and Operation.**

13.    Designation of any document as "confidential" does not mean for any purpose that the document necessarily contains or reflects trade secrets or non-public proprietary or confidential information or other confidential matters.  Designation of a document as "confidential" cannot serve as either a presumption, inference or evidence that the document contains or reflects trade secrets or non-public proprietary commercial information or other confidential matters.

14.    Nothing in this Agreement shall:

a. operate as an admission by any party that any particular discovery material contains or reflects trade secrets, non-public proprietary or commercial information, or other confidential matters; or

b. prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery; or

c. prejudice in any way the rights of a party to seek from this Court determination of –

i. whether particular discovery material shall be produced; or

ii. if produced, whether such material should be subject to the terms of this Agreement; or

d. prejudice in any way the rights of a party to apply to this Court for a further order relating to any confidential information.

**Responsibility of Attorneys**

15.    All counsel of record in this litigation and all members and employees of their respective firms will take all steps reasonably necessary to comply with this Agreement.

5

**Declassification.**

16.    Any party (or aggrieved entity permitted by this Court to intervene for such purpose) may apply to this Court for a ruling that a document (or category of documents) stamped as confidential is not entitled to such status and protection.  Prior to petitioning the Court, the party challenging the "confidential" designation is required to contact the designating party by telephone to discuss any objection to the designation.  If the parties cannot come to an agreement, after participating in good faith in a telephone or in-person conference, the objecting party shall submit a letter to the Court outlining the dispute and requesting a pre-motion conference in accordance with the Court's Individual Practices.    All documents designated as "confidential" will remain "confidential" under the terms of this Agreement until such time as the Court rules otherwise.  This paragraph is not intended to alter the burden of proof otherwise resting on a party to justify a "confidential" designation.

**Inadvertent Disclosure.**

17.    The inadvertent, unintentional, or *in camera* disclosure of confidential documents shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

18.    If confidential material is disclosed to any person other than in the manner authorized by this Agreement, the party responsible for the disclosure shall immediately, upon learning of such disclosure, inform all other parties, through counsel of record, of all pertinent facts relating to the disclosure and make every reasonable effort to retrieve the confidential material.  In the event that the party responsible for the disclosure not authorized by this Agreement is a receiving party, the producing party will thereafter be

entitled, as a result of the disclosure not authorized by this Agreement, to request that the party responsible for disclosure return, sequester, or destroy the confidential material. The producing party will be entitled to no further or additional relief.

SO ORDERED.

Dated: February 29, 2012

New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

7

## AGREEMENT TO BE BOUND BY ORDER
## REGARDING CONFIDENTIALITY

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated February 29, 2012, in the case of <u>Suquilanda v. Cohen & Slamowitz, LLP</u>, 10 Civ. 5868 (PKC) (GWG), that he/she understands the terms of the Order, and that he/she agrees to be bound by it.

Dated:  _____

Signed:  _____