UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERIKA SUQUILANDA,                                            :

                                                            :
                       Plaintiff,                        10  Civ. 5868 (PKC) (GWG)
                                                            :

    -v.-

                                                            :
COHEN & SLAMOWITZ, LLP et al.,
                                                            :

                     Defendants.                :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/21/12

GABRIEL W. GORENSTEIN, United States Magistrate Judge

      The Court is in receipt of a letter dated March 15, 2012 and two letters dated March 19, 2012, from the parties.

Net Worth

      As to the issue of net worth, the Court does not believe it can or should decide at this point whether there would be a collective or individual determination of net worth for purposes of the calculation set forth in 15 U.S.C. § 1692k(a)(2)(B) in the event a class action were certified.  Accordingly, each defendant shall provide information as to its net worth (or a stipulation that its net worth is over $50 million) to plaintiff.  The parties should work together to determine a format that is not unduly burdensome for defendants to accomplish this.  Obviously, this ruling is without prejudice to the parties' arguments as to the proper interpretation of 15 U.S.C. § 1692k(a)(2)(B).

Discovery on Bad Faith/Purpose

      As to the question of discovery on the topic of the defendants' claim that the action has been brought in bad faith and for the purposes of harassment under 15 U.S.C. § 1692k(a)(3), the Court agrees that the determination of this question should be made after any unfavorable trial verdict or other disposition of the case unfavorable to plaintiff.  This does not answer the question, however, of whether plaintiff is entitled to discovery as to any factual or documentary evidence in defendants' possession on this topic.  If they have such information, there would not seem to be any justification for defendants' not providing it now.

      It is hardly clear from the record presented, however, that defendants actually possess any independent information as to the plaintiff's own "bad faith" or "purpose" in bringing this

suit. Indeed, it would seem highly unlikely that defendants have information on this topic at all — other than what they have learned from plaintiff as part of discovery or through their analysis of that discovery and other filings in this matter

If plaintiff wants to know defendants' <u>contentions</u> as to why they believe she acted in bad faith or for purposes of harassment, then what she is seeking is best understood as a request to serve a contention interrogatory on this topic. Such an interrogatory would be premature prior to the conclusion of discovery, however. Additionally, it is doubtful that such a contention interrogatory would be appropriate at any stage of this case inasmuch as plaintiff will learn defendants' contentions on this topic in full if defendants ever make a fee application based on 15 U.S.C. § 1692k(a)(3). In such a circumstance, plaintiff will be given the opportunity to respond to any such application.

Accordingly, the Court rules as follows: in the event defendants have independent factual information or documents on the topic of plaintiff's alleged bad faith or purpose – that is, information or documents in defendants' possession about plaintiff's own motives that exists independently of what defendants have learned as part of the discovery from plaintiff during the course of this litigation or through their analysis of that discovery and other filings in this matter – the defendants should provide it. If they do not have such information, they should so inform plaintiff. The defendants are not required to take any further action with respect to plaintiff's request at this time.

SO ORDERED.

Dated: March 20, 2012
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge